Jon S. Dawson
Eric Jenkins
Davis Wright Tremaine LLP
701 W. 8th Avenue, Suite 800
Anchorage, Alaska 99501
Telephone: (907) 257-5300
Telefax: (907) 257-5399

Attorneys for HarperCollins Publishers, L.L.C.
and Todd Lewan

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ROBERT DOYLE,<br><br>                    Plaintiff,<br><br>vs.<br><br>HARPER COLLINS PUBLISHERS, INC.<br>and TODD LEWAN,<br><br>                    Defendants. | Case No. A05-300 CV |

MOTION TO DISMISS PLAINTIFF'S CLAIMS FOR PUBLIC DISCLOSURE OF
PRIVATE FACTS, INTRUSION UPON SECLUSION, AND APPROPRIATION OF
NAME OR LIKENESS

Defendants HarperCollins Publishers, L.L.C. and Todd Lewan move pursuant to Fed. R. Civ. P. 12(b)(6) for dismissal of Plaintiff Robert Doyle's ("Doyle") claims for publication of private facts, intrusion upon seclusion, and appropriation of name or likeness, for failure to state a claim upon which relief can be granted.

I. INTRODUCTION

Lewan and HarperCollins are the author and publisher respectively of The Last Run. The Last Run is a true account of the 1998 sinking of the Alaska fishing vessel La Conte and the heroic efforts of the U.S. Coast Guard to rescue its crew. More than simply an account of a maritime tragedy, The Last Run captures the human drama surrounding these events. It chronicles the sometimes troubled lives of the five man crew of the La Conte and the circumstances that prompted these men to attempt to fish a notoriously dangerous patch of ocean in the middle of winter.

Doyle is one of the survivors of the La Conte sinking. For Doyle, the events of that led to the sinking were the culmination of a tumultuous couple of years in which he suffered the breakdown of his marriage, bouts with alcoholism, and his forced retirement from the U.S. Coast Guard. Lacking steady employment, and in dire need of money, Doyle turned to commercial fishing and ultimately landed a job as a deckhand on the La Conte, where he worked with four other crewmen who were wrestling their own demons. In January 1998, that crew took one of the oldest registered fishing vessels in the country to fish the Fairweather Grounds without a lifeboat and other critical safety equipment. The sinking and rescue that followed pitted crew and rescuers alike against overwhelming elements and the limits of the human spirit.

Doyle's complaint in this matter asserts claims for defamation, portrayal in a false light, publication of private facts, intrusion upon seclusion, appropriation of name or likeness, and unjust enrichment. While the Defendants do not believe that any of these

MOTION TO DISMISS - 2
87606V3 3960028-7

claims are valid, Doyle has not even pleaded the basic facts necessary to state a claim under three of these theories:

*First*, Doyle's claim for publication of private facts fails as a matter of law, because Doyle repeatedly alleges—in his defamation claim—that all of the factual assertions in question are false. Doyle cannot, consistent with Fed. R. Civ. P. 11, then turn around and allege that some of the allegedly false facts upon which his defamation claim is based are true but private facts for purposes of the public disclosure tort. Such gamesmanship is not a permissible form of inconsistent pleading, and Doyle therefore fails to state a claim for public disclosure of private facts.

*Second*, Doyle does not state a claim for appropriation of name or likeness, because Doyle does not allege that his name or likeness has any intrinsic value, or that the Defendants attempted to capitalize on some prestige or goodwill associated with Doyle's name to promote <u>The Last Run</u>. If the mere use of a person's name or likeness in a book about actual events were sufficient to state a claim for appropriation, then the law would bar the publication of biographies and histories. Fortunately, the law is otherwise, and Doyle therefore fails to state a claim for appropriation.

*Third*, Doyle does not state a claim for intrusion upon seclusion because he has not alleged any intrusion within the scope of the tort. Doyle contends that the Defendants published objectionable material about him in <u>The Last Run</u>, and that Lewan promised not to use any personal information that Doyle provided to him. The tort of intrusion upon seclusion does not guard against publication of objectionable information, but rather

MOTION TO DISMISS - 3
87606V3 3960028-7

requires the use of improper means to penetrate a zone of physical or mental seclusion around the plaintiff, as for instance by tapping the plaintiff's phone or peeping through windows. No such conduct is alleged by Doyle, and Doyle's claim fails as a result.

## BACKGROUND

The Last Run is more than the story of the sinking of the La Conte and the dramatic Coast Guard rescue that followed. It is also—and perhaps more importantly—an exploration into "how five 'end of the roaders' from different parts of the United States had come together in Alaska to fish one of the world's most treacherous patches of ocean in the dead of winter." See Book Jacket of The Last Run filed herewith as Exhibit A. Thus, The Last Run is not merely about the physical events that led to the sinking: it is as much or more about the personalities and psychological events that drove Doyle and the rest of the crew to be who they were, and to do what they did. It is a story, too, about redemption. Although Doyle complains that he is portrayed in a negative light, the book shows that Doyle found within himself the heroic strength—both emotional and physical—to hold the La Conte survivors together while they awaited rescue in raging seas.

Doyle claims that the The Last Run makes him out to be a "bum" and a "misfit." Complaint at paras. 29, 31. Among other things, Doyle claims that the book makes false statements of fact regarding his abuse of alcohol, the breakdown of his marriage, his job performance with the U.S. Coast Guard, and the difficulties he experienced following his retirement from the service. Id. at paras. 24-56. Doyle contends that these objectionable

MOTION TO DISMISS - 4
87606V3 3960028-7

statements "are and/or were false, defamatory and misleading at all relevant times." Id. at para. 58.

Although Doyle contends that all of the factual allegations with which he takes issue are false for purposes of his defamation claim, he then states that some of these false facts are true for purposes of his claim for public disclosure of private facts:

> <u>As an alternative allegation regarding the accuracy and truthfulness of the statements, inferences and representations made by Defendants to the public in *The Last Run* regarding Plaintiff, as stated in paragraphs 24 through 56 and paragraph 118 above, some of such statements, inferences or representations made to the public by Defendants are or were true though private facts</u> regarding plaintiff's use of alcohol; the difficulties Plaintiff experienced with the Coast Guard and his superior officer; the facts regarding the infidelity and other sexual activities of Plaintiff's former wife; Plaintiff's mental condition, stress and his mental and emotional difficulties and problems; his financial problems; his employment problems; and other subjects of a personal private, humiliating, embarrassing and degrading nature regarding Plaintiff contained in *The Last Run*.

Complaint at para. 18 (emphasis added). Doyle does not identify any private facts disclosed in The Last Run that he acknowledges to be true. He merely states that some of the facts that he contends to be false and defamatory "are true though private facts." Id.

Count IV of Doyle's Complaint asserts a claim for invasion of privacy by appropriation and use of Doyle's name and likeness. Doyle contends in support of his appropriation claim that Lewan obtained a photograph and certain private information from Doyle based on a promise that such information would not be included in The Last Run. Doyle asserts that, in violation of this promise, Lewan proceeded to include

MOTION TO DISMISS - 5
87606V3  3960028-7

Doyle's name, picture, and information about him in the book. Complaint at paras. 142-48. Doyle does not contend that his name or picture has any intrinsic commercial or other value, let alone that the Defendants attempted to capitalize upon any prestige or goodwill associated with Doyle's name to promote The Last Run.

Count V of Doyle's Complaint asserts a claim for invasion of privacy by intrusion upon his physical and mental solitude and seclusion, but relies upon essentially the same facts as are alleged in support of Doyle's appropriation claim. Complaint at para. 150. Doyle alleges that he voluntarily provided Lewan with various personal information and photographs during the course of a series of interviews with Lewan. Doyle claims he did so, however, after Lewan promised not to use the information or photographs in The Last Run. Complaint at para. 151. Doyle asserts that Lewan broke this promise by including Doyle's photograph, and information about Doyle, in the book. Id. at paras. 151-53.

## ARGUMENT

Doyle does not identify any private true facts about him that were published in The Last Run; he does not allege that his name has intrinsic value or that the Defendants attempted to trade off any prestige or goodwill associated with his name; and he does not allege any intrusion upon his physical or mental solitude within the scope of the tort of intrusion upon seclusion. Accordingly, Doyle has not pleaded facts that state a claim for public disclosure of private facts, appropriation of name or likeness, or intrusion upon seclusion, and those claims should therefore be dismissed.

A. <u>A Complaint Must Allege Sufficient Facts Under a Cognizable Legal Theory to Show that the Plaintiff is Entitled to Relief.</u>

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint is subject to dismissal under Fed. R. Civ. P. 12(b)(6) if the facts alleged in the complaint, taken as true, would not entitle the plaintiff to any relief, either because the pleadings lack "a cognizable legal theory" or because they do not contain "sufficient facts alleged under a cognizable legal theory." <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990). In this regard, the Ninth Circuit has made clear that "[c]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." <u>In re Verifone Securities Litigation</u>, 11 F.3d 865, 868 (9th Cir. 1993) (citation omitted).

B. <u>Doyle Does Not Identify any Embarrassing Private Facts About Him That Were Disclosed in The Last Run.</u>

Count III of Doyle's Second Amended Complaint seeks to assert a claim for public disclosure of intimate private facts. This claim fails because Doyle has not identified any intimate private <u>truths</u> about him that were disclosed in <u>The Last Run</u>.

Courts have repeatedly recognized that "an essential element of the tort of public disclosure of private facts is that the facts at issue be true." <u>Tyne v. Time Warner Entertainment Co.</u>, 204 F.Supp.2d 1338, 1344 (M.D. Fla. 2002). The Ninth Circuit Court of Appeals reached the same conclusion in <u>Leidholdt v. L.F.P., Inc.</u>, 860 F.2d 890, 895 (9th Cir. 1988):

MOTION TO DISMISS - 7
87606V3 3960028-7

> Leidholdt argues that Hustler's article, by saying she is "sexually repressed," that she thinks sex is "humiliating and painful," and that she hates men, hates sex, and hates herself, placed private matters before the public in a very offensive way. This fails, however, to state a claim for public disclosure of private facts <u>because an essential element of that tort is that the facts at issue be true</u>. Sipple, 201 Cal.Rptr. at 668; Restatement (Second) of Torts, Special Note to § 652D. Leidholdt has not argued that Hustler revealed any embarrassing private *truths* about her.

<u>Id</u>. (emphasis added). <u>See</u> also Restatement Second of Torts, Special Note to § 652 D ("[t]his Section provides for tort liability involving a judgment for damages for publicity given to true statements of fact").

Although Doyle seeks to assert a claim for publication of private intimate truths, Doyle alleges that each and every one of the statements in <u>The Last Run</u> with which he takes issue is <u>false</u>. <u>See</u> Complaint at para. 58 ("[t]he portrayals, references, inferences and representations by Defendants set forth in paragraph 25 through and including 56 are and/or were false, defamatory and misleading at all relevant times"). However, for purposes of his public disclosure tort, Doyle contends that "some" of these very same facts are true:

> As an alternative allegation regarding the accuracy and truthfulness of the statements, inferences and representations made by Defendants to the public in *The Last Run* regarding Plaintiff, as stated in paragraphs 24 through 56 and paragraph 118 above, some of such statements, inferences or representations made to the public by Defendants are or were true though private facts . . .

Complaint at para. 118. Doyle does not identify any specific true facts, other than to state that they concern "Plaintiff's use of alcohol; the difficulties Plaintiff experienced with the

MOTION TO DISMISS  - 8 -
87606V3 3960028-7

Coast Guard and his superior officer; the facts regarding the infidelity and other sexual activities of Plaintiff's former wife; Plaintiff's mental condition, stress and his mental and emotion difficulties and problems; his financial problems, [and] his employment problems." Id.

While Fed. R. Civ. P. 8(e)(2) permits a party to plead in the alternative, it qualifies this right by stating that "all statements shall be made subject to the obligations set forth in Rule 11." Consequently, "a pleader may assert contradictory statements of fact only when legitimately in doubt about the facts in question." American Intern. Adjustment Co. v. Galvin, 86 F.3d 1455, 1461 (7th Cir. 1996). See also Gr. Lakes Higher Educ. v. Austin Bank, 837 F.Supp. 892, 894-95 (N.D.Ill. 1993) (same).

Doyle cannot claim that he is legitimately in doubt as to any of the facts that he asserts to be false in paragraphs 24-56 of his Complaint. For instance, Doyle certainly knows if he pays his debts; or spent money in a brothel; or skipped work to follow his wife around town; or "nicked" beer and cigarettes while he was a Coast Guard supply officer; or struggled with alcoholism. Indeed, Doyle affirmatively and repeatedly insists that the statements at issue are false. See Complaint at paras. 58 through 80. Neither the Civil Rules nor common sense permit Doyle to bring an action for publication of true private facts based on facts that he vehemently contends in the very same Complaint to be false. Doyle's public disclosure claim should therefore be dismissed.

Alternatively, if the Court declines to dismiss Doyle's public disclosure claim, then his defamation claim must be dismissed, because a claim for defamation cannot be

MOTION TO DISMISS - 9
87606V3 3960028-7

based on the publication of true facts. Briggs v. Newton, 984 P.2d 1113, 1120 (Alaska 1999). Doyle's attempt to hedge his bets by claiming that the same facts are both true and false is not a permissible form of pleading and does not permit him to state claims for two mutually exclusive torts.

C.  The Defendants Have Not Wrongfully Appropriated Doyle's Name or Likeness.

Count IV of Doyle's Complaint asserts that the Defendants wrongfully appropriated Doyle's name and likeness by using his name the events of his life in The Last Run without Doyle's permission. This claim fails because Doyle does not allege that his name has any intrinsic value within the meaning of the appropriation tort, let alone that the Defendants sought to take advantage of any goodwill or prestige associated with Doyle's name to imply an endorsement of The Last Run. On the contrary, Doyle contends that the book portrays him in the most unflattering terms.

Courts considering claims for wrongful appropriation have repeatedly recognized that the tort of wrongful appropriation "does not protect one's name per se; rather, it protects the value associated with that name." Matthews v. Wozencraft, 15 F.3d 432, 437 (5th Cir. 1994).

> No one has the right to object merely because his name or his appearance is brought before the public, since neither is in any way a private matter and both are open to public observation. It is only when the publicity is given for the purpose of appropriating to the defendant's benefit the commercial or other values associated with the name or the likeness that the right of privacy is invaded. The fact that the defendant is engaged in the business of publication, for example of a newspaper, out of which he makes or seeks to

MOTION TO DISMISS                                        - 10 -
87606V3 3960028-7

> make a profit is not enough to make the incidental publication a commercial use of the name or likeness. Thus a newspaper, although it is not a philanthropic institution, does not become liable under the rule stated in this Section to every person whose name or likeness it publishes.

Restatement (Second) of Torts § 652C, cmt. d. Thus, the plaintiff's complaint "must allege that the plaintiffs' names or likenesses have some intrinsic value that was used or appropriated for the defendants' benefit." Cox v. Hatch, 761 P.2d 556, 564 (Utah 1988).

A person's life story, "while interesting to readers and film-goers, is not a name or likeness for purposes of applying the misappropriation doctrine." Id. at 437. The value sought to be protected by the appropriation tort is much narrower:

> Associating one's goodwill with a product transmits valuable information to consumers. Without the artificial scarcity created by the protection of one's likeness, that likeness would be exploited commercially until the marginal value of its use is zero. For instance, if a well-known public figure's picture could be used freely to endorse commercial products, the value of his likeness would disappear. Creating artificial scarcity preserves the value to him, to advertisers who contract for the use of his likeness, and in the end, to consumers who receive information from the knowledge that he is being paid to endorse the product . . . the tort of misappropriation of name or likeness, therefore, creates property rights only where the failure to do so would result in the excessive exploitation of its value.

Matthews, 15 F.3d at 437-38. Unlike "the goodwill associated with one's name or likeness, the facts of an individual's life possess no intrinsic value that will deteriorate with repeated use." Id. at 438. Indeed, even a "celebrity's right of publicity does not preclude others from incorporating a person's name, features, or biography in a literary work, motion picture, news or entertainment story." Id. at 439. See also Hoffman v.

MOTION TO DISMISS — 11
87606V3 3960028-7

Capital Cities/ABC, Inc., 255 F.3d 1180 (9th Cir. 2001) (no violation of right of publicity where depiction of plaintiff did more than simply propose a commercial transaction); Tyne, 204 F.Supp.2d at 1341-42 (no cause of action for appropriation because plaintiff's names and likenesses were not used "to directly promote" movie The Perfect Storm);

Doyle does not allege that his name has any intrinsic value of the type protected by the appropriation tort, or that the Defendants attempted to capitalize on some prestige or other value in Doyle's name to promote The Last Run. On the contrary, Doyle claims that the book portrays him as a "bum" and "misfit." Complaint at paras. 6, 29-31. Furthermore, even if Doyle were a celebrity whose name had intrinsic value, the use of his name and likeness in The Last Run would not state a claim for appropriation, because the appropriation tort does not preclude the use of a person's name, features, or biography in a literary work. Mathews, 15 F.3d at 439. Accordingly, Doyle has not stated a claim for appropriation of name or likeness.

D.    <u>Doyle Cannot State a Claim for Intrusion Upon his Seclusion.</u>

Doyle also alleges that Lewan intruded upon Doyle's mental solitude and seclusion by publishing information obtained from interviews with Doyle. Doyle contends that Lewan promised that any information Doyle provided would not be used in The Last Run, and then broke that promise by including personal information about Doyle in the book. Complaint at paras. 151-53   The facts alleged by Doyle do not state a claim for intrusion upon seclusion because the wrongful conduct alleged by Doyle relates

to the disclosure or publication of information, not the use of intrusive means to acquire the information in the first instance.

The Alaska Supreme Court recognized the tort of intrusion upon seclusion in <u>Leudtke v. Nabors Alaska Drilling, Inc.</u>, and held that:

> One who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person.

768 P.2d 1123, 1133 (Alaska 1989) (quoting Restatement (Second) of Torts § 652B). As examples of such intrusions, the Restatement lists: tapping plaintiff's telephone wires, opening personal mail, or use of defendant's senses to oversee or overhear plaintiff's private affairs. Restatement (Second) of Torts § 652B cmt.b. The act of publication is not such an intrusion: "<u>plaintiff fails to state a claim for invaded seclusion if the harm flows from publication rather than the intrusion.</u>" <u>Thomas v. Pearl</u>, 998 F.2d 447, 452 (7th Cir. 1993), <u>cert. denied</u>, 510 U.S. 1043 (1994) (emphasis added).

Doyle contends, however, that the Defendants did not simply publish information about him, but did so in violation of a promise to keep such information secret. Even if Lewan had made such a promise – which he did not – Doyle still would not state a claim for intrusion upon seclusion. <u>In re Trans Union Corp. Privacy Litigation</u>, 326 F.Supp.2d 893 (N.D.Ill. 2004). In <u>Trans Union Corp.</u>, the court was faced with a situation in which a credit reporting agency released personal information in violation of trust obligations

MOTION TO DISMISS - 13
87606V3  3960028-7

allegedly owed to its clients. Rejecting any contention that this could give rise to a claim for intrusion upon seclusion, the Court stated:

> Plaintiffs argue that Trans Union holds plaintiff's private and detailed financial information in trust, and is prohibited from using it for target marketing purposes. Trans Union is correct, however, that this amounts to a claim that Trans Union lawfully accessed information from its files, but then wrongfully distributed the information to third parties. Although this might possibly support a claim for improper disclosure, Trans Union is correct that it does not support a claim for unauthorized intrusion.

Id. at 902. For the tort of intrusion upon seclusion, it is the intrusion that creates liability, not the publication or other wrongful use of the information obtained. Id; Thomas, 998 F.2d at 452. Thus, even if Lewan had violated a promise made to Doyle regarding the use of information Doyle provided – which Lewan did not – Doyle would not have a claim for intrusion upon seclusion. Id.

Doyle does not contend that Lewan opened private and personal mail, tapped Doyle's telephone wires, or used some sort of a device to oversee or overhear Doyle's private affairs. Rather, Doyle admits that any information Lewan acquired for use in The Last Run was freely provided by Doyle during the course of their interviews. Complaint at paras. 151-52. Because Doyle has alleged no acts of intrusion within the meaning of the tort, he does not state a claim for intrusion upon seclusion. Thomas, 998 F.2d at 452; Trans Union Corp, 326 F.Supp.2d at 901; Leudtke, 768 P.2d at 1133.

MOTION TO DISMISS - 14
87606V3 3960028-7

## CONCLUSION

Doyle does not identify any private true facts that were disclosed in The Last Run; he does not allege any intrusion within the scope of the tort of intrusion upon seclusion; and Doyle's name does not have any intrinsic value that was appropriated by the Defendants. Doyle's claims for publication of private facts, intrusion upon seclusion, and appropriation of name or likeness therefore fail as a matter of law. For the foregoing reasons, the Defendants' motion to dismiss should be granted.

DATED this 1st day of March, 2006.

DAVIS WRIGHT TREMAINE LLP
Attorneys for Defendants HarperCollins Publishers, L.L.C. and Todd Lewan

By:     /s/ Jon S. Dawson         .
        Jon S. Dawson
        Email Address: jondawson@dwt.com

By:     /s/ Eric Jenkins          .
        Eric Jenkins
        Email Address: ericjenkins@dwt.com

Certificate of Service:

I certify that on March 1, 2006, a true
and correct copy of the foregoing Motion to Dismiss was
served electronically on:

Michael Hough
3733 Ben Walters Lane #2
Homer, Alaska 99603

    /s/ Joyce Sheppard         .
    Joyce Sheppard

MOTION TO DISMISS - 15
87606V3  3960028-7