**C. MICHAEL HOUGH**
Attorney at Law
3733 Ben Walters Lane, #2
Homer, Alaska 99603
Telephone: (907) 235-8184
Fax: (907) 235-2420
Attorney for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE STATE OF ALASKA

| | |
|---|---|
| ROBERT DOYLE,<br><br>                                          Plaintiff,<br><br><br><br>vs.<br><br>HARPERCOLLINS PUBLISHERS, INC. and<br>TODD LEWAN,<br>                                          Defendants. | PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S CLAIMS FOR PUBLIC DISCLOSURE OF PRIVATE FACTS, INTRUSION UPON SECLUSION, AND APPROPRIATION OF NAME AND LIKENESS<br><br><br>Case No.:  3:05 – cv – 300 |

        Plaintiff responds to Defendants' Motion to Dismiss Plaintiff's Claims for Public

Disclosure of Private Facts, Intrusion Upon Seclusion, and Appropriation of Name and Likeness

(Docket #8).  Defendants' Motion to Dismiss (Docket #8) addresses three of the four invasion of

privacy claims made by Plaintiff (Docket #1).

        While the pleadings by Plaintiff Doyle and Defendants are in many respects similar to

those found in the <u>Phillip Wiley</u> case, Case 3:05-cv-00118 (TMB), the basis of the claims and

factual circumstances are significantly different.  Defendants have not even filed an answer, so it

is impossible to know what factual allegations Defendants admit and which are in dispute.

Plaintiff alleges that Plaintiff disclosed private but true highly embarrassing information directly

C. MICHAEL HOUGH
Attorney at Law
3733 Ben Walters Lane, Ste 2
Homer, Alaska 99603
Tel: (907) 235-8184
Fax: (907) 235-2420

to Defendant Lewan as background information with promises and guarantees by Defendant

Lewan the Defendants would not disclose to the public that private information or use Doyle's

photograph without the permission of Plaintiff, which Plaintiff did not give Defendants.  (Docket

#1).  There are additional factual circumstances regarding the methods used by Defendant to

obtain information regarding Doyle and promises made by Defendant Lewan on behalf of

Defendants regarding the use of Plaintiff's name and likeness, including use of photographs of

Plaintiff in *The Last Run*.

### 1.  Standard of Review

It is helpful to start the consideration of whether Plaintiff has stated a cause of action upon

which relief may be granted, regarding the three invasion of privacy claims, by reference to the

applicable standard of review.

A Rule 12(b)(6) motion to dismiss such as the one before this court tests the legal

sufficiency of the claims stated in a complaint.  If the bare essential elements of each claim are

alleged, the inquires ends and the motion is denied.  In ruling on a motion to dismiss, the court

must accept as true all of the allegations made by Doyle of material fact as stated in his Complaint.

The court must construe all of the allegations made by Doyle in the light most favorable to the

non-moving party, Doyle.  Western Reserve Oil & Gas Company v. New, 765 F.2d 1428, 1430

(9th Cir. 1985).   All of the allegations made by Mr. Doyle in those claims contained in his

Complaint are therefore considered true for purposes of Defendants' motion.  Cleghorn v. Blue

Shield of California, 408 F.3d 1222, 34 Employee Benefits Cas. 2898, 05 Cal. Daily Op. Serv.

4305, 2005 Daily Journal D.A.R. 5885 (9th Cir.(Cal.), May 23, 2005)(NO. 03-55528).

> A Rule 12(b)(6) motion to dismiss must not be granted unless it appears beyond
> doubt that the plaintiff can prove no set of facts in support of his claim which
> would entitle him to relief.  Decker v. Advantage Fund, Ltd., 362 F.3d 593, 595-

C. MICHAEL HOUGH
Attorney at Law
3733 Ben Walters Lane, Ste 2
Homer, Alaska 99603
Tel: (907) 235-8184
Fax: (907) 235-2420

96 (9th Cir.2004); No. 84 Employer-Teamster Joint Council Pension Trust Fund v. America West Holding Corp. et al., 320 F.3d 920 (9th Cir.2003); Williamson v. General Dynamics Corp., 208 F.3d 1144, 1149 (9th Cir. 2000).

and

… could not be saved by amendments.  Vess v. Ciba-Geigy Corp. 317 F.3d 1097, 1108 (9th Cir. 2003) (stating that dismissals under Rule 12(b)(6) and Rule 9(b) "should ordinarily be without prejudice").

Dismissal of a claim without leave to amend is improper unless it is clear that the claim could  not be saved by any amendment.  Livid Holdings Ltd v Salomon Smith Barney, Inc. 403 F.3d 1050 C.A.9 (Wash.) 2005.

In Alaska state courts, for a cause of action to survive a motion to dismiss for failure to state a claim upon which relief may be granted, the claim need only allege a set of facts regarding that claim consistent with and appropriate to an enforceable cause of action.  A cause of action should be deemed sufficient, and a motion to dismiss for failure to state a claim upon which relief may be granted denied, if evidence may be introduced that will sustain a grant of relief to the plaintiff on that claim.  Carlson v. Renkes, 2005 WL 1316923 (Alaska 2005); McGrew v. State of Alaska, Department of Health and Social Services, 2005 WL 273124 (Alaska 2005).  Because claims should be liberally construed, motions to dismiss are viewed with disfavor and should rarely be granted.  Odom v. Fairbanks Memorial Hospital, P.2d 123 (Alaska 2000); Guerrero v. Alaska Housing Finance Corp., 6 P.3d 250 (Alaska 2000).  Alaska Rules Civil Procedure 8(a), 12(b)(6).

## 2.  Introductory Comments

The court and Defendants' counsel will likely see this opposition as significant over-kill since all of the allegations Plaintiff made in the three invasion of privacy claims which are the subject of Defendants' motion to dismiss are admitted for purposes of Defendants' motion , and

C. MICHAEL HOUGH
Attorney at Law
3733 Ben Walters Lane, Ste 2
Homer, Alaska 99603
Tel: (907) 235-8184
Fax: (907) 235-2420

because the three subject causes of action in question are well-pled, thorough, and, if anything, overly pled.  The relevant test is whether Plaintiff has alleged the bare bones of the essential elements for each of the three claims in question.  Motions such as Defendants' present motion are also rarely granted and if they are, a plaintiff is normally allowed an opportunity to further amend the complaint to address any defect in pleading, such as failure to allege an essential element.  It does not really matter what facts or allegations by Doyle are that Defendants agree are true or not true, since every allegation made by Plaintiff in the three claims is considered admitted as true by Defendants for purposes of their motion.

As discovery continues and depositions are taken, it can then be established whether Defendants intentionally or recklessly made or constructed false statements and dialog about Doyle for purposes of making their book more marketable; who made those false statements and who constructed false dialog about Doyle, and whether Defendants failed to show the slightest concern for the privacy of Doyle; and the circumstances regarding Defendants disclosure to the public of truthful facts of highly private, and embarrassing personal information.  It was not inconsistent for Doyle to complain that some of the statements contained in *The Last Run* are believed by him and others to be false, while other statements are true, and other false statements do disclose to many of the readers, those who know Doyle, private and embarrassing true facts, and that a jury may find some statements are true which are highly personal and embarrassing. Defendants want to show their statements are true, but do not want to have a jury consider their liability for making the statements if the facts are found as true by a jury and are highly embarrassing personal information that meets the elements of wrongful disclosure to the public of private information, hence their present motion.  As discussed later, there are some actionable statements in *The Last Run* that Doyle does agree are true.

C. MICHAEL HOUGH
**Attorney at Law**
3733 Ben Walters Lane, Ste 2
Homer, Alaska 99603
Tel: (907) 235-8184
Fax: (907) 235-2420

PLAINTIFF'S OPPOSITION TO DEFENDANT'S                    Page 4 of 34
MOTION TO DISMISS
Doyle v. HarperCollins et al.:3:05 – cv- 00300

The claims in this case, like almost all cases, started with a few specific allegations and many general allegations. Investigation and discovery will make it possible to bring more specificity to the allegations as the case progresses. At this stage, though, the inquiry for purposes of Defendants' motion to dismiss three of the four invasion of privacy claims by Doyle is simply whether the allegations by Doyle are sufficient to state a cause of action upon which relief may be granted as to each of the three claims, whether the barest essential elements of each claim have been alleged, not whether they are true. If the essential allegations are made, the inquiry should end.

### 3. Defendants' Statements of Accuracy and Falsity of Such Representations

Defendants make the following representations to the public and readers of their publication of *The Last Run*, regarding their own statements (as opposed to dialog attributed to others), as well as the dialog or statements by persons in *The Last Run* which Plaintiff's causes of action do not involve the events of the sinking of the La Conte or the rescue of its crew, including the rescue of Doyle by the United States Coast Guard. Those are events of public interest and concern. Plaintiff's complaint addresses the non-public facts and circumstances regarding Doyle as reported by Defendants in *The Last Run*.

> This is a work of nonfiction – unlike a novel, none of the characters, situations and places described in this book is imaginary. Dialogue was reconstructed as carefully and completely as possible, using official reports, court papers, personal letters, diaries and audiotapes, and by cross-checking the recollections of people who took part in the conversations.
>
> For clarity, consistency and tempo, a number of less significant places, people, observations and impressions have been left out. However, the author has attempted to write an absolutely true book; nothing beyond what was verifiable and documentable has been added. *The Last Run*, author's Note, pages xi.

C. MICHAEL HOUGH
Attorney at Law
3733 Ben Walters Lane, Ste 2
Homer, Alaska 99603
Tel: (907) 235-8184
Fax: (907) 235-2420

Despite the author's stated credentials as an Associated Press correspondent, and despite the statements by Defendants that *The Last Run* is a work of nonfiction, "an absolutely true book [wherein] nothing beyond what was verifiable and documentable has been added," Defendant publisher HarperCollins and Defendant Todd Lewan actually presented a work of creative nonfiction, a popular and trendy genre that embellishes true stories with invented scenes, created dialogue, refined wordplay, innovative descriptions and other techniques usually employed by fiction writers, all in an effort to increase the marketability of the book by enhancing the storyline.

Creative Nonfiction, also known by such other names such as narrative nonfiction; literary journalism; new journalism; the literature of reality; the art of truth; gonzo journalism; and neo-gonzo journalism, is the latest name for fact-based writing such as *The Last Run* that is the union of storytelling and journalism.  It combines reportage with narrative telling, fictional and poetic techniques, and portraiture and self-refection.

Objective reporting and true nonfiction are bound by the rigors of fact; they create an expectation of accuracy, objectivity, clarity and simplicity.  Creative Nonfiction allows a writer such as Lewan to employ the diligence of the associated press reporter he is, the shifting voices and viewpoints of novelist in *The Last Run*, Lewan's first published book, and the analytical modes of the essayist.

Despite the author's claim that *The Last Run is "an absolutely true book"* and that "dialogue was reconstructed as carefully and completely as possible using official reports, court papers, personal letters, diaries and audiotapes, and by cross-checking the recollections of people who took part in the conversations," Defendant publisher HarperCollins and Defendant author Todd Lewan actually ascribed dialogue to key characters that differs diametrically from the recalled memories of those characters according to recorded interviews conducted post-publication

C. MICHAEL HOUGH
Attorney at Law
3733 Ben Walters Lane, Ste 2
Homer, Alaska 99603
Tel: (907) 235-8184
Fax: (907) 235-2420

by Plaintiff's investigator and made statements regarding Plaintiff which were either creative or disclosed private facts without permission.

Defendants were actually quite inventive in *The Last Run* using tidbits of factual information to spice up the story of the sinking of the La Conte and rescue of its crew, make it more interesting, not just another "unsafe boat sinks while fishing in Alaska, crew dies, other crew rescued" book, make it like *The Perfect Storm*, which had been published only six months after the LaConte sank, perhaps even as marketable, though not factually accurate, as the non-fiction book by Lewan's competitor for the La Conte story, Spike Walker, on the same subject, with essentially the same information from the same sources, particularly Doyle and DeCapua, *Coming Back Alive*, published in 2002.

The basic storyline of "*The Last Run*, a True Story of Rescue and Redemption on the Alaska Seas" as advertised by Defendants, was unquestionably false from the start and is an excellent example of the skills of Defendant Lewan as a creative storyteller, though it reflects horribly on Defendants' representations of accuracy and truthfulness.

> (Defendants) Book Description
>
> It was the **catch of a lifetime** … the young skipper, a father-to-be, was convinced fish could be found on the shoals, and his instincts were right:  **they hit the mother lode**.  For eighteen hours their lines had a fish on every hook: yellow eye, lingcod, calico, halibut, even the occasional sand shark; it was an **incredible haul**, one that would bring **huge profits – and respect** – back in port.
>
> … But in the cruelest of ironies, the additional burden of its **magnificent catch** sank the ship, and set the five men – Bob Doyle, Mike DeCapua, Gig Mork, David Hanlon, and Mark Morley – afloat in frigid seventy-foot seas.  Their radio beacon was sending distress signals to the Coast Guard, but the chances of rescue under such conditions seemed remote … .
>
> Lewan became obsessed with learning what had become of the other crewmen; with understanding how five "end of the roaders" from different parts of the United States had come together in Alaska to fish one of the world's most treacherous

C. MICHAEL HOUGH
**Attorney at Law**
3733 Ben Walters Lane, Ste 2
Homer, Alaska 99603
Tel: (907) 235-8184
Fax: (907) 235-2420

PLAINTIFF'S OPPOSITION TO DEFENDANT'S                                       Page 7 of 34
MOTION TO DISMISS
Doyle v. HarperCollins et al.:3:05 – cv- 00300

patches of ocean in the dead of winter; and with conveying the way in which that "**dream catch**" represented an opportunity for each of the men to **significantly alter his life** … . (Book Jacket of *The Last Run*).

There was no possibility of a "catch of a lifetime"; the La Conte crew did not "hit the mother load"; and it was not an "incredible haul, one that would bring huge profits – and respect – back in port." Defendants knew so because the surviving crew including Doyle told them so, as shown by interviews Lewan conducted of Doyle and DeCapua, as well as common sense, or talking to almost anyone familiar with commercial fishing, all of which indicated that the crew of the La Conte would barely break even on the trips referred to by Defendants in *The Last Run* and at most the crew would get a crew share of $300.00, if they filled, or "plugged," the La Conte with fish, any kind of fish it was legal for them to catch on the trip. As DeCapua explained to Lewan, there were 7 totes with ice for their catch; a tote holds no more than 1,000 pounds; the highest value fish the LaConte could catch and sell was no more than $2.00 a pound (halibut was illegal for them to retain). After food, fuel and bait, the crew would get very little, and that is if capacity was filled. (Exhibit B). The truth, as Defendants knew from their interview with DeCapua and Doyle, (Exhibit C), was that the crew wanted a steady job later in the year on the La Conte for tendering crab and salmon, for which they might be really lucky and actually get a steady, princely sum of $100.00 day. (Exhibit B, C). The truth regarding fishing lacks the "sexiness" of a "catch of a lifetime", an "incredible haul", a "chance to get rich". Defendants then needed to demonize, belittle, and humiliate Doyle by disclosing highly personal and embarrassing private facts in order to make Doyle one of the "end-of-the-road losers" out for "one last run", "one last chance at redemption" of his defects and demons, "to get respect back in port". (Exhibit B).

C. MICHAEL HOUGH
Attorney at Law
3733 Ben Walters Lane, Ste 2
Homer, Alaska 99603
Tel: (907) 235-8184
Fax: (907) 235-2420

PLAINTIFF'S OPPOSITION TO DEFENDANT'S                    Page 8 of 34
MOTION TO DISMISS
Doyle v. HarperCollins et al.:3:05 – cv- 00300

### 4. Comparison to Spike Walker

Defendant publisher HarperCollins and Defendant author Todd Lewan demonstrated extreme departure from the standards of reporting adhered to by another publisher's and author's recounting of essentially the same event.

In *Coming Back Alive: The True Story of the Most Harrowing Search and Rescue Mission Every Attempted on Alaska's High Seas*, publisher St. Martin's Griffin and author Spike Walker wrote what they called a "true account of the La Conte's final voyage and the relationship between Alaskan fishermen and the search and rescue crews who risk[ed] their lives to save them." According to the blurb on the cover, the book was 'meticulously researched through hundreds of hours or taped interviews with the survivors'. Similarly, Defendant publisher HarperCollins and Defendant author Todd Lewan reported that their book, *The Last Run: A True Story of Rescue and Redemption on the Alaska Seas* took four years for researching and writing, and that official reports, court papers, personal letters, diaries and audiotapes were the sources for the facts reported. (Exhibit 1).

Spike Walker used essentially the same interviews and research materials as did Defendants. Spike Walker's book on the same subject, using essentially the same interviews and presumably the same research materials, did not disclose to the public private but true highly personal, embarrassing and humiliating background information regarding Doyle, nor did he use deception, misrepresentations, fraudulent or reckless statements to get Doyle to disclose private embarrassing facts about himself and his family.

### 5. Statements in *The Last Run* Regarding Doyle and Allegations by Doyle

Defendants represent to the public and readers in general that *The Last Run* is a thoroughly documented, well-researched, absolutely true non-fiction book, about the crew of the La Conte,

C. MICHAEL HOUGH
Attorney at Law
3733 Ben Walters Lane, Ste 2
Homer, Alaska 99603
Tel: (907) 235-8184
Fax: (907) 235-2420

describing Doyle and other crew as "end of the roaders; misfits; unsavory, troubled men; and alcoholics seeking redemption from their lives and a chance to remake their lives," (paragraph 24 in Doyle's complaint) by foolishly risking their likes for "the catch of a lifetime," causing Doyle and others to risk one last run to extremely dangerous fishing grounds in order for Plaintiff and the others on the La Conte to 'hit the motherload,' make an incredible haul, one that would bring huge profits and respect to them back in port."  (Exhibit 1)

In his complaint, Doyle alleges that (paragraph 28) Defendants portrayed Plaintiff in *The Last Run*, such as at page 29 of *The Last Run* and otherwise, as a man who drinks alcohol inappropriately in public, such as drinking warm beer alone from the town's (Sitka, Alaska) bridge.  (Page 29 as an example); (paragraph 29) as a misfit in society.  (Page 29 as an example); (paragraph 30) as someone who "scuttles about the decks like a roach looking for broken pots to fix".  (Page 31 as an example); (paragraph 31) as a man who is a bum.  (Page 29 as an example); (paragraph 32) as a man who gazes like a human vegetable, such as by aimlessly and obsessively reading the same monument inscriptions repeatedly, and otherwise mentally and emotionally disturbed.  (Page 29 as an example); (paragraph 33) as a man who is almost unemployable.  (Pages 29, 30 an examples); (paragraph 34) as a man to whom drinking alcohol was much more important than his religion and that Plaintiff never did think much of religion anyway.  (Page 34 as an example); (paragraph 35) as a man who did not really "retire" from the Coast Guard.  (Page 34 as an example); (paragraph 36) as a man who does not pay his debts even though Plaintiff agrees to pay such obligations. (Exhibit 1).

Defendants portrayed Plaintiff in *The Last Run*, such as at page 32 of *The Last Run*, as a man that the Coast Guard would not provide a job recommendation, "even if he applied for a ticket taker's job at the circus".  (Page 32 as an example); (paragraph 38) as a man who needs to

C. MICHAEL HOUGH
Attorney at Law
3733 Ben Walters Lane, Ste 2
Homer, Alaska 99603
Tel: (907) 235-8184
Fax: (907) 235-2420

PLAINTIFF'S OPPOSITION TO DEFENDANT'S                Page 10 of 34
MOTION TO DISMISS
Doyle v. HarperCollins et al.:3:05 – cv- 00300

start caring about himself.  (Page 32 as an example); (paragraph 39) as someone who "needs some courage".  Pages 31, 32, 34, 50, 71, 75, 76 and 77 as an example); (paragraph 40) as a man who was unemployable or marginally employable.  (Exhibit 1).

Defendants also portrayed Doyle in *The Last Run*, such as at page 28 of *The Last Run*, as a man who heard voices and rustlings and sobbings in his mind and had to tell himself not to turn around when he heard the sobbing.  (Page 71 as an example); (paragraph 42) as a man who had gotten so drunk he collapsed in a backyard.  (Page 71 as an example); (paragraph 43) as a man whose wife had gone to bed/had a sexual encounter with a good friend of Plaintiff.  (Page 71 as an example); (paragraph 44) as a man who committed and thought about his own infidelities, in particular "that leave in Valparaiso, when Plaintiff and the other officers on the icebreaker Polar Star had blown a month's pay in three nights at that brothel."  (Page 72 as an example); (paragraph 45) as a man that the hospital in Sitka "called (Plaintiff) at work and told Plaintiff his wife was having her stomach pumped," for what is suggested by Defendants as may have been a suicide attempt.  (Page 73 as an example); (paragraph 46) as a man who he kept a flask of alcohol in his pocket.  (Page 75 as an example); (paragraph 47) that "(a)ll of (Plaintiff's) important decisions had been figured out while (Plaintiff) was having a whiskey".  (Pages 73, 74 and 75 as examples); (paragraph 48) as a man whose wife was having an affair and had been for a lengthy period of time.  (Page 75 as an example); (paragraph 49) as a man whose wife told Plaintiff's Coast Guard Chief Officer (XO) that Plaintiff was beating her.  (Page 76 as an example); (paragraph 50) as a man who began "skipping work to follow (Plaintiff's) wife around town, hoping to catch her and her boyfriend in a lustful act ….".  (Pages 73, 74 and 75 as examples); (paragraph 51) in reference to numerous statements of specific information regarding Plaintiff's wife's infidelity.  (Page 76 as an example); (paragraph 52) as a man who lived and worked where "everyone" in Sitka, except

C. MICHAEL HOUGH
Attorney at Law
3733 Ben Walters Lane, Ste 2
Homer, Alaska 99603
Tel: (907) 235-8184
Fax: (907) 235-2420

PLAINTIFF'S OPPOSITION TO DEFENDANT'S          Page 11 of 34
MOTION TO DISMISS
Doyle v. HarperCollins et al.:3:05 – cv- 00300

Plaintiff, seemed to know Plaintiff's wife was cheating on Plaintiff, and the specific facts regarding her infidelity to Plaintiff.  (Exhibit 1).

Defendants generally portrayed Doyle in *The Last Run* as a man who was a practicing alcoholic (paragraph 53).  (Page 76 as an example); (paragraph 54) as a man about whom Defendants thought it was " in retrospect, almost funny" how the Coast Guard could put an alcoholic (Plaintiff) in charge of all of the booze (alcohol) and cigarettes (Plaintiff) could want," as well as easily and nightly stealing such alcohol in significant amounts.  (Page 76 as an example); (paragraph 55) as a man who would "nick (steal) a couple of cases of (beer), … (cigarettes) … a bottle of (hard liquor) for good measure from the Coast Guard and 'polish them off at home' …". (Exhibit 1).

### 6.  General Allegations

Defendants' motion to dismiss is based on arguments that Doyle failed to state a claim upon which relief may be granted for three of the four invasion of privacy claims.  Therefore, it is important to note that the general allegations were applicable to and incorporated within all claims, including the allegations regarding defamation and false light which are applicable to and incorporated within the intrusion upon seclusion and wrongful use of Plaintiff's name for Defendants' financial benefit and publication of private facts.  In order to avoid unnecessary length, reference to, and discussion of the general allegations necessary to state each claim are abbreviated.

Defendants were or should have been aware of the seriousness and harm to Doyle when the allegations referred to above were presented to the public as "absolutely" true, "completely" accurate, verifiable, and thoroughly researched and documented, and representing to the public that nothing is in *The Last Run* is imaginary, reconstructed or made up by Defendants.

C. MICHAEL HOUGH
**Attorney at Law**
3733 Ben Walters Lane, Ste 2
Homer, Alaska 99603
Tel: (907) 235-8184
Fax: (907) 235-2420

PLAINTIFF'S OPPOSITION TO DEFENDANT'S                Page 12 of 34
MOTION TO DISMISS
Doyle v. HarperCollins et al.:3:05 – cv- 00300

### 7. Invasion of Privacy Claims In General

The right of privacy may be loosely defined as the right of a person to be let alone.

Samuel D. Warren and Louis D. Brandeis first espoused a right of privacy in 1890.  See Warren &

Brandeis, *The Right to Privacy*, 4 Harv. L. Rev. 193 (1890).  The Georgia Supreme Court was the

first court to recognize a right of privacy in <u>Pavesich v. New England Life Ins., Co.</u>, 50 S.E. 68

(Ga. 1905).  In Alaska, invasion of privacy has four distinct sub-parts or causes of action:

    1.  Intrusion into seclusion or solitude or into private affairs;

    2.  Public disclosure of embarrassing facts;

    3.  Appropriations, for commercial advantage, of a person's name or likeness.

    4.  Publicity that places a person in a false light in the public eye.  <u>Wal-Mart v. Steward</u>, 990 P.2d 626 (Alaska 1999).

Alaska appears to have adopted the position of Prosser on Torts, which was later stated in

Restatement of Torts, Second:  <u>Luedtke v Nabors Alaska Drilling, Inc.</u>, 768 P 2d 1123 (Alaska,

1989): <u>Chizmar v Mackie</u>, 896 P 2d 196 (Alaska, 1989):

> In his immensely influential 1960 law review article, William Prosser divided the tort of invasion of privacy into four separate and discrete categories:  (1) intrusion; (2) disclosure; (3) false light; and (4) appropriation. …  Prosser's four-part division of privacy rights was adopted in the Second Restatement of Torts and has been accepted by nearly all courts in the United States.  <u>Rights of Publicity and Privacy</u>, §1.19; see also J. D. Lee and Barry A. Lindahal, *Modern Tort Law*, Vol 4, §48.01.

*Restatement (Second) of Torts*, §652A provides, as a general statement of the forms of

invasion of privacy, as follows:

> (1)  One who invades the right of privacy of another is subject to liability for the resulting harm to the interests of the other.
>
> (2)  The right of privacy is invaded by

C. MICHAEL HOUGH
**Attorney at Law**
3733 Ben Walters Lane, Ste 2
Homer, Alaska 99603
Tel: (907) 235-8184
Fax: (907) 235-2420

(a)  unreasonable intrusion upon the seclusion of another, as stated in §652B; or

(b)  appropriation of the other's name or likeness, as stated in §652C; or

(c)  unreasonable publicity given to the other's private life, as stated in §652D; or

(d)  publicity that unreasonably places the other in a false light before the public, as stated in §652E.

*Restatement (Second) of Torts*, §652H indicates the elements of damage which are recoverable in privacy actions:

Damages:

One who has established a cause of action for invasion of his privacy is entitled to recover damages for

(a)  the harm to his interest in privacy resulting from the invasion;

(b)  his mental distress proved to have been suffered if it is of a kind that normally results from such an invasion; and

(c)  special damage of which the invasion is a legal cause.

Doyle has sufficiently pled his invasion of privacy claims to encompass the essential elements of the three invasion of privacy claims at issue.  Certainly come of the claims are more applicable to the invasion of Doyle's privacy by Defendants in this case, but the essential elements for each of the three invasion of privacy claims at issue are alleged, and for purposes of Defendants' motion to dismiss, the allegations are deemed true.

The claim for invasion of privacy by portraying Plaintiff to the public in false light were also alleged, incorporating all of the claim for defamation since falsity of the statements is also an essential element of the claim, though Plaintiff did make the false light claims more specific.

C. MICHAEL HOUGH
Attorney at Law
3733 Ben Walters Lane, Ste 2
Homer, Alaska 99603
Tel: (907) 235-8184
Fax: (907) 235-2420

### 8. Public Disclosure of Private Facts

Defendants would like to contain Doyle's claims such that the truth of the allegations will be a defense.

The basic elements of public disclosure of private facts include:

> 1. Publicity to a large number of people of matters concerning a person's private life;
>
> 2. Such publication would be highly offensive to a reasonable person of ordinary sensibilities; and
>
> 3. The matters publicized are not of public concern. *Restatement (Second) Torts*, §652.

The invasion of privacy by disclosure to the public of private facts regarding Plaintiff are particularly onerous in this case, and are made by Defendants significantly more serious by the thorough and lengthy representations by Defendants of absolute accuracy, statements by Defendants that no part of the book had been created, and that everything written in *The Last Run* was documented and verifiable. Defendants indicate to the public in *The Last Run* that four years of thorough research preceded writing, publishing, marketing and distribution of the book *The Last Run*, and that *The Last Run* is a non-fiction publication; that it was thoroughly researched prior to its writing, publication, marketing and distribution; that *The Last Run* "is a work of non fiction – unlike a novel, none of the characters, situations and places described in (the) book is (sic) imaginary … ."; that the contents of the non-fiction book, *The Last Run*, are completely accurate; that the statements, dialog and contents of *The Last Run* are absolutely true; and that all efforts were made by Defendants in writing, editing, researching, publishing, distribution and marketing *The Last Run* "to write an absolutely true book; nothing beyond what was verifiable and documented has been added."  Author's Note, *The Last Run*.

C. MICHAEL HOUGH
Attorney at Law
3733 Ben Walters Lane, Ste 2
Homer, Alaska 99603
Tel: (907) 235-8184
Fax: (907) 235-2420

PLAINTIFF'S OPPOSITION TO DEFENDANT'S                    Page 15 of 34
MOTION TO DISMISS
Doyle v. HarperCollins et al.:3:05 – cv- 00300

There is nothing "novel" about Plaintiff pleading causes of action in the alternative.  FRCP 8 provides for doing so.  Defendants depicted Plaintiff by name in incredibly negative terms, doing so throughout *The Last Run*, having nothing to do with the subject of *The Last Run* which is about the sinking of the La Conte and rescue of its crew.

Plaintiff has causes of action against Defendants for their wrongful actions, whether or not all or some of the vulgar and negative statements Defendants state about Doyle are true.  That is why FRCP 8 allows pleadings in the alternative, Defendants created a story around a few embarrassing but true events to make it marketable, from its publicizing *The Last Run* as a story about end-of-the losers out to make a catch of a lifetime when Defendants knew the crew would barely make expenses if they caught all the fish the La Conte could hold, to using historical highly embarrassing facts from Doyle's private life, enormously embellishing them, to turn Doyle into the unemployable, drunk, repugnant loser in life, serially cheated upon by his former wife that the public and jury, might conclude is true.  Defendants should not be able to defend defamation and false light claims based on truth, then not be liable for disclosure to the public of those facts the jury finds true, though highly objectionable, personal, highly offensively personally embarrassing to Doyle.

The issue at this point is whether the claim is sufficiently pled, assuming the accuracy of Plaintiff's allegations regarding that claim.  FRCP 8 allows the alternative allegations of truth of the statements.  Defendants are hardly in a position to argue what is true and what is not true.

The deposition of Mr. Lewan will determine the basis for his outrageously offensive statements about Doyle.

Defendants are making every possible effort to show truth in their wrongful statements, to defend themselves on the elements of defamation and false light, at which time they would argue

C. MICHAEL HOUGH
Attorney at Law
3733 Ben Walters Lane, Ste 2
Homer, Alaska 99603
Tel: (907) 235-8184
Fax: (907) 235-2420

PLAINTIFF'S OPPOSITION TO DEFENDANT'S                    Page 16 of 34
MOTION TO DISMISS
Doyle v. HarperCollins et al.:3:05 – cv- 00300

that since their allegations of Doyle's poor character were all true, and since Plaintiff's claims of publication of highly personal facts to the public of such offensive and intrusive facts would have been dismissed, Defendants would escape liability for their outrageous actions toward Doyle. Defendants rely on the reluctance of Plaintiff or any other normal person, to admit to his weaknesses and defects. At this state of the case, the issue is whether Plaintiff made allegations of all essential elements of a claim.

The public disclosures by defendants regarding Doyle's wife cheating on him, down to the statement by the offender telling Doyle "I'm fucking you wife and there's not a damned thing you can do about it," *The Last Run*, at page 75 or describing the affair in detail more worthy of a pulp fiction teenage booklet, was not of legitimate public concern; it would be offensive and objectionable to the reasonable person; and it is obviously a private, embarrassing and humiliating fact.

The same is true of Defendants' publication of circumstances regarding the forced retirement of Doyle, the responses he had to his wife's sexual conduct including emotionally, at work, and abuse of alcohol. Similarly, the fact that his wife had to have her stomach pumped from an overdoes so serve that a questions arose whether it was a suicide attempt (*The Last Run*, at page 72) was not something of legitimate public interest and would be offensive to the reasonable juror or member of the community.

Defendants certainly did want to weave a good tale about Alaska, the misfit, end of the roaders, dregs of society making their one last chance at redemption, get respect back in part. Defendants did not have the right to make up facts and in Doyle's case particularly, they had no right to use the background highly private and personal information Doyle told Lewan,

C. MICHAEL HOUGH
Attorney at Law
3733 Ben Walters Lane, Ste 2
Homer, Alaska 99603
Tel: (907) 235-8184
Fax: (907) 235-2420

PLAINTIFF'S OPPOSITION TO DEFENDANT'S                    Page 17 of 34
MOTION TO DISMISS
Doyle v. HarperCollins et al.:3:05 – cv- 00300

particularly without permission and when Defendant Lewan was warned by Doyle not to do so, and after Lewan promised Doyle he would not allow his publisher to do so.

Defendants seek to avoid liability by proving that the terrible statements they made about Doyle were true, so they could avoid liability or defamation and false light, yet avoid liability for disclosing those private and true facts to the public. Plaintiff wants Defendants to pay for making the wrongful statements regarding Plaintiff, whether found by a jury to be true or not true, hence the alternative allegations made by Doyle in accordance with FRCP 8.

Plaintiff alleges the unprivileged publication to a third party element throughout his Second Amended Complaint. In paragraph 5, Plaintiff alleges that Defendant HarperCollins Publishers, Inc., is the publisher, marketer and distributor of a non-fiction book written by Defendant Todd Lewan, entitled *The Last Run – A True Story Of Rescue And Redemption On The Alaska Seas*, published in 2004, and marketed, sold and distributed by Defendant HarperCollins Publishers, Inc. to the public, including within the State of Alaska.

For the most part, those who attain the public figure status have assumed roles of special prominence in the affairs of society. Some occupy positions of such persuasive power and influence that they are deemed public figures for all purposes. More commonly, those classed as public figures have thrust themselves to the forefront of particular public controversies in order to influence the resolution of the issues involved. In <u>Gertz v. Robert Welch, Inc.</u>, 418 U.S. 323; 94 S.Ct.2992 at 3009; 41 L.E.2d 789 (1974). The Supreme Court further elaborated regarding public figures as follows:

> That designation may rest on either of two alternative bases. In some instances an individual may achieve such pervasive fame or notoriety that he becomes a public figure for all purposes and in all contexts. More commonly, an individual voluntarily injects himself or is drawn into a particular public controversy and thereby becomes a public figure for a limited range of issues. <u>Gertz</u>, 94 S.Ct. 2997,

C. MICHAEL HOUGH
Attorney at Law
3733 Ben Walters Lane, Ste 2
Homer, Alaska 99603
Tel: (907) 235-8184
Fax: (907) 235-2420

PLAINTIFF'S OPPOSITION TO DEFENDANT'S    Page 18 of 34
MOTION TO DISMISS
Doyle v. HarperCollins et al.:3:05 – cv- 00300

3012, .  Beard, 796 P.2d at 1353-54; Rybachek v. Sutton, 761 P.2d 1013, 1014 [Alaska 1988].

Doyle is what is referred to in Restatement of the Law – Torts Second, §652D(f) and (h) as an involuntary public figure as to the sinking of the La Conte and the rescue of its crew including Doyle, but what is of legitimate public interest regarding Doyle, and what is not, is according to the Restatement of the Law – Torts Second §652(h).

> In determining what is a matter of legitimate public interest, account must be taken of the customs and conventions of the community; and in the last analysis what is proper becomes a matter of the community mores.  The line is to be drawn when the publicity ceases to be the giving of information to which the public is entitled, and becomes a morbid and sensational prying into private lives for its own sake, with which a reasonable member of the public, with decent standards, would say that he had no concern.  The limitations, in other words, are those of common decency, having due regard to the freedom of the press and its reasonable leeway to choose what it will tell the public, but also due regard to the feelings of the individual and the harm that will be done to him by the exposure.  Some reasonable proportion is also to be maintained between the event or activity that makes the individual a public figure and the private facts to which publicity is given.  Revelations that may properly be made concerning a murderer or the President of the United States would not be privileged if they were to be made concerning one who is merely injured in an automobile accident.

A statement is conditionally privileged if its maker reasonably believes that the statement affects a sufficiently important interest of the recipient and the recipient is a person to whom its publication is otherwise within the generally accepted standards of decent conduct.  Restatement (Second) of Torts §595 (1977); see Jones v. Central Peninsula Gen. Hosp., 779 P.2d 783, 790 (Alaska 1989), recognizing a conditional privilege if the circumstances induce a correct or reasonable belief that there is information that affects a sufficiently important interest of the recipient or third person.

Defendants must establish that a recognized public or private interest justified the long series of wrongful statements by Defendants.  Schneider v. Pay'N save Corp., 723 P.2d 619, 623

C. MICHAEL HOUGH
Attorney at Law
3733 Ben Walters Lane, Ste 2
Homer, Alaska 99603
Tel: (907) 235-8184
Fax: (907) 235-2420

(Alaska 1986) [citing William Prosser, *The Law of Torts* § 115, at 796 (4th ed. 1971)].  Whether the occasion gives rise to a privilege is a question of law for the court.  <u>Schneider</u>, 723 P.2d at 623. If the facts are in dispute, the jury determines whether a conditional privilege has been abused.  *Id.* (citing Prosser §115, at 796).  Defendants cannot do so.

In Count III, disclosure to the public of private facts, Doyle makes an alternative allegation regarding the accuracy and truthfulness of the statements, inferences and representations made by Defendants to the public in *The Last Run* regarding him alleging that some of the statements, inferences or representations made to the public by Defendants as set forth above and in paragraphs 24 to 56 and 118 of his complaint  are or were true though private embarrassing facts regarding Plaintiff's use of alcohol; the difficulties Plaintiff experienced with the Coast Guard and his superior officer; the facts regarding the infidelity and other sexual activities of Plaintiff's former wife; Plaintiff's mental condition, stress and his mental and emotional difficulties and problems; his financial problems; his employment problems; and other subjects of a personal private, humiliating, embarrassing and degrading nature regarding Plaintiff contained in *The Last Run*.  Please note that Doyle states specifically which of the statements or subjects of statements are or were true as an alternative allegation.

Civil Rule 8 permits such alternative allegations, as is discussed later, but in the event the court requires specific allegations of truthfulness, Doyle can do so through an amendment to his complaint, though the same result can occur through discovery or requests for more definite statements.  A motion to dismiss is not appropriate at this stage; Defendants have not even filed an answer denying any of the allegations of Plaintiff contained in the three claims which are the subject of Defendants' motion to dismiss.  Doyle will agree, or make necessary amendments, that the following statements by Defendants in *The Last Run* are true statements of highly personal,

C. MICHAEL HOUGH
Attorney at Law
3733 Ben Walters Lane, Ste 2
Homer, Alaska 99603
Tel: (907) 235-8184
Fax: (907) 235-2420

PLAINTIFF'S OPPOSITION TO DEFENDANT'S                     Page 20 of 34
MOTION TO DISMISS
Doyle v. HarperCollins et al.:3:05 – cv- 00300

embarrassing and humiliating facts made public by Defendants in *The Last Run* without

permission and in violation of promises and assurances made to Doyle by Defendant Lewan on

behalf of Defendants:

That Doyle did not really "retire" from the Coast Guard; that Doyle's wife had gone to

bed/had a sexual encounter with a person close to Plaintiff; and that the hospital in Sitka "called

(Doyle) at work and told (him) his wife was having her stomach pumped," for what is suggested

by Defendants as may have been a suicide attempt; the Coast Guard did make it extremely

difficult for Doyle to be meaningfully employed; that after his employment with the Coast Guard

ended, Doyle did have significant depression, stress, emotional difficulties, abuse of alcohol, and

financial pressures and problems.

Doyle then alleged all of the essential elements of the claim. He alleged that such public

disclosures by Defendants (paragraph 120) violated and invaded Plaintiff's rights of privacy by

disclosing private though true facts regarding Plaintiff to the public concerning Plaintiff's business

character; his personal and business integrity, honesty, sobriety, actions, occupational practices,

lawfulness, religious beliefs, effects of his actions; his sexual conduct and practices; and otherwise

subject Plaintiff to ridicule, embarrassment, humiliation, worry, fright, mental anguish and scorn,

when such depictions and inferences are true but private, injuring him personally and in his

business enterprises and have caused Plaintiff to suffer severe emotional and mental distress and

worry; (paragraph 121) that Defendants violated duties owed Plaintiff, Defendants unreasonably

and seriously interfered with Plaintiff's interests in not having true but highly offensive,

humiliating, and embarrassing private facts known to others, including the public, by publishing

such private facts regarding Plaintiff in *The Last Run.*

C. MICHAEL HOUGH
**Attorney at Law**
3733 Ben Walters Lane, Ste 2
Homer, Alaska 99603
Tel: (907) 235-8184
Fax: (907) 235-2420

Doyle alleged in paragraph 122, that the intrusions and disclosures to the public of such true but private facts were highly offensive to Plaintiff, his family, friends and other reasonable persons; and (paragraph 123) that the intrusions, publications and disclosures to the public of the true but private facts were done in an unreasonable manner and/or for unwarranted and wrongful purposes; (paragraph 124) that the intrusions, publications, and disclosures referenced in this Count III were not legitimate concerns to the public.  In paragraph 125 Plaintiff alleges that Defendants have wrongfully, and in breach of duties owed Plaintiff, intruded into the private life and activities of Plaintiff by wrongfully disclosing to the public and giving publicity to the life of Plaintiff regarding private true facts concerning the private life of Plaintiff in a manner that would be highly offensive to a reasonable person and outrage and offend a person of ordinary sensibilities and have caused Plaintiff shame, humiliation and embarrassment; and in (paragraph 126) that  Defendants were or should have been aware of the seriousness and harm to Plaintiff of the statements, inferences and representations regarding Plaintiff set forth above when presented to the public as "absolutely" true, "completely" accurate, verifiable, and thoroughly researched and documented, and representing to the public that nothing is in *The Last Run* is imaginary, reconstructed or made up by Defendants.  In (paragraph 127) Plaintiff alleges that Defendants were or should have been aware of the seriousness of Defendants' presentation, publication, promotion, advertisements, interviews, trade releases and announcements and distribution to the public of dialog, statements, inferences, suggestions and facts as true regarding private facts of Plaintiff concerning the honesty, managerial skills, lawfulness, employability, personal reputation, domestic facts, business reputation and sexual matters regarding Plaintiff, and the likeliness and foresee ability of harm caused Plaintiff by such actions; (paragraph 128) that Defendants, by Defendant Todd Lewan, for himself and on behalf of Defendant HarperCollins, assured and swore

C. MICHAEL HOUGH
**Attorney at Law**
3733 Ben Walters Lane, Ste 2
Homer, Alaska 99603
Tel: (907) 235-8184
Fax: (907) 235-2420

PLAINTIFF'S OPPOSITION TO DEFENDANT'S                          Page 22 of 34
MOTION TO DISMISS
Doyle v. HarperCollins et al.:3:05 – cv- 00300

that none of the information Defendants received from Plaintiff as a result of any interviews

Plaintiff provided Defendants would be used by Defendants in *The Last Run* without obtaining

Plaintiff's permission to do so, including that referenced in this Count III; (paragraph 129) that

Plaintiff did not give Defendants or either of them the permission referenced in paragraph 128;

and in (paragraph 130) that Defendants breached their promises and assurances to Plaintiff set

forth in paragraphs 102 to and including 105 above in that Defendant Todd Lewan informed

Plaintiff that Defendant HarperCollins refused to wait for the required permission and release by

Plaintiff referred to this in this Count III since Defendant HarperCollins indicated to Defendant

Todd Lewan that significant profits were being lost by Defendants and that considerable expenses

were being incurred by Defendants because of delay in publication and sale of *The Last Run* by

Defendants.

      In (paragraph 131) Plaintiff alleges that the disclosures to the public of the true but private

facts by Defendants have harmed and will continue in the future to harm the business and personal

reputation of Plaintiff and they have deterred and will in the future deter third persons from

associating, hiring or dealing with Plaintiff, and will cause Plaintiff humiliation, embarrassment,

emotional and psychological injuries, together with worry, fright, depression and feelings of

vulnerability and loss of control of Plaintiff's life; (paragraph 132) that unlike the improper and

unauthorized publication and disclosure to the public of true but private facts which are not a

legitimate concern to the public and which would be highly offensive to a reasonable person made

in a newspaper or a weekly tabloid regarding Plaintiff, publication and the disclosure of such facts

by Defendants in *The Last Run* will remain in the public stream for decades and certainly the rest

of Plaintiff's life; (paragraph 133) that t*he Last Run* contains serious violations of the important

public policy that individuals such as Plaintiff are entitled to their privacy and should be free to

C. MICHAEL HOUGH
**Attorney at Law**
3733 Ben Walters Lane, Ste 2
Homer, Alaska 99603
Tel: (907) 235-8184
Fax: (907) 235-2420

PLAINTIFF'S OPPOSITION TO DEFENDANT'S            Page 23 of 34
MOTION TO DISMISS
Doyle v. HarperCollins et al.:3:05 – cv- 00300

enjoy their privacy unimpaired by the unauthorized publication and disclosure to the public of true but private, embarrassing and highly offensive information which is not a legitimate concern to the public, as done by Defendants as alleged in this complaint; (paragraph 134) that Plaintiff believes he is now, and will in the future be, a shunned, discredited and mentally troubled man due to the wrongful, negligent and/or reckless acts of Defendants, and such actions by Defendants have caused Plaintiff emotional harm, pain, suffering, worry, grief, losses, damages, expenses, concerns and fears; and (paragraph 135) that the wrongful disclosure of true but private facts by Defendants have created significant harm to Plaintiff's personal and business reputation and have caused him considerable difficulties obtaining managerial employment, which will continue to harm him in the future.

In (paragraph 136) Plaintiff alleges that the wrongful disclosure of true but private facts by Defendants were non-privileged publications to third parties, and in this case to the public in general, and such publication will continue in the future; (paragraph 137) that Defendants knew or should have known that Plaintiff objected to Defendants making public or publishing any of the disclosures, inferences or representations regarding Plaintiff; (paragraph 138) that Plaintiff has been harmed and has suffered actual and special damages, and damages per se, and will continue to suffer such damages in the future, all as a direct and proximate result of the publication to the public of the non-privileged, private but true statements of a highly offensive nature, made and published to the public by Defendants as referred to in this complaint; (paragraph 139) that the actions of Defendants as set forth in this claim are injuries in themselves without the requirement of actual damages, entitling Plaintiff to recover damages from Defendants; and (paragraph 140) that Plaintiff has been harmed and suffered, actual and special damages, and damages per se, all as a direct and proximate result of the willful misconduct and reckless disregard by Defendants for

C. MICHAEL HOUGH
**Attorney at Law**
3733 Ben Walters Lane, Ste 2
Homer, Alaska 99603
Tel: (907) 235-8184
Fax: (907) 235-2420

PLAINTIFF'S OPPOSITION TO DEFENDANT'S                    Page 24 of 34
MOTION TO DISMISS
Doyle v. HarperCollins et al.:3:05 – cv- 00300

the rights of Plaintiff as alleged in this Count III, and Plaintiff therefore is entitled to punitive damages in an amount exceeding nine times actual compensatory damages, the amount to be shown at the time of trial.  All essential elements have, if anything been overly pled and repetitively stated.

### 9.  Invasion of Privacy by Appropriation of Name

The basic elements of a misappropriation claim include:

1.  Appropriating a person's name or likeness for the value associated with it;

2.  Identifying the plaintiff;

3.  Reaping a benefit from the association.

The claim by Doyle for this relief sets forth all of the essential elements of invasion of privacy by appropriation of Plaintiff's name and that of his likeness.  This claim is not dependent upon falsity or truthfulness of the allegations.  What is true is that Defendants defamed Doyle and invaded his privacy to obtain financial gain.  Defendants defend themselves to this claim and to Plaintiff's other claims by arguing that Plaintiff was a public, not private, person.  If Defendants are correct, that Doyle was a public person, they are liable for appropriating his name and that of his likeness for their financial benefit based on the allegations made by Plaintiff and deemed true for purposes of Defendants' motion.

The identifiable aspects of a person's identity or "persona" should be legally recognized as the person's "property," protectable as against unpermitted commercial use.  The thought is that there is something particularly unique and worthy of legal recognition in a person's identity, such that unpermitted commercial use of a persons actual name should be illegal.  The appropriation type of right of privacy recognizes the legal injury when such unpermitted use causes mental injury by loss of dignity and self-esteem.  The right of publicity recognizes legal injury because

C. MICHAEL HOUGH
Attorney at Law
3733 Ben Walters Lane, Ste 2
Homer, Alaska 99603
Tel: (907) 235-8184
Fax: (907) 235-2420

PLAINTIFF'S OPPOSITION TO DEFENDANT'S                    Page 25 of 34
MOTION TO DISMISS
Doyle v. HarperCollins et al.:3:05 – cv- 00300

such unpermitted use causes loss of financial rewards flowing from the economic value of human

identity.  Rights of Publicity, and Privacy 2d,  §l:22.

The recognizes common law right of privacy includes protection against appropriation for

defendant's advantage of plaintiff's name or likeness, which is also known as right of publicity.

Wendt v. Host Intern., Inc., 125 F.3d 806 C.A.9.Cal., 1997, Downing v. Abercrombis & Fitch, 265

F.3d 994 C.A.9.Cal., 2001.

The "appropriation" form of invasion of privacy involves the unpermitted commercial use

of a person's identity which causes injury to dignity and self-esteem with resulting mental distress

damages.  It involves neither falsity nor disclosure of "private" facts.  *Restatement (Second) of*

*Torts*, §652(C).  While the right of publicity historically evolved from "appropriation privacy," the

right of publicity is now a separate and distinct legal concept which recognizes the proprietary and

commercial value of a person's identity and persona.  Simply put, an infringement of the right of

publicity focuses upon injury to the pocketbook, which an invasion of "appropriation privacy"

focuses upon injury to the psyche.  Mr. Wiley suffered both.  This type of invasion of privacy

involves defendant's unpermitted use of plaintiff's identity, with damages to plaintiff's dignitary

interests and peace of mind.  This type of "privacy" was the immediate historical antecedent to the

"right of publicity".

A "bare bones" list of the common law elements to plead and prove to establish a prima

facie claim for invasion of appropriation of privacy is the following:

(1)  Defendant, without permission, has used some aspect of the Plaintiff's identity or

persona in such a way that Plaintiff is identifiable from Defendant's use; and

C. MICHAEL HOUGH
Attorney at Law
3733 Ben Walters Lane, Ste 2
Homer, Alaska 99603
Tel: (907) 235-8184
Fax: (907) 235-2420

(2)  Defendant's use of Plaintiff's name causes some damage to Plaintiff's peace of mind and dignity, with resulting injury measured by plaintiff's mental or physical distress and related damage.  Rights of Publicity, and Privacy 2d,  §5:60

Defendant HarperCollins is an international publisher.  Defendant Lewan is an internationally acclaimed award winning author, at least according to their own publicity for *The Last Run*, though it now appears Mr. Lewan had never actually published a book before.  There was a sufficient profit motive and other commercial reasons (though there need not be) for Defendants to so blatantly violate the rights of Doyle and make Defendants conclude that the appropriation and use of Doyle's name and likeness benefited them.  A jury needs to make Defendants pay for that use.  Doyle may not be a celebrity, but he need not be.  It is his name and likeness.  Defendants need to pay for the benefits they received by their use of his name.

The photograph of Doyle which appears in *The Last Run* was permitted by Doyle subject to or on the condition that Defendants provide Doyle an opportunity to review the statements made by Defendants regarding Doyle in *The Last Run* to assure that Defendants did not betray Doyle's trust and breach Defendants' promises that Defendants would not make public in *The Last Run* the background information of a private, highly personal and embarrassing nature.  Defendants did not obtain Doyle's permission to use his photograph, his name, and his personal information in *The Last Run* for the benefit of Defendants.

Doyle incorporated all of paragraphs 1 through 140 of his complaint and alleged that Defendants promised Doyle that Doyle's photograph and any information Defendant Todd Lewan received from Doyle as a result of interviews, correspondence and discussions with Doyle regarding Doyle's personal life, information regarding Doyle's family, former wife, friends, employment, drinking, emotional difficulties, and any other information Defendants received from

C. MICHAEL HOUGH
**Attorney at Law**
3733 Ben Walters Lane, Ste 2
Homer, Alaska 99603
Tel: (907) 235-8184
Fax: (907) 235-2420

PLAINTIFF'S OPPOSITION TO DEFENDANT'S                        Page 27 of 34
MOTION TO DISMISS
Doyle v. HarperCollins et al.:3:05 – cv- 00300

Doyle of any nature would not be used in *The Last Run* by Defendant Todd Lewan or by Defendant HarperCollins without Doyle's permission, and that Defendants breached their promise set forth in paragraphs 102 to 104 above.

Doyle alleges that when Doyle contacted Defendant Todd Lewan following publication by Defendants of *The Last Run* and informed Defendant Todd Lewan that *The Last Run* contained defamatory material regarding Doyle, and that *The Last Run* contained highly personal and embarrassing information Doyle provided Defendant Todd Lewan which Defendant Todd Lewan swore to Doyle would never be used by Defendants in *The Last Run* and otherwise portrayed Doyle to the public in a false light and that Defendants' actions were in breach of Defendants' promises to Doyle, Defendant Todd Lewan then informed Doyle that Defendant HarperCollins refused to comply with Defendant Todd Lewan's promises to Doyle because Defendants' printing of *The Last Run* was behind schedule at the time of publication of *The Last Run* and that Defendant Todd Lewan was "in trouble" with Defendant HarperCollins and therefore Defendant HarperCollins published *The Last Run* without the required permission of Doyle, for which Defendant Todd Lewan apologized to Doyle and asked forgiveness for harming Doyle who had been so helpful to Defendant Todd Lewan regarding *The Last Run*.

Doyle alleged that he has been damaged by the wrongful and unauthorized actions of Defendants, including lost income, lost income opportunities, and the medical and medically related costs associated with the emotional and mental damages Doyle has suffered, as well as worry, fright, embarrassment, depression, and other emotional and mental damages; that Defendants invaded his privacy by appropriation and the unauthorized use of his name for the financial benefit, advantage, or enhancement of business and professional opportunities of Defendants and is therefore liable to Doyle for such use of Doyle's name and likeness. He alleged

C. MICHAEL HOUGH
Attorney at Law
3733 Ben Walters Lane, Ste 2
Homer, Alaska 99603
Tel: (907) 235-8184
Fax: (907) 235-2420

PLAINTIFF'S OPPOSITION TO DEFENDANT'S                    Page 28 of 34
MOTION TO DISMISS
Doyle v. HarperCollins et al.:3:05 – cv- 00300

that he has been harmed and has suffered actual and special damages, and damages per se, and will continue to suffer such damages in the future, as a direct and proximate result of the wrongful acts of Defendants, all as a direct and proximate result of the invasion of Doyle's rights of privacy by unprivileged appropriation of his name and likeness.

He also alleged that the wrongful actions of Defendants as alleged in this Count were willful and in reckless disregard for the rights of Plaintiff, as well as in violation of the promises, guarantees and assurances by Defendant Todd Lewan, for himself and on behalf of Defendant HarperCollins, that Defendants would not do so without permission from him, permission which was never given, for *The Last Run*, wrongfully using his name and likeness for the use and benefit of Defendants in their profitable and highly popular publication, thereby warranting an award of punitive damages equal to nine times actual and compensatory damages, in addition to the actual and compensation damages requested.

### 10. Invasion of Privacy by Intrusion upon Seclusion

The Alaska Supreme Court has held that:

> The [common law] right to be free from harassment and constant intrusion into one's daily affairs is enjoyed by all parties. <u>Sigglekow v. State of Alaska</u>, 731 P.2d at 57 (Alaska 1987). As previously discussed, that law is delineated in the *Restatement (Second) of Torts* §652B, entitled Intrusion upon Seclusion. That section provides: "One who intentionally intrudes … upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability … if the intrusion would be highly offensive to a reasonable person." <u>Luedkes v. Nabors Alaska Drilling, Inc.</u>, 768 P.2d 1123, 57 USLW 2501, 79 A.L. R.4th 75, 116 Lab.CAs. P56,337, 4 IER Cases 139.

The essential elements for a prima facie claim for intrusion upon seclusion are made by Doyle alleging that Defendants' intentional publication intruded upon his solitude or seclusion as well as his private affairs or concerns, and that such intrusion would be highly offensive to a reasonable person. The allegations contained in the defamation claim apply to the intrusion claim

C. MICHAEL HOUGH
**Attorney at Law**
3733 Ben Walters Lane, Ste 2
Homer, Alaska 99603
Tel: (907) 235-8184
Fax: (907) 235-2420

and Doyle also specifically claimed that his privacy, his seclusion and solitude, were invaded by Defendants, by the publication of their book, by causing him to suffer mental and emotional damage, and that the intrusion by Defendants would be highly offensive to reasonable people.

Actionable invasion of privacy by "intrusion" generally involves some means or action offensive to a reasonable person which invades a physical or mental "zone of privacy" that is entitled to be immune from the prying of others.  One who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of his privacy, if the intrusion would be highly offensive to a reasonable person.  Restatement Second, Torts §652B.

This type of "privacy" is invaded by intrusion upon the plaintiff's seclusion or solitude, or into his private affairs.  Prosser noted that it is primarily mental peace of mind and seclusion that is protected here.   This right of privacy is so basic it is found in the 1948 United Nations Universal Declaration of Human Rights:  "No one shall be subjected to arbitrary interference with his privacy, family, home or correspondence, not to attacks upon his honor and reputation.  Everyone has the right to the protection of the law against such interference or attacks."  *U.N. Universal Declaration of Human Rights*, Article 12, Dec. 10, 1948.

Alaska has recognized that all persons are entitled to the common-law "right to be free from harassment and intrusion into one's daily affairs."  This common-law right is delineated in the Restatement of Torts, whose approach Alaska adopted in its decision in Luedtke v. Nabors Alaska Drilling, Inc. 768 P.2d 1123, 1137 (Alaska 1989) [quoting Siggelkow v. State, 731 P.2d 57, 62 (Alaska 1987)] opinion.  Section 652B of the Restatements states:

> One who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability if the intrusion would be highly offensive to a reasonable person.

C. MICHAEL HOUGH
Attorney at Law
3733 Ben Walters Lane, Ste 2
Homer, Alaska 99603
Tel: (907) 235-8184
Fax: (907) 235-2420

PLAINTIFF'S OPPOSITION TO DEFENDANT'S                    Page 30 of 34
MOTION TO DISMISS
Doyle v. HarperCollins et al.:3:05 – cv- 00300

In <u>Luedtke</u> the Alaska Supreme Court stated that "courts have construed 'offensive intrusion' to require either an unreasonable manner of intrusion, or intrusion for an unwarranted purpose.

Consistent with <u>Luedtke</u>, the trial court instructed the jury on the essential elements of the claim:

> [i]n order to recover, plaintiff must prove by a preponderance of the evidence that:
>
> (1) One or more defendants intentionally intruded upon the solitude, seclusion or private affairs or concerns of plaintiff; and
>
> (2) A reasonable person would find this a highly offensive intrusion. <u>Wal-Mart v. Steward</u>, 990 P.2d 626 (Alaska 1999).

Consistent with <u>Luedtke</u>, the Alaska trial court instructed the jury that

> [i]n order to recover, plaintiff must prove by a preponderance of the evidence that:
>
> (1) One or more defendants intentionally intruded upon the solitude, seclusion or private affairs or concerns of plaintiff; and
>
> (2) A reasonable person would find this a highly offensive intrusion. . <u>Wal-Mart v. Steward</u>, 990 P.2d 626 (Alaska 1999).

Spreading before the public in a highly offensive manner aspects of a person's past history and life is actionable as an invasion of privacy. *Restatement (Second) Torts*, §652 D, comment b. Truth is not a defense. Sexual relations are considered to be entirely private matters. Prosser, *Privacy*, at 397. See <u>Forsher v. Bugliosi</u>, 26 Cal 3d 792, 808, 163 Cal Rptr 628, 608 P.2d 716 (1980).

Defendants' intrusion into the seclusion and solitude of Doyle, or his private affairs or concerns, was highly offensive to him, it harmed his mental peace of mind and caused him harm, and was intentional in that it was done by Defendants. It should be up to a jury to decide whether

C. MICHAEL HOUGH
Attorney at Law
3733 Ben Walters Lane, Ste 2
Homer, Alaska 99603
Tel: (907) 235-8184
Fax: (907) 235-2420

Defendants' intrusion into Doyle's seclusion and privacy was highly offensive to reasonable people or was the appropriate type of intrusion. Again, at this stage of this case, the issue is only whether the pleadings are sufficient in alleging the claim.

Certainly having a well-publicized book by a self-described award-winning author of newspaper articles (*The Last Run* appears to be his first published book, whether fiction, non-fiction or as in this case, creative non-fiction), by a well-regarded publisher, constantly refer to Plaintiff as a cocksucker, bastard and fucking bastard, say horrible, demeaning things about him in a book which is popular with Plaintiff's former neighbors, fishermen, skippers, potential crew, even potential dates, is certainly intruding upon the solitude and seclusion of Plaintiff and his private concerns. Doyle wanted his solitude and seclusion regarding those aspects of his life not directly involved with the sinking of the La Conte and the rescue of its crew. Defendants took it from him, ravished it, and used it to make money for themselves. A jury should be able to consider the claim.

Doyle incorporated all of Count I, Count II, Count III and Count and alleged that the wrongful actions of Defendants have intruded upon Doyle's physical and mental solitude and seclusion of Doyle and were in violation of duties owed him by Defendants in that Defendant Todd Lewan, for himself and Defendant HarperCollins regarding *The Last Run*, promised him that his photograph and any information Defendant Todd Lewan received from him as a result of interviews, correspondence and discussions with him regarding his personal life, information regarding his family, former wife, friends, employment, drinking, emotional difficulties, and any other information Defendant received from him of any nature would not be used in *The Last Run* by Defendant Todd Lewan or by Defendant HarperCollins without permission which was not given.

C. MICHAEL HOUGH
Attorney at Law
3733 Ben Walters Lane, Ste 2
Homer, Alaska 99603
Tel: (907) 235-8184
Fax: (907) 235-2420

PLAINTIFF'S OPPOSITION TO DEFENDANT'S                    Page 32 of 34
MOTION TO DISMISS
Doyle v. HarperCollins et al.:3:05 – cv- 00300

Doyle alleges that Defendants have intruded upon his seclusion in that the interviews and other information voluntarily provided Defendants by him were done contingent upon Defendants keeping their promises regarding such interviews, information and material.  When he contacted Defendant Todd Lewan following publication by Defendants of *The Last Run* and informed Defendant Todd Lewan that *The Last Run* contained false and defamatory material regarding Plaintiff, and that *The Last Run* contained highly personal and embarrassing, but true, information he provided Defendant Todd Lewan which Defendant Todd Lewan swore to Doyle would never be used in *The Last Run*, and otherwise portrayed Doyle to the public in a false light and that Defendants' actions were otherwise in breach of Defendants' promises to him, Defendant Todd Lewan informed Plaintiff that Defendant HarperCollins refused to comply with Defendant Todd Lewan's promises to him because printing of *The Last Run* was behind schedule that Defendant Todd Lewan was "in trouble" with Defendant HarperCollins and so Defendant HarperCollins published *The Last Run* without the required permission of Doyle, for which Defendant Todd Lewan apologized to Doyle and asked forgiveness for harming Doyle who had been so helpful to Defendant Todd Lewan regarding *The Last Run*.  He then alleged damages, causation and all other essential elements

Defendants obtained their information regarding Doyle through trickery an and a reckless disregard for the truthfulness of their promises regarding that information.  Defendant Lewan tricked Doyle and Defendant HarperCollins let him do it, telling Lewan it did not care about promises made to Doyle; it had a book to publish and it was losing money.  Keeping promises made to Doyle by Lewan stood in the way if its profits and made it incur expenses.

C. MICHAEL HOUGH
Attorney at Law
3733 Ben Walters Lane, Ste 2
Homer, Alaska 99603
Tel: (907) 235-8184
Fax: (907) 235-2420

PLAINTIFF'S OPPOSITION TO DEFENDANT'S                    Page 33 of 34
MOTION TO DISMISS
Doyle v. HarperCollins et al.:3:05 – cv- 00300

## II.  Conclusion

Doyle's claims read like overly detailed, overly pled, repetitively pled counts using a check list from Prosser, as well as every noted authority on invasion of privacy would have, and frequently has, stated.  Defendants' motion to dismiss goes to the truthfulness of the allegations, not to the adequacy of the allegations.  Discovery and the normal progression of this case will occur and the truthfulness and the adequacy of the harms, the truthfulness of the statements in the book, and the accuracy and extent of the allegations will become clearer and perhaps established sufficiently for summary judgment practice or motions for more definite statements, but the allegations themselves are complete and, if anything, are too repetitive and verbose.  Defendants' motion to dismiss should be denied.

Dated this 3rd day of April, 2006.

s/Michael Hough
MICHAEL HOUGH/ABA #7405022
Attorney for Plaintiff Wiley

CERTIFICATE OF SERVICE

The undersigned hereby certifies and affirms that on the 3rd day of April, 2006, a true and correct copy of the foregoing document was served by mail upon:

Jon Dawson
Davis Wright Tremaine, LLP
701 W. 8th Avenue, Suite 800
Anchorage, AK 99501

By: s/Michael Hough

H:\Docs\Wiley\wileylibeldoyleopposedefmotdismisspubdisclosure.doc

C. MICHAEL HOUGH
Attorney at Law
3733 Ben Walters Lane, Ste 2
Homer, Alaska 99603
Tel: (907) 235-8184
Fax: (907) 235-2420