Jon S. Dawson
Eric J. Jenkins
Davis Wright Tremaine LLP
701 W. 8th Avenue, Suite 800
Anchorage, Alaska  99501
(907) 257-5300

Attorneys for HarperCollins Publishers, L.L.C.
  and Todd Lewan

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ROBERT DOYLE,                                    )<br>                                                              )<br>                    Plaintiff,           )<br>                                                              )   Case No. 3:05 - cv - 00300 (TMB)<br>vs.                                                        )<br>                                                              )<br>HARPER COLLINS PUBLISHERS, INC. )<br>and TODD LEWAN,                        )<br>                                                              )<br>                    Defendants.      )<br>_____ ) | |

## REPLY TO OPPOSITION TO MOTION TO DISMISS PLAINTIFF'S CLAIMS FOR PUBLIC DISCLOSURE OF PRIVATE FACTS, INTRUSION UPON SECLUSION, AND APPROPRIATION OF NAME OR LIKENESS

Although Doyle complains at great length about his portrayal in The Last Run, no amount of supposed outrage can create a claim where there is none.  As the Defendants have demonstrated, Doyle both misconceives and fails to satisfy the required elements of the privacy torts, and the Defendant's motion should therefore be granted.

*First*, Doyle cannot state a claim for public disclosure of private facts when he alleges that those same facts are false for purposes of his claim for defamation. To the extent Doyle now concedes the truth of a number of defendants' statements, he is free to seek to amend to specifically identify those statements which he acknowledges to be true, but in such case his claims for defamation and false light must be dismissed to the extent they are based on those statements. Absent such an amendment, however, his claim for public disclosure fails to state a claim.

*Second*, Doyle's claim for intrusion upon seclusion fails because there was no intrusion; there was only the publication of The Last Run. Doyle's allegation that Lewan broke a purported promise not to use certain information provided by Doyle does not satisfy the elements of a claim of intrusion upon seclusion.

*Third*, Doyle's appropriation claim fails because he does not allege that there is any commercial or other value associated with his name, nor does he allege that Defendants have traded on any such value. Doyle's allegation that Lewan did not have Doyle's permission to use his name or likeness does not satisfy the elements for appropriation.

A.  Doyle Cannot State a Claim for Public Disclosure of Private Facts Without Pleading the Truth of the Facts that Purportedly Give Rise to that Claim.

Doyle argues he should be permitted to allege that statements about him in The Last Run are false and defamatory for purposes of his defamation claim, but are true for purposes of his public disclosure claim. In essence, he contends he may force the

REPLY TO OPPOSITION TO MOTION TO DISMISS CLAIMS   2
ANC 88262v2 3960028-7

**Davis Wright Tremaine LLP**
LAW OFFICES
Suite 800 · 701 West 8th Avenue
Anchorage, Alaska 99501
(907) 257-5300 · Fax: (907) 257-5399

Defendants to the effort and expense of defending a defamation claim by denying facts he knows to be true, yet still recover under the public disclosure tort after the Defendants have succeeded in defending the defamation claim by proving the truth of those facts. <u>What Doyle wants, then, is to wait until the jury decides the facts before he decides what cause of action to bring.</u> This is contrary to Rule 11 and to the purpose of notice pleadings, and is patently and fundamentally unfair.

As noted in the Defendants' opening brief, a party's right to plead contradictory statements of fact is made "subject to the obligations set forth in Rule 11," and is permissible only if a party is "legitimately in doubt about the facts in question." Fed R. Civ. P. 8(e)(2); <u>American Intern. Adjustment Co. v. Galvin</u>, 86 F.3d 1455, 1461 (7th Cir. 1996). Although Doyle may be reluctant to admit the truth of statements contained in <u>The Last Run</u>, he does not and cannot claim to be in doubt about the facts in question, and his reluctance to admit the truth does not excuse him from pleading in conformity with Rule 11. It certainly does not justify forcing the Defendants to incur the cost of defending allegations of falsity with respect to facts which Doyle knows to be true.

The unfairness of Doyle's pleading is both highlighted and compounded by Doyle's apparent admission that the following facts are indeed true:

> That Doyle did not really "retire" from the Coast Guard; that Doyle's wife had gone to bed/had a sexual encounter with a person close to Plaintiff; and that the hospital in Sitka "called (Doyle) at work and told (him) his wife was having her stomach pumped," for what is suggested by Defendants as may have been a suicide attempt; the Coast Guard did make it extremely difficult for Doyle to

REPLY TO OPPOSITION TO MOTION TO DISMISS CLAIMS   3
ANC 88262v2 3960028-7

> be meaningfully employed; that after his employment with the Coast Guard ended, Doyle did have significant depression, stress, emotional difficulties, abuse of alcohol, and financial pressures and problems.

Opposition at p. 21.  If Doyle no longer asserts that the foregoing facts are false, then Doyle may amend to specifically identify those statements which he now acknowledges to be true, but in such case his claim for defamation and false light must be dismissed to the extent they are based on those statements.  Unless and until Doyle so amends his complaint, he fails to state a claim for public disclosure.

In sum, Doyle does not and cannot claim to be legitimately in doubt with respect to the facts alleged in his defamation claim.  Pleading the same facts to be false for purposes of that claim but true for purposes of his public disclosure claim is therefore improper under Rule 11.  Doyle must plead each of his claims with sufficient specificity that defendants know which statements are alleged to be false, and which are acknowledged to be true.  Until such time as Doyle does this, he does not state a claim for public disclosure of private facts, and the Defendants' motion to dismiss should be granted as to that claim.

B.  <u>Doyle Alleges No Intrusion Within the Scope of the Tort of Intrusion Upon Seclusion</u>.

Doyle's claim for intrusion upon seclusion consists of the following allegations: (1) that the Defendants intentionally published <u>The Last Run</u>, and (2) that Lewan broke a purported promise to Doyle regarding the use of information that Doyle provided to

**Davis Wright Tremaine LLP**
LAW OFFICES
Suite 800 · 701 West 8th Avenue
Anchorage, Alaska 99501
(907) 257-5300 · Fax: (907) 257-5399

REPLY TO OPPOSITION TO MOTION TO DISMISS CLAIMS    4
ANC 88262v2 3960028-7

Lewan.  Opposition at pp. 29, 33.  These allegations do not state a claim for intrusion upon seclusion.

Section 652B of the Restatement (Second) of Torts provides a cause of action against "[o]ne who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns . . . ."  The Restatement makes clear that the intrusion tort "does not depend upon any publicity given to the person whose interest is invaded or to his affairs."  Restatement (Second) of Torts § 652B, cmt. a.  Rather, it protects against overt acts of intrusion into a zone of physical or sensory privacy surrounding the plaintiff.  The intrusion tort addresses such things as entering the plaintiff's home over his or her objections, or "the use of the defendant's senses, with or without mechanical aids, to oversee or overhear the plaintiff's private affairs," or "looking into his upstairs windows with binoculars or tapping his telephone wires," or "opening his private and personal mail, searching his safe or his wallet, examining his private bank account, or compelling him by a forged court order to permit inspection of his personal documents."  Id. cmt. b.  "The tort of intruding upon the seclusion of another is aimed at the discomfort cause by the intrusion itself," not the use or publication of any information obtained.  Thomas v. Pearl, 998 F.2d 447, 452 (7th Cir. 1993), cert. denied, 510 U.S. 1043 (1994).

**Davis Wright Tremaine LLP**
LAW OFFICES
Suite 800 · 701 West 8th Avenue
Anchorage, Alaska 99501
(907) 257-5300 · Fax: (907) 257-5399

Doyle cites no authority for the proposition that the publication of material about him that he finds objectionable constitutes an intrusion within the meaning of the tort.[1] Courts have repeatedly and consistently rejected that contention. See e.g., Thomas, 998 F.2d at 452 ("plaintiff fails to state a claim for invaded seclusion if the harm flows from publication rather than the intrusion."); Medical Laboratory Management v. American Broad., 30 F.Supp.2d 1182, 1191 (D.Ariz. 1998), aff'd 306 F.3d 806 (9th Cir. 2002) (holding that publication of information about plaintiff cannot support intrusion claim and citing cases); Stanton v. Metro Corp., 357 F.Supp.2d 369, 384 n.16 (D.Mass. 2005), rev'd on other grounds 438 F.3d 119 (1st Cir. 2006) (publication of picture of high school girl in magazine article on teenage sexuality did not implicate tort of intrusion upon seclusion).

Doyle alleges, however, that in addition to publishing The Last Run, Lewan also broke promises not to publish private information that Doyle provided to Lewan during their various interviews. Even if these facts were true, which the Defendants deny, Doyle's claim, if any, would not be for intrusion upon seclusion. The disclosure of personal information in violation of obligations owed to the person who provided the information does not constitute an intrusion into a zone of privacy. See In re Trans Union Corp. Privacy Litigation, 326 F.Supp.2d 893, 901-02 (N.D.Ill. 2004) (release of

---

[1] Doyle cites Restatement (Second) of Torts § 652D, comment b for the proposition that spreading before the public aspects of a person's past history is actionable as an invasion of privacy. Opposition at p. 31. § 652D is the Restatement section dealing with publication of private facts, not intrusion upon seclusion.

Davis Wright Tremaine LLP
LAW OFFICES
Suite 800 · 701 West 8th Avenue
Anchorage, Alaska 99501
(907) 257-5300 · Fax: (907) 257-5399

detailed financial information held in trust by credit report agency did not constitute tort of intrusion). The intrusion tort is concerned with the discomfort caused by the actual act of intrusion, not with any harm that flows from the publication or other use of personal information obtained. Restatement (Second) of Torts § 652B, cmt. b. Thus, in American Broad., 30 F.Supp.2d at 1191, even though a reporter used false pretenses to secure a tour of a medical laboratory, during which he videotaped the clinic by means of a hidden camera, the court rejected an intrusion claim because any discomfort to the plaintiff was caused by the publication of the information obtained, not the act of intrusion.

Doyle alleges no intrusion into his solitude or seclusion, but rather only the publication of information about him the he provided to Lewan. Since the publication or use of information that Lewan obtained from Doyle is irrelevant to the tort of intrusion upon seclusion, Doyle's complaint does not state a viable claim for relief. Id; Thomas, 998 F.2d at 452. The Defendants' motion to dismiss Doyle's claim for intrusion upon seclusion should be granted.

C.    The Defendants Have Not Appropriated Doyle's Name or Likeness.

Doyle's claim for appropriation of name or likeness is based on the contention that "Defendants did not obtain Doyle's permission to use his photograph, his name, and his personal information in The Last Run for the benefit of Defendants." Opposition at p.27. The appropriation tort is not concerned with just any use of a plaintiff's name or likeness, but rather requires an attempt by the defendant to trade on the intrinsic commercial or

**Davis Wright Tremaine LLP**
LAW OFFICES
Suite 800 · 701 West 8th Avenue
Anchorage, Alaska 99501
(907) 257-5300 · Fax: (907) 257-5399

other values associated with that name or likeness.  Doyle does not allege that his name or likeness has any such intrinsic value, let alone that the defendants sought to capitalize on that value for a commercial purpose.

Insofar as Alaska has recognized a tort claim for invasion of privacy, it has relied upon the Restatement (Second) of Torts to establish the contours of that claim.  <u>Luedtke v. Nabors Alaska Drilling, Inc.</u>, 768 P.2d 1123, 1137 (Alaska 1989).  Section 652C of the Restatement (Second) of Torts provides that "[o]ne who appropriates to his own use or benefit the name or likeness of another is subject to liability to the other for invasion of his privacy."  However, not every use of a name or likeness is an appropriation.  An appropriation occurs only when the defendant trades on some commercial or other value associated with the plaintiff's name:  "Until the value of the name has in some way been appropriated, there is no tort."  Restatement (Second) of Torts, § 652C, cmt.c.

> No one has the right to object merely because his name or his appearance is brought before the public . . . It is only when the publicity is given for the purpose of appropriating to the defendant's benefit <u>the commercial or other values associated with the name</u> or the likeness that the right of privacy is invaded.

<u>Id</u>. cmt. d. (emphasis added).  <u>See</u> <u>also</u> <u>Reeves v. Fox Television Network</u>, 983 F. Supp. 703, 710 (N.D. Ohio 1997) (claim for appropriation of name or likeness dismissed where plaintiff failed to allege that his name had any intrinsic value that defendant exploited for commercial or similar uses); <u>Cox v. Hatch</u>, 761 P.2d 556, 564 (Utah 1988) ("the

**Davis Wright Tremaine LLP**
LAW OFFICES
Suite 800 · 701 West 8th Avenue
Anchorage, Alaska 99501
(907) 257-5300 · Fax: (907) 257-5399

complaint fails because it must allege that the plaintiffs' names or likenesses have some intrinsic value that was used or appropriated for the defendants' benefit").

Courts applying the principles set forth in the Restatement have repeatedly held that the use of the plaintiff's name in a book or news report, even in a manner that the plaintiff finds objectionable, does not give rise to a claim for appropriation of name or likeness. Such a claim requires the unauthorized use of the plaintiff's name or likeness for promotional purposes in a manner that implies a false endorsement of the product:

> Appropriation of a name or likeness generally becomes actionable when used to advertise the defendant's business or product, or for some similar commercial purpose . . . the value of one's likeness is not appropriated when it is published for purposes other than taking advantage of his reputation, prestige or other value associated with him, for purposes of publicity . . . It is only when the publicity is given for the purpose of appropriating to the defendant's benefit the commercial or other values associated with the name or likeness that the right of privacy is invaded.

Matthews v. Wozencraft, 15 F.3d 432, 437 (5th Cir. 1994)(citing Restatement (Second) of Torts § 652, cmt. d.). Thus, "a newspaper, although it is not a philanthropic institution, does not become liable under the rule stated in this Section to every person whose name or likeness it publishes." Restatement (Second) of Torts § 652D cmt. d. "[U]se of a person's name or likeness for trade purposes is an essential element of the [appropriation] tort." Castro v. NYT Television, 851 A.2d 88, 97 (N.J. 2004) (citing Restatement (Second) of Torts § 652C). See also Dempsey v. National Enquirer, 702 F.Supp. 934,

REPLY TO OPPOSITION TO MOTION TO DISMISS CLAIMS   9
ANC 88262v2 3960028-7

938 (D.Me. 1989) (claim for appropriation dismissed because Star magazine did not "use [plaintiff's] name and likeness in an advertising campaign to boost sales").

Doyle does not cite a single case to the effect that the inclusion of a person as a character in a publication can give rise to a claim for appropriation.  On the contrary, courts have held that an appropriation claim was not stated where:  (1) the plaintiff's life story was used in a feature motion picture, Matthews, 15 F.3d at 437-38; (2) the picture of a high school girl participating in a condom fitting contest was shown together with her name in Penthouse magazine, Stangley v. General Media Communications, Inc., 149 F.Supp.2d 701, 706 (W.D.Ark. 2001); (3) a magazine published an account of an accident involving the plaintiff and made up false dialogue that was attributed to the plaintiff, Dempsey, 702 F.Supp. at 938; or (4) members of a musical group and their families were portrayed in an allegedly false manner in a television mini-series, Ruffin-Steinback v. DePasse, 82 F.Supp.2d 723, 728-31 (E.D.Mich 2000), aff'd 267 F.3d 457 (6th Cir. 2001).

Doyle contends, however, that the Defendants did not simply use his name in The Last Run, but rather made false statements about him in the book in order to make the book more exciting.  Allegations of falsity do not transform use of a name into appropriation.  The harm caused by statements that are alleged to be false can only be addressed under the law of defamation or false light:

REPLY TO OPPOSITION TO MOTION TO DISMISS CLAIMS    10
ANC 88262v2 3960028-7

**Davis Wright Tremaine LLP**
LAW OFFICES
Suite 800 · 701 West 8th Avenue
Anchorage, Alaska 99501
(907) 257-5300 · Fax: (907) 257-5399

> First, they contend that the right of publicity[2] should extend to defendants actions in this case because, they allege, the depiction of the plaintiffs in this case was partially fictionalized and untrue . . . The scope of the right of publicity does not depend, however, on the fictional or nonfictional character of the work . . . where the plaintiff's theory of liability stems from the alleged falsity of the information disseminated, the action is properly considered as an action for defamation or false light invasion of privacy, not as an action for violation of the right of publicity.

DePasse, 82 F.Supp.2d at 730-31.  See also Matthews, 15 F.3d at 439 ("Matthews also contends that appropriation can occur through the fictionalized account of his life . . . The cases he cites, however, do not support his argument, as they apply the false light doctrine").  Indeed, the very treatise relied upon by Doyle, 2 Rights of Publicity and Privacy § 8:89 (2d ed), states that "[i]f the defendant's use is false, either in content or in endorsement, there are other legal counts readily available for use:  defamation, false light invasion of privacy and false advertising."

Doyle also asserts that Lewan promised not to use his picture or the events of his life in The Last Run without first obtaining Doyle's permission and letting him review the book.  Even if this were true—which Defendants deny—it would not state a claim for appropriation of name or likeness.  Lewan's alleged promise to secure Doyle's "permission" does not create any commercial or other value in Doyle's name or likeness, and Lewan's alleged breach of that promise certainly does not constitute an attempt to

---

[2] The court in DePasse noted that "[t]he fourth category of invasion of privacy – misappropriation of a person's name or likeness – has become known as the right of publicity."  82 F.Supp.2d at 728-29.

REPLY TO OPPOSITION TO MOTION TO DISMISS CLAIMS    11
ANC 88262v2 3960028-7

**Davis Wright Tremaine LLP**
LAW OFFICES
Suite 800 · 701 West 8th Avenue
Anchorage, Alaska 99501
(907) 257-5300 · Fax: (907) 257-5399

trade on any such values.  "[A]n unauthorized use . . . of one's name or likeness which does not take advantage of commercial or other values associated with the name or likeness . . . is, as a matter of law, incidental and nonactionable."  Cox, 761 P.2d at 556.  Were the law otherwise, no author or publisher could produce a book about actual or historical events without threat of suit by every person mentioned in the book.

Doyle's name and picture were used in a book about historical events in which Doyle participated.  The Defendants did not trade off of any prestige or commercial value associated with Doyle's name, nor does Doyle allege that his name has such value.  Consequently, Doyle cannot state a claim for appropriation of name or likeness and the Defendants' motion to dismiss should be granted.

## CONCLUSION

For the foregoing reasons, the Defendants respectfully request that their motion to dismiss Doyle's claims for appropriation of name or likeness, intrusion upon seclusion, and publication of private facts be granted.

Dated this 17th day of April, 2006.

>                    DAVIS WRIGHT TREMAINE LLP
>                    Attorneys for Defendants
>
>                    By:    s/ Eric J. Jenkins
>                           Jon S. Dawson, ABA # 8406022
>                           Eric J. Jenkins, ABA# 0011078
>                           701 W. 8th Ave., Suite 800
>                           Anchorage, AK  99501
>                           Phone: (907) 257-5300
>                           Fax: (907) 257-5399

REPLY TO OPPOSITION TO MOTION TO DISMISS CLAIMS    12
ANC 88262v2 3960028-7

jondawson@dwt.com
ericjenkins@dwt.com

Certificate of Service:

I certify that on April 17, 2006, a true and correct copy of the foregoing Reply to Opposition to Motion to Dismiss Plaintiff's Claims for Public Disclosure of Private Facts, Intrusion Upon Seclusion, and Appropriation of Name or Likeness was served electronically on:

Michael Hough
3733 Ben Walters Lane #2
Homer, Alaska  99603

   s/ Janet Eastman
Janet Eastman

Davis Wright Tremaine LLP
LAW OFFICES
Suite 800 · 701 West 8th Avenue
Anchorage, Alaska 99501
(907) 257-5300 · Fax: (907) 257-5399

REPLY TO OPPOSITION TO MOTION TO DISMISS CLAIMS    13
ANC 88262v2 3960028-7