IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ROBERT DOYLE,<br><br>               Plaintiff,<br><br>  vs.<br><br>HARPER COLLINS PUBLISHERS, INC. and TODD LEWAN,<br><br>               Defendants. | Case No. 3:05-cv-0300-TMB<br><br>O R D E R |

### INTRODUCTION

Before the Court is Defendants' motion to dismiss several of Plaintiff Robert Doyle's claims for failure to state a claim upon which relief can be granted. Docket Nos. 8 (Mot.); 12 (Opp'n); 14 (Reply). Specifically, Defendants seek dismissal of Doyle's claims for publication of private facts, appropriation of name or likeness, and intrusion upon seclusion.

### BACKGROUND

In December of 2004, Harper Collins Publishers published *The Last Run—A True Story of Rescue and Redemption on the Alaska Seas*. The book, authored by Defendant Todd Lewan, tells the story of the 1998 sinking of the F/V *La Conte*. The author's note introduces the book as "a work of nonfiction—unlike a novel, none of the characters, situations and places described in this book is imaginary. . . . [T]he author has attempted to write an absolutely true book; nothing beyond what was verifiable and documentable has been added." Docket No. 12, Ex. A at 2. In addition to describing the sinking of the *La Conte* and the subsequent Coast Guard rescue, the book chronicles the lives of the vessel's crew. Robert Doyle was one of the crew members, and is a central character in the book.

*The Last Run* details the events of Doyle's life that ultimately led him to employment on the *La Conte*. These events, according to the book, include a failed marriage, forced retirement from

the U.S. Coast Guard, and alcohol abuse. Doyle filed suit, alleging defamation, portrayal in a false light, publication of private facts, intrusion upon seclusion, appropriation of name or likeness, and unjust enrichment. Of these claims, Defendants move to dismiss the claims for public disclosure of private facts, appropriation of name or likeness, and intrusion upon seclusion. Each argument is addressed in order.

## DISCUSSION

A complaint will not be dismissed for failure to state a claim pursuant to Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957); *see also SmileCare Dental Group v. Delta Dental Plan of Cal., Inc.*, 88 F.3d 780, 783 (9th Cir. 1996). For purposes of a motion to dismiss, all material allegations in the complaint will be taken as true and construed in the light most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *SmileCare*, 88 F.3d at 782–83.

> To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint generally must satisfy only the minimal notice pleading requirements of Rule 8(a)(2). Rule 8(a)(2) requires only that the complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief."

*Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). Even where recovery is unlikely based on the pleadings, a plaintiff may still offer evidence in support of the complaint. *United States v. City of Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981).

## I.   Public Disclosure of Private Facts

In the complaint, Doyle alleges alternative theories of recovery. He asserts that the book includes false statements of fact that were defamatory and misleading. He then argues in the alternative that some of the facts are true, forming the basis for his publication of private facts allegation. Defendants argue that this is a misuse of alternative pleading as permitted by Federal Rule of Civil Procedure 8(e)(2), and qualified by Federal Rule of Civil Procedure 11.

Under Federal Rule of Civil Procedure 8(e)(2) a party is permitted to plead inconsistent statements as alternative theories or facts. One pleading cannot be construed as an admission

against an alternative pleading. *Molsbergen v. United States*, 757 F.2d 1016, 1019 (9th Cir. 1985). The rule requires that "[a]ll statements . . . be made subject to the obligations set forth in Rule 11." Fed. R. Civ. P. 8(e)(2). Under Rule 11(b)(3), factual allegations made to a court must "have evidentiary support or, if specifically so identified, [be] likely to have evidentiary support after a reasonable opportunity for further investigation or discovery." *See also* 5 Charles Alan Wright, Arthur R. Miller, Federal Practice and Procedure 3d § 1282; 71 C.J.S. *Pleading* § 74.

The Alaska Supreme Court has recognized the tort of invasion of privacy and its subparts. *See Luedtke v. Nabors Alaska Drilling, Inc.*, 768 P.2d 1123, 1127 (Alaska 1989). In *Nabors Alaska Drilling*, the Court cited Restatement (Second) of Torts § 652. Section 652D of this restatement outlines the elements of the privacy tort of public disclosure of private facts:

> One who gives publicity to a matter concerning the private life of another is subject to liability to the other for invasion of his privacy, if the matter publicized is of a kind that (a) would be highly offensive to a reasonable person, and (b) is not of legitimate concern to the public.

Restatement (Second) of Torts § 652D. The notes clarify that "[t]his section provides for tort liability involving a judgment for damages for publicity given to *true* statements of fact." *Id.* at Special Note (emphasis added). By contrast, the tort of defamation requires the plaintiff to make a prima facie showing of "(1) a *false* and defamatory statement; (2) an unprivileged publication to a third party; (3) fault amounting to at least negligence on the part of the publisher; and (4) the existence of either 'per se' actionability or special harm." *French v. Jadon, Inc.*, 911 P.2d 20, 32 (Alaska 1996) (emphasis added).

In Count I of the complaint, Doyle asserts a cause of action for defamation. In support, he states that the representations made in the book that he lays out in paragraphs 24 through 56 of the complaint are false and defamatory. Docket No. 1 at ¶ 58. In Count III, titled "Disclosure to the Public of Private Facts," he alternatively alleges that the representations made in the book "as stated in paragraphs 24 through 56 . . . are or were true though private facts." *Id.* at ¶ 118.

Although alternative pleading is liberally permitted, in this case, the effect is to create factual confusion. The truth or falsity of the facts that form the basis of the alternative causes of

ORDER

action are uniquely within Doyle's knowledge.  Further investigation or discovery will not clarify for Doyle himself whether, for example, he had a problem with alcohol.  There cannot, therefore, be support as required by Rule 11 for the factual allegations in the context of both of the alternative causes of action.  However, the Court is not in a position to determine whether the defamation claim or the public disclosure of private facts claim is more appropriate.  Neither claim, therefore, will be dismissed.  Instead, Doyle will be required to amend the complaint.  He may chose to include either the defamation claim or the public disclosure claim, or may specify which facts are *untrue* for purposes of the defamation claim, and which facts are *true* for purposes of the public disclosure claim.

## II.     Wrongful Appropriation of Name or Likeness

Count IV of Doyle's complaint is titled "Invasion of Privacy by Appropriation and Use of Plaintiff's Name and/or Likeness."  Docket No. 1 at 26.  Defendants argue that this count should be dismissed for failure to state a claim because in order to state a wrongful appropriation claim, Doyle would have to prove that his name has intrinsic value.

The tort of invasion of privacy by appropriation of name or likeness occurs when one appropriates for one's own use or benefit the name or likeness of another without the person's consent.  Restatement (Second) of Torts § 652C.  While this tort has not been explicitly recognized in Alaska, the Alaska Supreme Court has cited to the Restatement section that outlines its elements. *See Nabors Alaska Drilling, Inc.*, 768 P.2d at 1127 (citing Restatement (Second) of Torts § 652). The Restatement explains that appropriation in this context means taking for one's own use or benefit "the reputation, prestige, social or commercial standing, public interest or other values of the plaintiff's name or likeness." Restatement (Second) of Torts § 652C Comment (c).  Furthermore,

> The value of the plaintiff's name is not appropriated by mere mention of it, or by reference to it in connection with legitimate mention of his public activities; nor is the value of his likeness appropriated when it is published for purposes other than taking advantage of his reputation, prestige, or other value associated with him, for purposes of publicity.

Restatement (Second) of Torts § 652C Comment (d).

ORDER

Here, Doyle has not pled that his name or likeness was appropriated by Harper Collins or Lewan for value. Instead, the thrust of Doyle's argument is that Lewan broke a promise to him by not giving Doyle an opportunity to review his statements in the book before it was published. In other words, Doyle's focus is on the consent prong of the tort of appropriation of name or likeness, while Defendants' focus is one whether an appropriation occurred at all. The Court agrees that Doyle cannot state a claim for wrongful appropriation of name or likeness. To the extent that such a claim is made, it will be dismissed. This conclusion does not, however, foreclose the possibility of Doyle stating a different cause of action based upon the conduct alleged in Count IV of the first complaint.

### III.  Intrusion Upon Seclusion

In Count V of the complaint, Doyle alleges that by publishing *The Last Run* without providing him an opportunity to review his statements, Defendants invaded his privacy by intruding upon his seclusion. Defendants argue that Doyle's claim for intrusion upon seclusion should be dismissed for failure to state a claim because the tort makes an intrusion actionable and publication is not an intrusion.

The Alaska Supreme Court has explicitly recognized the tort of intrusion upon seclusion, holding that "[o]ne who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person." *Nabors Alaska Drilling*, *Inc*., 768 P.2d at 1133 (quoting Restatement (Second) of Torts § 652B). Several courts have concluded that the act of publication does not constitute an intrusion for purposes of this tort. *See, e.g., Thomas v. Pearl*, 998 F.2d 447, 452 (7th Cir. 1993) ("[A] plaintiff fails to state a claim for invaded seclusion if the harm flows from publication rather than the intrusion.").

The Court agrees with Defendants that the act of publishing *The Last Run* was not an 'intrusion' into Doyle's seclusion. However, the Court is not prepared to dismiss the claim at this stage in the proceedings. If, for example, Doyle demonstrated that Lewan made false promises in order to obtain information from Doyle, information that was subsequently published, that method

of gaining entry into Doyle's solitude might be viewed as highly offensive to a reasonable person, regardless of the fact that the information was ultimately published.

**IT IS THEREFORE ORDERED**:

Defendants' motion to dismiss at **Docket No. 8** is **GRANTED IN PART AND DENIED IN PART**.  Doyle's claim for public disclosure of private facts is not dismissed.  However, Doyle is directed to file an amended complaint **on or before June 23, 2006,** that clarifies which facts, if any, form the basis of his public disclosure claim, and which facts, if any, form the basis of his defamation claim.  To the extent Doyle's complaint outlines a claim for wrongful appropriation of name or likeness, that claim is **DISMISSED**.  Doyle's claim for intrusion upon seclusion is not dismissed.

Dated at Anchorage, Alaska, this 31st day of May 2006.

/s/ Timothy Burgess
**TIMOTHY M. BURGESS**
United States District Judge