**C. MICHAEL HOUGH**
Attorney at Law
3733 Ben Walters Lane, #2
Homer, Alaska 99603
Telephone: (907) 235-8184
Fax: (907) 235-2420
Attorney for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE STATE OF ALASKA

| | | |
|---|---|---|
| ROBERT DOYLE,<br><br>Plaintiff,<br><br>vs.<br><br>HARPERCOLLINS PUBLISHERS, LLC. and TODD LEWAN,<br><br>Defendants. | | AMENDED COMPLAINT<br><br><br>Case No.: 3:05-cv-300 |

### VRA CERTIFICATION

**I certify that this document and its attachments do not contain (1) the name of a victim of a sexual offense listed in AS 12.61.140 or (2) a residence or business address or telephone number of a victim of or witness to any offense unless it is an address used to identify the place of the crime or it is an address or telephone number in a transcript of a court proceeding and disclosure of the information was ordered by the court.**

Plaintiff complains of Defendants, jointly and severally, and alleges as follows:

### Parties, Public Involved, Publication, Jurisdiction

1. This court has jurisdiction of the subject matter of this case and jurisdiction of the parties pursuant to 28 USCA 1332(a) and otherwise.

2. Plaintiff, Defendant Todd Lewan, and Defendant Harper Collins are citizens of differing states.

3. Defendant HarperCollins Publishers, LLC., hereafter referred to as HCP, whose principle offices are outside the State of Alaska, though does business within the State of Alaska,

C. MICHAEL HOUGH
Attorney at Law
3733 Ben Walters Lane, Ste 2
Homer, Alaska 99603
Tel: (907) 235-8184
Fax: (907) 235-2420

AMENDED COMPLAINT                                                              Page 1 of 32

is the publisher/marketer, editor, advertiser, seller and distributor of a non-fiction book written by

Defendant Todd Lewan, a resident of State other than Alaska, entitled *The Last Run – A True*

*Story Of Rescue And Redemption On The Alaska Seas*, hereafter referred to as *The Last Run*,

published in June of 2004, in a hardcover format, and in July of 2005, in a paperback format, and

marketed, promoted, advertised, distributed and sold by Defendant HarperCollins Publishers,

LLC. to the public thereafter, including within the State of Alaska, as well as other states and in

countries other than the United States.

    4.  The events which are the subject of the book *The Last Run,* as well as many if not most

of the persons individually named in *The Last Run,* and those persons involved in the subject

matter of *The Last Run,* whether identified by actual name or otherwise, such as by description

making their identity known or recognized by others, and those who are the primary witnesses to

such matters, are or were at most relevant times located within Alaska.

    5.  The book *The Last Run* was and is widely distributed, sold, advertised, researched, and

promoted by Defendants within the State of Alaska.

    6.  Plaintiff Robert Doyle is a private citizen, not a public figure, for purposes of the claims

in this cause of action.

    7.  Defendant Todd Lewan is the author of *The Last Run*.

    8.  *The Last Run* is marketed, represented, promoted, distributed and sold to the public as a

non-fiction book about the events of the January 30, 1998, sinking of the Alaska fishing vessel La

Conte near Sitka, Alaska.

    9.  Plaintiff Robert Doyle is an individual named by Defendants in *The Last Run*  as one of

the main individuals involved in the subject of in *The Last Run*, and lived at Sitka, Alaska, during

most if not all of the time in which the events described in *The Last Run* occurred, as do most if

C. MICHAEL HOUGH
Attorney at Law
3733 Ben Walters Lane, Ste 2
Homer, Alaska 99603
Tel: (907) 235-8184
Fax: (907) 235-2420

not all of the other people specifically named in *The Last Run,* or described such that they are recognizable by others.

10. Many of the business associates, employers, potential employers, as well as personal friends, co-workers, family, including Plaintiff's son, daughter and his ex-wife discussed in *The Last Run*, and acquaintances of Plaintiff Robert Doyle now live and/or work or lived and/or worked primarily in the Sitka/Southeast and Kodiak, Alaska, areas at the time periods involved in the events which are the subject of this amended complaint and of *The Last Run*, but also in other areas of Alaska, as well as near Plaintiff's present home in or near New Hampshire, and other areas of the United States.

11. Defendant HarperCollins Publisher, LLC., as editor, promoter, publisher, marketer, seller and distributor of *The Last Run* written by Defendant Todd Lewan is, together with author Defendant Todd Lewan, responsible for and liable to Plaintiff for the wrongful, libelous, defamatory, negligent, and/or reckless acts of Defendant Todd Lewan with regard to the actions of Defendant Todd Lewan involved in all claims made in this case by Plaintiff against Defendants, or either of them, regarding contents of *The Last Run*, including all claims made by Plaintiff in this action regarding invasion of Plaintiff's rights to privacy by portraying Plaintiff to the public in a false light; for invasion of Plaintiff's rights of privacy by disclosure to the public of true but private facts regarding Plaintiff; for the unauthorized use of Plaintiff's name and/or likeness; for invasion upon the privacy of Plaintiff by intrusion upon Plaintiff's rights of seclusion and solitude; unjust enrichment; breach of promise; and all other claims made by Plaintiff in this case, as well as for the actions of its own employees, agents, and others acting at its direction or on its behalf regarding such claims, as well as for the actions of the agents, employees, representatives,

C. MICHAEL HOUGH
Attorney at Law
3733 Ben Walters Lane, Ste 2
Homer, Alaska 99603
Tel: (907) 235-8184
Fax: (907) 235-2420

distributors, promoters, advertisers, and book stores promoting *The Last Run* acting on behalf of or at the direction of Defendant HarperCollins and/or Defendant Todd Lewan.

**Representations of Accuracy and Truthfulness**

12. Defendant publisher HCP and its author, Defendant Todd Lewan, indicate to the public in *The Last Run,* such as in the "Acknowledgments" of *The Last Run* and otherwise, both in the hardcover version and one year thereafter in the paperback version,  that four years of thorough research and writing *The Last Run* occurred prior to the publishing, promotion, marketing and distribution by Defendants of the book *The Last Run*.

13. Defendant publisher, HCP and its author, Defendant Todd Lewan indicate to the public, such as in Author's Note of *The Last Run* and otherwise, both in the hardcover version and one year thereafter in the paperback version, that *The Last Run* was thoroughly researched prior to its writing, publication, marketing and distribution.

14. The statements by Defendants referenced in paragraphs 12 and 13 are false and/or misleading statements in that thorough research did not occur as represented, either before the hardcover copy of *The Last Run* was published and even more false and misleading with regard to the paperback version of *The Last Run*.

15. Defendant publisher HCP and its author, Defendant Todd Lewan, indicate to the public, such as in Author's Note of *The Last Run* and otherwise, both in the hardcover version and one year thereafter in the paperback version, that *The Last Run* "… is a work of non-fiction – unlike a novel, none of the characters, situations and places described in (the) book is imaginary … ."

16. Defendant publisher HCP and its author, Defendant Todd Lewan, indicate to the public, such as in Author's Note of *The Last Run* and otherwise both in the hardcover version and

C. MICHAEL HOUGH
Attorney at Law
3733 Ben Walters Lane, Ste 2
Homer, Alaska 99603
Tel: (907) 235-8184
Fax: (907) 235-2420

AMENDED COMPLAINT                                                                 Page 4 of 32

one year thereafter in the paperback version, that the contents of their non-fiction book, *The Last Run*, are completely accurate.

17. The statements and representations by Defendants referenced in paragraphs 15 and 16 are false and/or misleading statements.

18. Defendant publisher HCP and its author, Defendant Todd Lewan, indicate to the public, such as in Author's Note of *The Last Run* and otherwise, both in the hardcover version and one year thereafter in the paperback version, that all of the statements, dialog and contents of *The Last Run* are absolutely true.

19. The statement and representation by Defendants referenced in paragraph 18 is a false and/or misleading statement.

20. Defendants represent to the public, such as in Author's Note of *The Last Run* and otherwise, both in the hardcover version and one year thereafter in the paperback version, at the beginning of *The Last Run* that all efforts were made by Defendants in writing, editing, researching, publishing, distribution and marketing *The Last Run* "to write an absolutely true book; nothing beyond what was verifiable and documented has been added."

21. The statement by Defendants referenced in paragraph 20 is a false and/or misleading statement.

22. Defendants represent to the public, such as in Author's Note of *The Last Run* and otherwise, both in the hardcover version and one year thereafter in the paperback version, that the "(d)ialogue (in *The Last* Run) was reconstructed as carefully and completely as possible, using official reports, court, (sic) papers, personal letters, diaries and audiotapes, and by cross-checking the recollections of people who took part in the conversations."

C. MICHAEL HOUGH
Attorney at Law
3733 Ben Walters Lane, Ste 2
Homer, Alaska 99603
Tel: (907) 235-8184
Fax: (907) 235-2420

23. The statement and representation by Defendants referenced in paragraph 22 is a false and/or misleading statement.

**Representations, Inferences, Dialog and Other Content Regarding Plaintiff**

24. *The Last Run* is, according to Defendant publisher HCP and Defendant author Todd Lewan, a non-fiction book about the sinking of the fishing vessel La Conte which sank in Alaska on approximately January 30,1998, and about individuals who were on the La Conte when it sank and who are or were at the time they boarded the La Conte for its last run or trip "end of the roaders"; "misfits"; "unsavory, troubled men"; and alcoholics seeking redemption from their lives and a chance to remake their lives.

25. Defendants marketed, advertised and promoted *The Last Run* to the public by stating it was a non-fiction book about "the catch of a lifetime" that caused five down-on-their-luck fisherman on the La Conte, including Plaintiff, as described in paragraph 24, to risk one last run to extremely dangerous fishing grounds; that Plaintiff and the others on the La Conte had 'hit the motherload,' while fishing the La Conte, "an incredible haul, one that would bring huge profits and respect to them back in port, such an incredible catch that its weight helped to sink the boat."

26. The statements made by Defendants describing Plaintiff as referenced in paragraph 24 and 25 above were made to support or as a central part of Defendants' theme or storyline for *The Last Run* described in paragraph 24.

27. The statements by Defendants referred to in paragraphs 24 and 25 above were intended by Defendants to include Plaintiff in such descriptions of the characters in *The Last Run* as an "end of the roader", "misfit", "an unsavory, troubled man", and their motivation for fishing on the La Conte.

C. MICHAEL HOUGH
Attorney at Law
3733 Ben Walters Lane, Ste 2
Homer, Alaska 99603
Tel: (907) 235-8184
Fax: (907) 235-2420

AMENDED COMPLAINT                                          Page 6 of 32

28. Defendants portrayed Plaintiff in *The Last Run*, such as at page 28 of *The Last Run* and otherwise, as a man who heard voices and rustlings and sobbings in his mind and had to tell himself not to turn around when he heard the sobbing, hoping for a day when the echoes would die.

29. Defendants portrayed Plaintiff in *The Last Run*, such as at page 29 of *The Last Run* and otherwise, as a man who regularly drinks alcohol inappropriately in public, such as drinking warm beer alone from the town's (Sitka, Alaska) bridge.

30. Defendants portrayed Plaintiff in *The Last Run,* such as at page 29 of *The Last Run* and otherwise, as a misfit in society.

31. Defendants portrayed Plaintiff in *The Last Run,* such as at page 29 of *The Last Run* and otherwise, as someone who "scuttles about the decks like a roach looking for broken pots to fix".

32. Defendants portrayed Plaintiff in *The Last Run,* such as at page 29 of *The Last Run* and otherwise, as a man who is a bum.

33. Defendants portrayed Plaintiff in *The Last Run*, such as at page 29 of *The Last Run* and otherwise, as a man who gazes like a human vegetable, such as by aimlessly and obsessively reading the same monument inscriptions repeatedly, and otherwise is a mentally and emotionally disturbed person.

34. Defendants portrayed Plaintiff in *The Last Run* as a man who is almost unemployable.

34a. Defendants portrayed Plaintiff in *The Last Run* as a "crummy Catholic".

35. Defendants portrayed Plaintiff in *The Last Run*, such as at page 30 of *The Last Run* and otherwise, as a man to whom drinking alcohol was much more important than his religion and that Plaintiff never did think much of religion anyway.

C. MICHAEL HOUGH
Attorney at Law
3733 Ben Walters Lane, Ste 2
Homer, Alaska 99603
Tel: (907) 235-8184
Fax: (907) 235-2420

AMENDED COMPLAINT                                                                    Page 7 of 32

36. Defendants portrayed Plaintiff in *The Last Run*, such as at page 34 of *The Last Run* and otherwise, and in marketing of *The Last Run*, as a man who was forced, required, and/or dishonorably discharged from the Coast Guard and that Plaintiff did not actually retire from the Coast Guard.

36a. Defendants portrayed Plaintiff in *The Last Run* such as at page 34 of *The Last Run* and otherwise, as an incompetent, underserving, dishonest Coast Guard officer.

37. Defendants portrayed Plaintiff in *The Last Run*, such as at page 34 of *The Last Run* and otherwise, as a man who did not pay his debts even though Plaintiff agreed to pay such obligations.

38. Defendants portrayed Plaintiff in *The Last Run*, such as at page 32 of *The Last Run* and otherwise, as a man that the Coast Guard would not provide a job recommendation, "even if he applied for a ticket taker's job at the circus".

39. Defendants portrayed Plaintiff in *The Last Run*, such as at page 32 of *The Last Run* and otherwise, as a man who did not care about himself, and did not understand why others would care about him.

40. Defendants portrayed Plaintiff in *The Last Run*, such as at page 32 of *The Last Run* and otherwise, as a coward.

41. Defendants portrayed Plaintiff in *The Last Run*, such as at pages 31, 32, 34, 50, 71, 75, 76 and 77 of *The Last Run* and otherwise, as a man who was unemployable or marginally employable.

42. Defendants portrayed Plaintiff in *The Last Run*, such as at page 71 of *The Last Run* and otherwise, as a man who had gotten so drunk he collapsed in a backyard.

C. MICHAEL HOUGH
Attorney at Law
3733 Ben Walters Lane, Ste 2
Homer, Alaska 99603
Tel: (907) 235-8184
Fax: (907) 235-2420

AMENDED COMPLAINT                                                            Page 8 of 32

43. Defendants portrayed Plaintiff in *The Last Run*, such as at page 71 of *The Last Run* and otherwise, as a man whose wife had gone to bed/had extra-marital sexual encounters with a person known to Plaintiff.

44. Defendants portrayed Plaintiff in *The Last Run*, such as at page 71 of *The Last Run* and otherwise, as a man who committed and thought about his own infidelities, in particular "that leave in Valparaiso, when (Plaintiff) and the other officers on the icebreaker Polar Star had blown a month's pay in three nights at that brothel."

45. Defendants portrayed Plaintiff in *The Last Run*, such as at page 72 of *The Last Run* and otherwise, as a man that the hospital in Sitka "called (Plaintiff) at work and told Plaintiff his wife was having her stomach pumped," for what is suggested by Defendants as a suicide attempt.

46. Defendants portrayed Plaintiff in *The Last Run*, such as at page 73 of *The Last Run* and otherwise, as a man who he kept a flask of alcohol in his pocket.

47. Defendants stated in *The Last Run*, such as at page 75 of *The Last Run* and otherwise, that "(a)ll of (Plaintiff's) important decisions had been figured out while (Plaintiff) was having a whiskey".

48. Defendants portrayed Plaintiff in *The Last Run*, such as at pages 73, 74 and 75 of *The Last Run* and otherwise, as a man whose wife was having an affair and had been for a lengthy period of time.

49. Defendants portrayed Plaintiff in *The Last Run*, such as at page 75 of *The Last Run* and otherwise, as a man who beat or is accused of beating his wife.

50. Defendants portrayed Plaintiff in *The Last Run*, such as at page 76 of *The Last Run* and otherwise, as a man who began "skipping work to follow (Plaintiff's) wife around town, hoping to catch her and her boyfriend in a lustful act ….".

C. MICHAEL HOUGH
Attorney at Law
3733 Ben Walters Lane, Ste 2
Homer, Alaska 99603
Tel: (907) 235-8184
Fax: (907) 235-2420

AMENDED COMPLAINT

51. Defendants portrayed Plaintiff in *The Last Run*, such as at pages 73-75 of *The Last Run* and otherwise, by reference to numerous statements of specific information regarding Plaintiff's wife's infidelities.

52. Defendants portrayed Plaintiff in *The Last Run*, such as at page 76 of *The Last Run* and otherwise, as a man who lived and worked where "everyone" in Sitka, except Plaintiff, seemed to know Plaintiff's wife was cheating on Plaintiff, and the specific facts regarding her infidelities to Plaintiff.

53. Defendants portrayed Plaintiff in *The Last Run* as a man who was a practicing alcoholic.

54. Defendants portrayed Plaintiff in *The Last Run*, such as at page 76 of *The Last Run* and otherwise, as a man who regularly stole valuable inventory from his existing employer, and would "nick (steal) a couple of cases of (beer), … (cigarettes) … a bottle of (hard liquor) for good measure from the Coast Guard and 'polish them off at home' …".

55. Defendants portrayed Plaintiff in *The Last Run* as a man who drank on board the La Conte at sea, and who drank alcohol while actively commercial fishing.

56. Defendants portrayed Plaintiff in *The Last Run* as an unfit, irresponsible and/or undependable father to his children.

**Count I**

**Defamation**

57. Plaintiff incorporates Plaintiffs paragraphs 1 to 56 above as though fully set forth.

58. The statements, portrayals, references, inferences and representations by Defendants set forth in paragraphs 24 to 36a; 38 to 41; 45 to 47; 50; and 54 to 56 are and/or were false, defamatory and misleading at all relevant times.

C. MICHAEL HOUGH
Attorney at Law
3733 Ben Walters Lane, Ste 2
Homer, Alaska 99603
Tel: (907) 235-8184
Fax: (907) 235-2420

58a. Paragraphs 34, 37, 38, and 41 are seriously misleading and defamatory with regard to payment of debts and concerning what employment difficulties Plaintiff did have after he retired from the Coast Guard, and containing tiny kernels of marginally true facts, but generally false in context, time and as depicted by Defendants.

59. Paragraph 45 is false and defamatory regarding Plaintiff knowing of or being involved in Plaintiff's wife having her stomach pumped and misleading as to the reasons such event occurred.

60. The statements by Defendants contained in paragraphs 24 and 25, if applied to include and/or describe Plaintiff, are false or misleading as to Plaintiff.

61. The statement by Defendants contained in paragraphs 24 and 25 above are false and misleading, and though the statements in paragraph 24 do not qualify as defamatory statements by themselves, they are part of false and defamatory characterizations of Plaintiff as a person who would take such a high risk for the stated purpose when, in fact, filling the La Conte with the targeted bottomfish on the trip would barely have covered expenses with a modest crew share, and Defendants knew that Plaintiff took the voyage on the La Conte in order to have a steady paying tendering job and halibut job on the La Conte later in the year.

62. Defendants, by writing, publishing, marketing and distributing *The Last Run*, and in other ways, negligently stated, inferred or represented falsely and defamatorily to the public that Plaintiff stole significant and valuable inventory from his employer, a serious crime.

63. Defendants, by writing, publishing, marketing and distributing *The Last Run*, and in other ways, negligently stated, inferred or represented to the public falsely and defamatorily that Plaintiff was not fit to perform as an officer in the Coast Guard or perform business related

C. MICHAEL HOUGH
Attorney at Law
3733 Ben Walters Lane, Ste 2
Homer, Alaska 99603
Tel: (907) 235-8184
Fax: (907) 235-2420

AMENDED COMPLAINT

management functions, or do so honestly, reliably, competently, or without mental instability or personal defects.

64. Defendants, by writing, publishing, marketing and distributing *The Last Run*, and in other ways, negligently stated, inferred or represented to the public falsely and defamatorily that Plaintiff made all of his important decisions while drinking alcohol.

65. Defendants, by writing, publishing, marketing and distributing *The Last Run*, and in other ways, negligently stated, inferred or represented to the public falsely and defamatorily that as a customary practice Plaintiff abused alcohol before the general public and outside places where alcohol is typically consumed such as bars.

66. Defendants, by writing, publishing, marketing and distributing *The Last Run*, and in other ways, negligently stated, inferred or represented to the public falsely and defamatorily that Plaintiff was a misfit in the society.

67. Defendants, by writing, publishing, marketing and distributing *The Last Run*, and in other ways, negligently stated, inferred or represented to the public falsely and defamatorily that Plaintiff had no respect for himself as a man.

68. Defendants, by writing, publishing, marketing and distributing *The Last Run*, and in other ways, negligently stated, inferred or represented to the public falsely and defamatorily that Plaintiff was a coward in that he lacked courage.

69. Defendants, by writing, publishing, marketing and distributing *The Last Run*, and in other ways, negligently stated, inferred or represented to the public falsely and defamatorily that Plaintiff was almost entirely unemployable.

70. Defendants, by writing, publishing, marketing and distributing *The Last Run*, and in other ways, negligently stated, inferred or represented to the public falsely and defamatorily that

C. MICHAEL HOUGH
Attorney at Law
3733 Ben Walters Lane, Ste 2
Homer, Alaska 99603
Tel: (907) 235-8184
Fax: (907) 235-2420

AMENDED COMPLAINT                                                    Page 12 of 32

Plaintiff was unfit for employment at management positions or those requiring sobriety, honesty, lawfulness, reliability, responsibility, competence, and other skills and others positive personal, mental, emotional and health attributes.

71. Defendants, by writing, publishing, marketing and distributing *The Last Run*, and in other ways, negligently stated, inferred or represented to the public falsely and defamatorily that as a common practice Plaintiff incurred debts which he agreed to pay, but did not pay, including falsely that he did so to friends and another Coast Guard officer.

72. Defendants, by writing, publishing, marketing and distributing *The Last Run*, and in other ways, negligently stated, inferred or represented to the public falsely and defamatorily that Plaintiff drank while on board the La Conte and while fishing commercially.

73. Defendants, by writing, publishing, marketing and distributing *The Last Run*, and in other ways, negligently stated, inferred or represented to the public falsely and defamatorily that Plaintiff beat his wife.

74. Beating a person's wife is a serious crime of domestic violence and assault.

75. Defendants, by writing, publishing, marketing and distributing *The Last Run*, and in other ways, negligently stated, inferred or represented to the public falsely and defamatorily that Plaintiff took full advantage of the trust his employer, the Coast Guard, had placed in him as manager in charge of the exchange and officer's pub, the Eagle's Nest, and that Plaintiff betrayed that trust and responsibility by stealing inventory of alcohol and cigarettes, a serious crime, as well as a serious offense as an officer, and in his capacity as a manager having significant responsibility, and as an employee.

C. MICHAEL HOUGH
Attorney at Law
3733 Ben Walters Lane, Ste 2
Homer, Alaska 99603
Tel: (907) 235-8184
Fax: (907) 235-2420

76. In *The Last Run*, at page 48, Defendants stated to the public falsely and defamatorily that Plaintiff commercially fished for black cod near Sitka, Alaska, on or about January 15, 1998, and caught 1,000 pounds of black cod.

77. Commercially fishing for black cod as Defendants represented, stated or inferred as alleged above, is a serious crime and would be a particularly egregious crime because doing so on January 15th of a year, is so well-known as approximately two months after and two months before any possible legal fishing opening permitted at the time of publication, or before anywhere in Alaska or in federal waters of Alaska, Washington, Oregon or the West Coast of Canada.

78. The criminality of the commercial fishing by Plaintiff as represented by Defendants as true, and described in paragraphs 76 and 77 above is a fact commonly and easily known to a large segment of the public, particularly those members of the public who live in Southeast Alaska, or who commercially fish in Alaska, or fish halibut or black cod in Federal waters off Alaska, Washington, Oregon, or off the West coast of Canada, as well as consumers of black, cod, particularly those in Japan and other markets for black cod.

79. Defendants negligently constructed dialog and made statements that was false and defamed Plaintiff regarding his employment abilities and practices.

80. Defendants negligently constructed dialog and made false and defamatory statements, inferences or representations that defamed Plaintiff regarding the effects of his actions, both business as well as personal.

81. The published statements by Defendants regarding Plaintiff as referenced above were false, libelous and defamatory statements, and made in breach of duties owed Plaintiff.

82. Plaintiff was entitled to freedom from the false statements and defamation by Defendants of his character.

C. MICHAEL HOUGH
Attorney at Law
3733 Ben Walters Lane, Ste 2
Homer, Alaska 99603
Tel: (907) 235-8184
Fax: (907) 235-2420

83. Plaintiff was entitled to freedom from the false statements and defamation by Defendants of his employability.

84. Plaintiff was entitled to freedom from the false statements and defamation by Defendants of his honesty.

85. Plaintiff was entitled to freedom from the false statements and defamation by Defendants regarding accusations of serious criminal activity when commercially fishing.

86. Plaintiff was entitled to freedom from the false statements and defamation by Defendants regarding accusations of serious criminal activity, such as an officer, manager, and employee, as well as husband.

87. Plaintiff was entitled to freedom from the false statements and defamation by Defendants regarding his business and personal reputation, and freedom from all other false statements, inferences or representations made by Defendants in *The Last Run* regarding Plaintiff.

**Effects of Defamation and Knowledge by Defendants**

88. The daughter and son of Plaintiff, as well as friends and associates of Plaintiff, including fellow former or current Coast Guard members, neighbors, business contacts, potential employers, relatives, family, and others who thought they knew Plaintiff well, and the public in general, have read or heard, or will in the future read or hear, of *The Last Run* and of the false and defamatory statements made by Defendants regarding Plaintiff contained therein.

89. The daughter and son of Plaintiff, as well as the personal friends, fellow Coast Guard members, potential employers, and business associates of Plaintiff, as well as residents of Alaska, New Hampshire, Vermont, and the public in general now question or will in the future question the honesty, business reputation, lawfulness, personal reputation, character, integrity, actions, reliability, fidelity, freedom from sexually transmitted diseases, effects of his actions, and the

C. MICHAEL HOUGH
Attorney at Law
3733 Ben Walters Lane, Ste 2
Homer, Alaska 99603
Tel: (907) 235-8184
Fax: (907) 235-2420

AMENDED COMPLAINT

managerial reputation and abilities of Plaintiff because of the false and defamatory contents of *The Last Run* regarding Plaintiff.

90. Defendants were or should have been aware of the seriousness and harm to Plaintiff of the statements, inferences and representations regarding Plaintiff set forth above when presented to the public as "absolutely" true, "completely" accurate, verifiable, and thoroughly researched and documented, and representing to the public that nothing is in *The Last Run* is imaginary, reconstructed or made up by Defendants.

91. Defendants were or should have been aware of the seriousness of Defendants' presentation to the public of dialog and facts as true regarding the honesty, managerial skills, lawfulness, employability, personal reputation, and business reputation of Plaintiff, and the likeliness and foresee ability of harm caused Plaintiff by such actions by the false and defamatory statements or inferences by Defendants regarding Plaintiff.

92. The untrue and defamatory statements by Defendants described above have harmed and will continue in the future to harm the business and personal reputation of Plaintiff and they have deterred and will in the future deter third persons from associating, hiring or dealing with Plaintiff.

93. Unlike a false and defamatory statement regarding an individual made in a newspaper or a weekly tabloid, *The Last Run* will remain in the public stream for decades and certainly the rest of Plaintiff's remaining life.

94. *The Last Run* contains serious violations of the important public policy that individuals such as Plaintiff are entitled to their privacy and should be free to enjoy their reputations unimpaired by false or defamatory statements or suggestions of impropriety as done by Defendants as alleged in this complaint.

C. MICHAEL HOUGH
Attorney at Law
3733 Ben Walters Lane, Ste 2
Homer, Alaska 99603
Tel: (907) 235-8184
Fax: (907) 235-2420

95. Plaintiff believes he is now, and will in the future be, a shunned, discredited and emotionally troubled man due to the wrongful, negligent and/or reckless acts of Defendants as alleged, and such actions by Defendants have caused Plaintiff emotional harm, pain, suffering, worry, grief, losses, damages, expenses, concerns and fears.

96. The defamatory statements as alleged have created significant harm to Plaintiff's personal and business reputation and have caused him considerable difficulties obtaining managerial employment, which will continue to harm him in the future.

97. The published statements and marketing statements by Defendants regarding Plaintiff as referenced above were non-privileged publications to third parties, and in this case to the public in general, and such publication will continue in the future.

98. Defendants knew or should have known that Plaintiff objected to Defendants making any of the false or misleading statements, inferences or representations set forth above, as well as objected to Defendants disclosing to the public any of the information, circumstances or facts set forth above if true.

99. The publications of the information referred to in paragraph 24 as it relates to Plaintiff as an "end of the roader", "misfit", "unsavory and troubled person" and alcoholic, as well as specifically the statements, representations and inferences by Defendants regarding Plaintiff as stated in paragraphs 28 through and including 56 were unprivileged publications to a third party, in this case the public and others more narrowly defined above.

100. Defendant Todd Lewan had written various articles in publications regarding the sinking of the La Conte, prior to publication of *The Last Run,* making false statements regarding Plaintiff, including Defendant Lewan indicating falsely that he had talked to Plaintiff regarding such events and statements concerning Plaintiff.

C. MICHAEL HOUGH
Attorney at Law
3733 Ben Walters Lane, Ste 2
Homer, Alaska 99603
Tel: (907) 235-8184
Fax: (907) 235-2420

AMENDED COMPLAINT                                              Page 17 of 32

101. Defendant Todd Lewan was thereafter, in reference to paragraph 100, almost immediately contacted by Plaintiff and informed and warned by Plaintiff that Defendant Todd Lewan and his publishers, identified at that time by Defendant Todd Lewan as Defendant HarperCollins, must not make any such false, defamatory, or misleading statements regarding Plaintiff in *The Last Run*; that Defendants must be very careful not to defame Plaintiff; and that if Plaintiff did provide Defendants with any interviews, information, photographs, or other items regarding Plaintiff, including background information in discussions between Defendant Todd Lewan and Plaintiff regarding Plaintiff, his family, employment, and other information of a personal, private embarrassing, humiliating, degrading, offensive, or potentially harmful nature, as requested by Defendant Todd Lewan for background information only and never to be made public or disclosed in *The Last Run*, then in return, for such interviews and information, Defendant Todd Lewan, for himself and on behalf of Defendant HarperCollins, the publisher for The Last Run story, promised, swore, agreed and guaranteed Plaintiff that nothing contained in *The Last Run* regarding Plaintiff, his family, employment or life would be untrue, inaccurate, or misleading, and specifically that absolutely nothing of a private, personal, embarrassing, humiliating, degrading, or offensive nature regarding Plaintiff, his former wife, his parents, or his children would be contained in *The Last Run*; and further, Defendant Lewan agreed and promised specifically that Defendants would provide Plaintiff an opportunity prior to publication of *The Last Run*, as the book came to be called, to review, correct, or delete objectionable information Defendants obtained from Plaintiff or as a result of the information Plaintiff provided Defendants.

102. Defendants, by Defendant Todd Lewan for himself and on behalf of Defendant HarperCollins, assured Plaintiff and swore to Plaintiff that none of the information Defendants received from Plaintiff as a result of any interviews with Plaintiff would be used by Defendants in

C. MICHAEL HOUGH
Attorney at Law
3733 Ben Walters Lane, Ste 2
Homer, Alaska 99603
Tel: (907) 235-8184
Fax: (907) 235-2420

AMENDED COMPLAINT                                      Page 18 of 32

*The Last Run* without obtaining Plaintiff's release and permission to do so, release and permission which was never given Defendants by Plaintiff.

103. Defendants breached their promises and assurances to Plaintiff set forth in paragraphs 101 and 102 above in that Defendant Todd Lewan informed Plaintiff that his publishers of *The Last Run*, Defendant HarperCollins, refused to wait for such permission and release by Plaintiff as Defendants had promised, since Defendant HarperCollins indicated to Defendant Todd Lewan that significant profits were being lost and considerable expenses were being incurred by Defendant HarperCollins by any delay in Defendants' publication and sale of *The Last Run*.

103a. Defendants, knowing of Plaintiff's objections, distributed the paperback version of *The Last Run* without making corrections of wrongful statements, in breach of duties owed Plaintiff.

### Recklessness of Defendants Acts

104. Plaintiff incorporates all of paragraphs 1 through 103 as though fully set forth.

104a. At the time Defendants released for sale, and marketed, advertised, promoted,, and distributed the paperback version of *The Last Run* in July of 2005, Defendants knew or should have known that the statements contained in *The Last Run* and referenced in this amended complaint were false and defamatory or invaded the privacy of Plaintiff as alleged in this amended complaint.

105. The actions of Defendants described in paragraphs 25 through 103a were done in reckless disregard for the truth and for the rights of Plaintiff, and otherwise meet the level of wrongfulness, reckless disregard for the rights of Plaintiff, willfulness, and/or carelessness necessary for an award to Plaintiff for payment by Defendants of exemplary or punitive damages.

### Amount of Damages

C. MICHAEL HOUGH
Attorney at Law
3733 Ben Walters Lane, Ste 2
Homer, Alaska 99603
Tel: (907) 235-8184
Fax: (907) 235-2420

AMENDED COMPLAINT                                                                 Page 19 of 32

106. Plaintiff has been harmed and has suffered actual and special damages, and damages per se, and will continue to suffer such damages in the future, in an amount exceeding $1,000,000.00, the amount to be shown at the time of trial, all as a direct and proximate result of the negligent and false publication by Defendants to the public of the defamatory, libelous, untrue, non-privileged statements made and published to the public as set forth above in this complaint.

107. The false and defamatory statements of Plaintiff by Defendants as set forth herein are in themselves defamations per se and actionable irrespective of special harm, though such special harms caused by such publication do exist, injuries entitling Plaintiff to recover damages from Defendants in excess of $1,000,000.00 since Plaintiff is a private citizen with regard to such matters, the defamatory statements were and are not true, and Defendants were not privileged to publish such statements.

108. Plaintiff has been harmed and suffered, actual and special damages, and damages per se, in an amount to be shown at the time of trial, all as a direct and proximate result of the willful misconduct and reckless disregard by Defendants for the rights of Plaintiff in their defamatory, libelous, untrue, non-privileged statements made and published to the public, and Plaintiff therefore is entitled to punitive damages in an amount exceeding nine times actual compensatory damages, the amount to be shown at the time of trial.

### Count II

### Invasion of Privacy – False Light

109. Plaintiff incorporates paragraphs 1 to 55 and all of Count I as though fully set forth.

110. Defendants in *The Last Run* gave publicity to matters concerning Plaintiff that place him before the public in a false light.

C. MICHAEL HOUGH
Attorney at Law
3733 Ben Walters Lane, Ste 2
Homer, Alaska 99603
Tel: (907) 235-8184
Fax: (907) 235-2420

AMENDED COMPLAINT                                                    Page 20 of 32

111. Defendants have portrayed Plaintiff to the public in a false light, such as, by way of example, that false portrayal stated in a book review of *The Last Run* , in the advertisement, promotion, distribution and sale of The Last Run which describes *The Last Run,* as follows:

> The story (of *The Last Run*) mostly follows Bob Doyle, a lifelong loser who was dishonorably discharged from the Coast Guard after his marriage fell apart, and who is moping around Sitka and living off of the kindness of strangers … Bob is sympathetic in a train wreck sort of way … ." (PopMatters.com by Rebecca Onion, dated August 3, 2004).

112. In breach of duties owed Plaintiff, the publicity given by Defendants in *The Last Run* regarding matters concerning Plaintiff placed Plaintiff before the public in a false light, even if not defamatory, was and is highly offensive to a reasonable person, including Plaintiff, his family, son, daughter, mother, friends, acquaintances and other reasonable people, proximately causing Plaintiff emotional, psychological and mental distress, worry, fright, embarrassment, as well as special damages, damages per se, loss of employment opportunities and all other losses, injuries and damages alleged in Court I and this Count II.

113. Defendants had knowledge of and/or acted in reckless disregard as to the falsity of the publicized false statements, inferences, suggestions and inferences stated in Count I above and to the false light in which Plaintiff is placed before others.

114. As a direct and proximate result of the wrongful actions of Defendants, as alleged in this Count II, Plaintiff has been harmed by and is entitled to receive payment from Defendants in the amounts stated in paragraphs 106 to 108 by portraying Plaintiff to the public in a false light, including Plaintiff's mental distresses suffered by Plaintiff which are of kinds that normally result from such invasions, and all special damages of which such invasion is a legal cause.

### Count III

### Disclosure to the Public of Private Facts

C. MICHAEL HOUGH
Attorney at Law
3733 Ben Walters Lane, Ste 2
Homer, Alaska 99603
Tel: (907) 235-8184
Fax: (907) 235-2420

115. Plaintiff incorporates all of paragraphs 1 through 56 inclusive as though fully set forth.

116. The statements by Defendants set forth in Paragraphs 37, 42 to 44, 49, and 51 to 53, as well as paragraph 45 except as to the knowledge or involvement of Plaintiff above are true, private, humiliating and embarrassing facts and disclose to the public private, intimate details of Plaintiff's life, family, marriage, and alcoholism; made true though private facts regarding Plaintiff's use of alcohol; the difficulties Plaintiff experienced with the Coast Guard and his superior officer; the facts regarding the infidelities and other sexual activities of Plaintiff's former wife; Plaintiff's mental condition, stress and his mental and emotional difficulties and problems; his financial problems; his employment problems; his visit to a whore-house for three days, and other subjects of a personal private, humiliating, embarrassing and degrading nature regarding Plaintiff and contained in *The Last Run* or in the marketing of *The Last Run*.

116a. Defendants, by writing, publishing, marketing and distributing *The Last Run*, and in other ways, negligently stated, inferred or represented to the public that Plaintiff visited a "whorehouse" and otherwise acted in an immoral and repulsive manner.

117. The true statements by Defendants described in paragraph 116 and 116a above are private facts and the disclosures to the public by Defendants of such private but true facts have harmed and will continue in the future to harm the business and personal reputation, mental health and enjoyment of life of Plaintiff and they have deterred and will in the future deter third persons from associating or dealing with Plaintiff, as well as cause Plaintiff emotional and mental anguish, harm, embarrassment, worry and other losses, injuries and damages.

118. The actions of Defendants as alleged in this Count III violated and invaded Plaintiff's rights of privacy by disclosing private though true facts regarding Plaintiff to the public

C. MICHAEL HOUGH
Attorney at Law
3733 Ben Walters Lane, Ste 2
Homer, Alaska 99603
Tel: (907) 235-8184
Fax: (907) 235-2420

AMENDED COMPLAINT                                             Page 22 of 32

concerning Plaintiff's business character; his personal and business integrity, honesty, sobriety, actions, occupational practices, lawfulness, religious beliefs, effects of his actions; his sexual relationships, conduct and practices; his marriage, and family and otherwise subject Plaintiff to ridicule, embarrassment, humiliation, worry, fright, mental anguish and scorn, when such depictions and inferences are true but private, injuring him personally and in his business enterprises and have caused Plaintiff to suffer severe emotional and mental distress and worry.

119. In violation of duties owed Plaintiff, Defendants unreasonably and seriously interfered with Plaintiff's interests in not having true but highly offensive, humiliating, and embarrassing private facts known to others, including the public, by publishing such private facts regarding Plaintiff in *The Last Run.*

120. The intrusions and disclosures to the public of such true but private facts were highly offensive to Plaintiff, his daughter, his son, his family, friends and other reasonable persons.

121. The intrusions, publications and disclosures to the public of the true but private facts referenced in this Count III were done in an unreasonable manner and/or for unwarranted and wrongful purposes.

122. The intrusions, publications, and disclosures referenced in this Count III were not legitimate concerns to the public.

123. Defendants have wrongfully, and in breach of duties owed Plaintiff, intruded into the private life and activities of Plaintiff by wrongfully disclosing to the public and giving publicity to the life of Plaintiff regarding private true facts concerning the private life of Plaintiff in a manner that would be highly offensive to a reasonable person and outrage and offend a person of ordinary sensibilities and have caused Plaintiff shame, humiliation and embarrassment.

C. MICHAEL HOUGH
Attorney at Law
3733 Ben Walters Lane, Ste 2
Homer, Alaska 99603
Tel: (907) 235-8184
Fax: (907) 235-2420

124. Defendants were or should have been aware of the seriousness and harm to Plaintiff of the statements, inferences and representations regarding Plaintiff set forth above when presented to the public as "absolutely" true, "completely" accurate, verifiable, and thoroughly researched and documented, and representing to the public that nothing is in *The Last Run* is imaginary, reconstructed or made up by Defendants.

125. Defendants were or should have been aware of the seriousness of Defendants' presentation, publication, promotion, advertisements, interviews, trade releases and announcements and distribution to the public of dialog, statements, inferences, suggestions and facts as true regarding private facts of Plaintiff concerning the honesty, managerial skills, lawfulness, employability, personal reputation, sobriety, domestic facts, business reputation and sexual matters regarding Plaintiff and his family, and the likeliness and foresee ability of harm caused Plaintiff by such actions.

126. The disclosures to the public of the true but private facts by Defendants as described in this Count III have harmed and will continue in the future to harm the business and personal reputation of Plaintiff and they have deterred and will in the future deter third persons from associating, hiring or dealing with Plaintiff, and will cause Plaintiff humiliation, embarrassment, emotional and psychological injuries, together with worry, fright, depression and feelings of vulnerability and loss of control of Plaintiff's life.

127. Unlike the improper and unauthorized publication and disclosure to the public of true but private facts which are not a legitimate concern to the public and which would be highly offensive to a reasonable person made in a newspaper or a weekly tabloid regarding Plaintiff, publication and the disclosure of such facts by Defendants in *The Last Run* will remain in the public stream for decades and certainly the rest of Plaintiff's life.

C. MICHAEL HOUGH
Attorney at Law
3733 Ben Walters Lane, Ste 2
Homer, Alaska 99603
Tel: (907) 235-8184
Fax: (907) 235-2420

AMENDED COMPLAINT                                                Page 24 of 32

128. *The Last Run* contains serious violations of the important public policy that individuals such as Plaintiff are entitled to their privacy and should be free to enjoy their privacy unimpaired by the unauthorized publication and disclosure to the public of true but private, embarrassing and highly offensive information which is not a legitimate concern to the public, as done by Defendants as alleged in this complaint.

129. Plaintiff believes he is now, and will in the future be, a shunned, discredited and mentally troubled man due to the wrongful, negligent and/or reckless acts of Defendants as alleged in this Count III, and such actions by Defendants have caused Plaintiff emotional harm, pain, suffering, worry, grief, losses, damages, expenses, concerns and fears.

130. The wrongful disclosure of true but private facts by Defendants as alleged in this Count III have created significant harm to Plaintiff's personal and business reputation and have caused him considerable difficulties obtaining managerial employment, which will continue to harm him in the future.

131. The wrongful disclosure of true but private facts by Defendants as alleged in this Count III were non-privileged publications to third parties, and in this case to the public in general, and such publication will continue in the future.

132. Defendants knew or should have known that Plaintiff objected to Defendants making public or publishing any of the disclosures, inferences or representations regarding Plaintiff as referred to in this Count III.

133. Plaintiff has been harmed and has suffered actual and special damages, and damages per se, and will continue to suffer such damages in the future, in an amount exceeding $1,000,000.00, the amount to be shown at the time of trial, all as a direct and proximate result of the publication to the public of the non-privileged, private but true statements of a highly offensive

C. MICHAEL HOUGH
Attorney at Law
3733 Ben Walters Lane, Ste 2
Homer, Alaska 99603
Tel: (907) 235-8184
Fax: (907) 235-2420

nature as alleged in this Count III, made and published to the public by Defendants as referred to in this complaint.

134. The actions of Defendants as set forth in this Count III are injuries in themselves without the requirement of actual damages, entitling Plaintiff to recover damages from Defendants in excess of $1,000,000.00.

135. Plaintiff has been harmed and suffered, actual and special damages, and damages per se, in an amount to be shown at the time of trial, all as a direct and proximate result of the willful misconduct and reckless disregard by Defendants for the rights of Plaintiff as alleged in this Count III, and Plaintiff therefore is entitled to punitive damages in an amount exceeding nine times actual compensatory damages, the amount to be shown at the time of trial.

<strong>Count IV</strong>

<strong>Invasion of Privacy by Intrusion Upon the Seclusion of Plaintiff and/or His Private Affairs or Concerns</strong>

136. Plaintiff incorporates all of Count I, Count II, and Count III herein as though fully set forth.

137. Defendants, by Defendant Todd Lewan, for himself and on behalf of Defendant HarperCollins, promised, guaranteed, assured and swore that none of the truthful but private, embarrassing and/or humiliating information Defendants received from Plaintiff as a result of any interviews and material Plaintiff provided Defendants would never be used by Defendants in *The Last Run* without obtaining Plaintiff's permission to do so.

138. Plaintiff did not give Defendants or either of them the permission referenced in paragraph 137.

C. MICHAEL HOUGH
Attorney at Law
3733 Ben Walters Lane, Ste 2
Homer, Alaska 99603
Tel: (907) 235-8184
Fax: (907) 235-2420

AMENDED COMPLAINT                                                          Page 26 of 32

139. Defendants breached their promises and assurances to Plaintiff set forth in paragraph 137 above in that Defendant Todd Lewan informed Plaintiff that Defendant HarperCollins refused to wait for the required permission and release by Plaintiff referred to this in this Count IV since Defendant HarperCollins indicated to Defendant Todd Lewan that significant profits were being lost by Defendants and that considerable expenses were being incurred by Defendants because of delay in publication and sale of *The Last Run* by Defendants.

140. Defendant Todd Lewan, for himself and Defendant HarperCollins regarding *The Last Run*, promised Plaintiff that Plaintiff's photograph and any information Defendant Todd Lewan received from Plaintiff as a result of interviews, correspondence and discussions with Plaintiff regarding Plaintiff's personal life, information regarding Plaintiff's family, former wife, friends, employment, drinking, emotional difficulties, and any other information Defendant received from Plaintiff of any nature would not be used in *The Last Run* by Defendant Todd Lewan or by Defendant HarperCollins without Plaintiff's permission.

141. Defendants breached their promise set forth in paragraphs 140 above.

142. When Plaintiff contacted Defendant Todd Lewan following publication by Defendants of *The Last Run* and informed Defendant Todd Lewan that *The Last Run* contained defamatory material regarding Plaintiff, and that *The Last Run* contained highly personal and embarrassing information Plaintiff provided Defendant Todd Lewan which Defendant Todd Lewan swore to Plaintiff would never be used by Defendants in *The Last Run* and otherwise portrayed Plaintiff to the public in a false light or in a humiliating, highly offensive manner, and that Defendants' actions were in breach of Defendants' promises to Plaintiff, Defendant Todd Lewan then informed Plaintiff that Defendant HarperCollins refused to comply with Defendant Todd Lewan's promises to Plaintiff because Defendants' printing of *The Last Run* was behind

C. MICHAEL HOUGH
Attorney at Law
3733 Ben Walters Lane, Ste 2
Homer, Alaska 99603
Tel: (907) 235-8184
Fax: (907) 235-2420

AMENDED COMPLAINT

schedule at the time of publication of *The Last Run* and that Defendant Todd Lewan was "in

trouble" with Defendant HarperCollins and therefore Defendant HarperCollins published *The Last

Run* without the required permission of Plaintiff, for which Defendant Todd Lewan apologized to

Plaintiff and asked forgiveness for harming Plaintiff who had been so helpful to Defendant Todd

Lewan regarding *The Last Run*.

143. Plaintiff has been damaged by the wrongful and unauthorized actions of Defendants,

as alleged in this Count IV, including lost income, lost income opportunities, and the medical and

medically related costs associated with the emotional and mental damages Plaintiff has suffered,

as well as worry, fright, embarrassment, depression, and other emotional and mental damages.

144. Defendants intentionally invaded Plaintiff's privacy by intrusion upon his seclusion

and solitude of Plaintiff and/or his private affairs or concerns , doing so by subterfuge, trickery,

deception, untruthfulness , misrepresentations of intent and use of information received from

Plaintiff or regarding Plaintiff of a highly personal, humiliating, and embarrassing nature, making

the intrusion itself wrongful, in addition to the publication and use of such information in that

Defendants improperly induced Plaintiff to provide such information and otherwise intrude upon

his seclusion by deception, lying, misrepresentation, false promises, and assurances, which he

would not have provided but for such promises of Defendants.

145. The wrongful actions of Defendants have intruded upon Plaintiff's physical and

mental solitude and seclusion of Plaintiff and of his private affairs and concerns and were in

violation of duties owed Plaintiff by Defendants.

146. Defendants have intruded upon the solitude and seclusion of Plaintiff and his and his

private affairs and concerns in that the interviews and other information voluntarily provided

C. MICHAEL HOUGH
Attorney at Law
3733 Ben Walters Lane, Ste 2
Homer, Alaska 99603
Tel: (907) 235-8184
Fax: (907) 235-2420

Defendants by Plaintiff were done contingent upon Defendants keeping their promises regarding such interviews, information and material.

147. Plaintiff has been harmed and has suffered actual and special damages, and damages per se, and will continue to suffer such damages in the future, as a direct and proximate result of the wrongful acts of Defendants as alleged in this Count IV in an amount exceeding $1,000,000.00, the amount to be shown at the time of trial, all as a direct and proximate result of the invasion of Plaintiff's rights of privacy by wrongful intrusion upon the seclusion and solitude of Plaintiffs in this Count IV.

148. The wrongful actions of Defendants as alleged in this Count IV were willful and in reckless disregard for the rights of Plaintiff, as well as in violation of the promises, guarantees and assurances by Defendant Todd Lewan, for himself and on behalf of Defendant HarperCollins, that Defendants would not do so without permission from Plaintiff, permission which was never given, for *The Last Run*, wrongfully using Plaintiff's name and likeness for the use and benefit of Defendants in their profitable and highly popular publication, thereby warranting an award of punitive damages equal to nine times actual and compensatory damages, in addition to the actual and compensation damages requested.

149. Plaintiff has been damaged by the wrongful and unauthorized actions of Defendants, as alleged in this Count IV, including lost income, lost income opportunities, and the medical and medically related costs associated with the emotional and mental damages Plaintiff has suffered, as well as worry, fright, embarrassment, depression, and other emotional and mental damages.

150. The wrongful actions of Defendants as alleged were willful and in reckless disregard for the rights of Plaintiff, thereby warranting an award of punitive damages equal to nine times actual and compensatory damages.

C. MICHAEL HOUGH
Attorney at Law
3733 Ben Walters Lane, Ste 2
Homer, Alaska 99603
Tel: (907) 235-8184
Fax: (907) 235-2420

AMENDED COMPLAINT                                                      Page 29 of 32

151. Plaintiff has been harmed and has suffered actual and special damages, and damages per se, and will continue to suffer such damages in the future, as a direct and proximate result of the wrongful acts of Defendants, in an amount exceeding $1,000,000.00, the amount to be shown at the time of trial, all as a direct and proximate result of the invasion of Plaintiff's rights of privacy as alleged in this Count IV.

152. Plaintiff has been harmed and suffered actual and special damages, and damages per se, in an amount to be shown at the time of trial, all as a direct and proximate result of the willful misconduct and reckless disregard by Defendants for the rights of privacy of Plaintiff by Defendants as alleged in this Count IV, and Plaintiff therefore is entitled to punitive damages in an amount exceeding $1,000,000.00, the amount to be shown at the time of trial.

### Count V
### Unjust Enrichment/Breach of Promise

153. Plaintiff incorporates paragraphs 1 to 152 above as though fully set forth.

154. Defendant Todd Lewan, for himself and Defendant HarperCollins regarding *The Last Run*, promised Plaintiff that Plaintiff's photograph and any information Defendant Todd Lewan received from Plaintiff as a result of interviews, correspondence and discussions with Plaintiff regarding Plaintiff's personal life, information regarding Plaintiff's family or former wife, friends, employment, drinking, emotional difficulties, and any other information Defendant received from Plaintiff of any nature would not be used in *The Last Run* by Defendant Todd Lewan or by Defendant HarperCollins without his permission, as well as made promises and assurances of financial and other benefits in the event permission was granted.

155. Defendants breached their promises set forth in paragraphs 100 to 102 above.

156 Defendants breached their promises and assurances made to Plaintiff and used information he provided Defendants based on such promises and assurances in an effort to

C. MICHAEL HOUGH
**Attorney at Law**
3733 Ben Walters Lane, Ste 2
Homer, Alaska 99603
Tel: (907) 235-8184
Fax: (907) 235-2420

AMENDED COMPLAINT

wrongfully obtain financial advantage and enhance their profits, income and opportunities from the sales of *The Last Run*.

157. Defendants have been unjustly enriched by their wrongful actions as alleged, resulting in profits, income and opportunities in an amount unknown at the present time, but in an amount exceeding the net proceeds from the sale of *The Last Run*.

158. Plaintiff is entitled to payment from Defendants for all profits, income and value of opportunities Defendants have received and will receive in the future because of the wrongful actions of Defendants as alleged in this complaint.

159. Plaintiff has been harmed and has suffered actual and special damages, and damages per se, and will continue to suffer such damages in the future, as a direct and proximate result of the wrongful acts of Defendants, in an amount exceeding $1,000,000.00, the amount to be shown at the time of trial, all as a direct and proximate result of the invasion of Plaintiff's rights of privacy as alleged in this Count V.

160. Plaintiff has been harmed and suffered actual and special damages, and damages per se, in an amount to be shown at the time of trial, all as a direct and proximate result of the willful misconduct and reckless disregard by Defendants for the rights of Plaintiff by Defendants as alleged in this Count V, and Plaintiff therefore is entitled to punitive damages in an amount exceeding $1,000,000.00, the amount to be shown at the time of trial.

WHEREFORE, Plaintiff requests judgment against Defendants, jointly and severally, in an amount in excess of $1,000,000.00 for losses, injuries, damages, emotional harm, grief and worry both personally as well as in business and business related matters, as a result of the defamatory actions of Defendants as alleged in Count I above; for judgment against Defendants, jointly and severally, in an amount in excess of $1,000,000.00 for invasion of Plaintiff's rights of privacy by

C. MICHAEL HOUGH
Attorney at Law
3733 Ben Walters Lane, Ste 2
Homer, Alaska 99603
Tel: (907) 235-8184
Fax: (907) 235-2420

AMENDED COMPLAINT                                                          Page 31 of 32

portraying Plaintiff in a false light as alleged in Count II above; for judgment against Defendants, jointly and severally, in an amount in excess of $1,000,000.00 for invasion of Plaintiff's rights of privacy as alleged in Count III above by publishing true but private unprivileged facts and information regarding Plaintiff; for judgment against Defendants, jointly and severally, in an amount in excess of $1,000,000.00 for invasion of Plaintiff's rights of privacy as alleged in Count IV above for intrusion upon the seclusion of Plaintiff; for judgment against Defendants, jointly and severally, in an amount in excess of $1,000,000.00 for invasion of Plaintiff's rights of privacy as alleged in Count V above for unjust enrichment and breach of promise as alleged by Plaintiff in this complain, primarily Count V; for judgment against Defendants for payment to Plaintiff of all income, profit, and the value of opportunities Defendants have received or will receive in the future from the sales of *The Last Run*; for judgment requiring Defendants to pay Plaintiff punitive damages in an amount equal to nine times the actual and compensatory damages awarded Plaintiff; for an order requiring Defendants to pay Plaintiff's costs and attorneys fees; and for such other and further relief as the court deems just.

Dated this 23rd day of June, 2006.

    s/Michael Hough
MICHAEL HOUGH
Attorney for Plaintiff
3733 Ben Walters Lane, Suite 2
Homer, Alaska 99603
Phone: (907) 235-8184
Fax: (907) 235-2420
ABA #7405022

H:\Docs\Wiley\Doyle\wileylibeldoylecomplaintamend062006.doc

C. MICHAEL HOUGH
Attorney at Law
3733 Ben Walters Lane, Ste 2
Homer, Alaska 99603
Tel: (907) 235-8184
Fax: (907) 235-2420

AMENDED COMPLAINT                                                    Page 32 of 32