Jon S. Dawson
Eric J. Jenkins
Davis Wright Tremaine LLP
701 W. 8th Avenue, Suite 800
Anchorage, Alaska  99501
(907) 257-5300

Attorneys for HarperCollins Publishers, L.L.C.
  and Todd Lewan

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

ROBERT DOYLE,                                   )
                                                )
                              Plaintiff,         )
                                                )   Case No. 3:05 - cv - 00300 (TMB)
vs.                                             )
                                                )
HARPER COLLINS PUBLISHERS, INC.                 )
and TODD LEWAN,                                 )
                                                )   **ANSWER TO AMENDED**
                              Defendants.        )   **COMPLAINT**
_____ )

        Defendants HarperCollins Publishers LLC ("HarperCollins") and Todd Lewan

("Lewan") answer the Amended Complaint of Plaintiff Robert Doyle ("Doyle") as

follows:

        1.      Admitted.

        2.      Admitted.

**Davis Wright Tremaine LLP**
LAW OFFICES
Suite 800 · 701 West 8th Avenue
Anchorage, Alaska  99501
(907) 257-5300 · Fax: (907) 257-5399

3.      Answering paragraph 3, the Defendants admit only that HarperCollins' principal offices are outside the State of Alaska; that it is the publisher of, and a seller and distributor of, <u>The Last Run</u>; that it engaged in certain promotional activities; that it employed persons who edited <u>The Last Run</u>; that <u>The Last Run</u> is written by Lewan; that the book was published in hardcover format in June 2004; that the book was published in paperback format in July 2005; and that the book was sold in Alaska and other states and countries.  The Defendants deny all remaining facts alleged in paragraph 3.

4.      Answering paragraph 4, the Defendants admit only that many of the events that are the subject of <u>The Last Run</u> took place in Alaska, and many characters in the book and witnesses to the events described in the book currently live in Alaska, or lived in Alaska when the events described in the book occurred.  The Defendants deny that all events described in the book took place in Alaska, or that all characters or witnesses have lived, or currently live, in Alaska.

5.      Answering paragraph 5, the Defendants admit that <u>The Last Run</u> was researched in Alaska by Lewan and that Lewan and HarperCollins engaged in certain Alaska promotional activities related to the book.  The Defendants further admit that sales of the book have been made by HarperCollins to Alaska residents.  All remaining facts alleged in paragraph 5 are denied.

6.      Denied.

7.      Admitted.

**Davis Wright Tremaine LLP**
LAW OFFICES
Suite 800 · 701 West 8th Avenue
Anchorage, Alaska 99501
(907) 257-5300 · Fax: (907) 257-5399

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**Davis Wright Tremaine LLP**
LAW OFFICES
Suite 800 · 701 West 8th Avenue
Anchorage, Alaska  99501
(907) 257-5300 · Fax: (907) 257-5399

    8.     Answering paragraph 8, the Defendants admit that <u>The Last Run</u> is a non-fiction book, and that one subject of the book is the sinking of the Alaska fishing vessel La Conte near Sitka, Alaska.  The Defendants further admit that the book is promoted, marketed and sold as a non-fiction book.  The Defendants deny that the only subject of the book is the sinking of the La Conte.

    9.     Answering paragraph 9, the Defendants admit that Doyle is one of the principal characters in <u>The Last Run</u>, and that he lived in Sitka, Alaska during the period of time that many of the events in <u>The Last Run</u> took place.  The Defendants further admit that many of the other characters in <u>The Last Run</u> lived in or around Sitka, Alaska during the period of time that many of the events in <u>The Last Run</u> took place.  The Defendants deny that all of the characters in <u>The Last Run</u> lived in or near Sitka, Alaska, or that all of the important events described in the book took place there.

    10.    Answering paragraph 10, the Defendants lack information or knowledge sufficient to admit or deny the facts alleged in paragraph 10 and therefore deny the same.

    11.    Denied.

    12.    Answering paragraph 12, the Defendants admit only that <u>The Last Run</u> says what it says.  The Defendants refer the Court to the complete text of the book for a full and accurate description of its contents.

13.     Answering paragraph 13, the Defendants admit only that <u>The Last Run</u> was thoroughly researched, and that it says what it says.  The Defendants refer the Court to the complete text of the book for a full and accurate description of its contents.

14.     Denied.

15.     Answering paragraph 15, the Defendants admit only that <u>The Last Run</u> says what it says.  The Defendants refer the Court to the complete text of the book for a full and accurate description of its contents.

16.     Answering paragraph 16, the Defendants admit only that they have represented that <u>The Last Run</u> is a non-fiction book, and that efforts were made to accurately reconstruct the dialogue and events presented in the book.  The Defendants refer the Court to the complete text of the book for a full and accurate description of its contents.  The Defendants deny the remaining facts alleged in paragraph 16.

17.     Denied.

18.     Answering paragraph 18, the Defendants admit only that they have represented that Lewan attempted to accurately portray the situations and events described in <u>The Last Run</u>, and to accurately reconstruct dialogue among characters.  The Defendants refer the Court to the complete text of the book for a full and accurate description of its contents.  The Defendants deny the remaining facts alleged in paragraph 18.

19.     Denied.

**Davis Wright Tremaine LLP**
LAW OFFICES
Suite 800 · 701 West 8th Avenue
Anchorage, Alaska 99501
(907) 257-5300 · Fax: (907) 257-5399

20.    Answering paragraph 20, the Defendants admit only that the quoted excerpt from <u>The Last Run</u> says what it says, and refer the Court to the complete text of the book for a full and accurate description of its contents.

21.    Denied.

22.    Answering paragraph 22, the Defendants admit only that <u>The Last Run</u> says what it says.  The Defendants refer the Court to the complete text of the book for a full and accurate description of its contents.

23.    Denied.

24.    Answering paragraph 24, the Defendants admit only that the subjects of <u>The Last Run</u> include, without limitation, the sinking of the La Conte in January 1998, and the lives of the crew of the La Conte.  The Defendants further admit that <u>The Last Run</u> says what it says, and refer the Court to the complete text of the book for a full and accurate description of its contents.  The Defendants deny the remaining facts alleged in paragraph 24, and specifically deny that paragraph 24 accurately characterizes the book's portrayal of the La Conte crew.

25.    Answering paragraph 25, the Defendants admit only that <u>The Last Run</u> says what it says, and refer the Court to the complete text of the book for a full and accurate description of its contents.  The Defendants deny that paragraph 25 accurately characterizes the subject-matter of the book.

**Davis Wright Tremaine LLP**
LAW OFFICES
Suite 800 · 701 West 8th Avenue
Anchorage, Alaska 99501
(907) 257-5300 · Fax: (907) 257-5399

26.    Answering paragraph 26, the Defendants admit only that the events in Doyle's life described in the book are an important part of the theme or storyline of <u>The Last Run</u>.  The Defendants deny that paragraphs 24 and 25 accurately characterize the book, the statements in the book, or the manner in which Doyle is depicted in the book. The Defendants deny any additional facts alleged in paragraph 26.

27.    Answering paragraph 27, the Defendants admit only that references in the book to "end-of-the-roaders" and "misfits" sometimes include Doyle.  The Defendants refer the Court to the complete text of the book for a full and accurate description of its contents.  The Defendants deny that paragraphs 24 and 25 accurately characterize the factors that the book portrays as having motivated the crew of the La Conte, and therefore deny the remaining facts alleged in paragraph 27.

28.    Answering paragraph 28, the Defendants admit only that <u>The Last Run</u> says what it says, and refer the Court to the complete text of the book for a full and accurate description of its contents.  The Defendants deny that paragraph 28 accurately characterizes the content of <u>The Last Run</u>.

29.    Answering paragraph 29, the Defendants admit only that <u>The Last Run</u> says what it says, and refer the Court to the complete text of the book for a full and accurate description of its contents.  The Defendants deny that paragraph 29 accurately characterizes the content of <u>The Last Run</u>.

**Davis Wright Tremaine LLP**
LAW OFFICES
Suite 800 · 701 West 8th Avenue
Anchorage, Alaska 99501
(907) 257-5300 · Fax: (907) 257-5399

30.    Answering paragraph 30, the Defendants admit only that <u>The Last Run</u> says what it says, and refer the Court to the complete text of the book for a full and accurate description of its contents.  The Defendants deny that paragraph 30 accurately characterizes the content of <u>The Last Run</u>.

31.    Answering paragraph 31, the Defendants admit only that <u>The Last Run</u> says what it says, and refer the Court to the complete text of the book for a full and accurate description of its contents.

32.    Denied.

33.    Answering paragraph 33, the Defendants admit only that <u>The Last Run</u> says what it says, and refer the Court to the complete text of the book for a full and accurate description of its contents.  The Defendants deny that paragraph 33 accurately characterizes the content of <u>The Last Run</u>.

34.    Denied.

34a.    Answering paragraph 34a, the Defendants admit only that <u>The Last Run</u> says what it says, and refer the Court to the complete text of the book for a full and accurate description of its contents.

35.    Denied.

36.    Answering paragraph 36, the Defendants admit only that <u>The Last Run</u> says what it says, and refer the Court to the complete text of the book for a full and accurate description of its contents.  The Defendants deny that paragraph 36 accurately

**Davis Wright Tremaine LLP**
LAW OFFICES
Suite 800 · 701 West 8th Avenue
Anchorage, Alaska 99501
(907) 257-5300 · Fax: (907) 257-5399

characterizes the content of <u>The Last Run</u>, and specifically deny that the book suggests that Doyle was dishonorably discharged from the U.S. Coast Guard, or did not actually retire.

36a.   Denied.

37.   Answering paragraph 37, the Defendants admit only that <u>The Last Run</u> says what it says, and refer the Court to the complete text of the book for a full and accurate description of its contents.  The Defendants deny that paragraph 37 accurately characterizes the content of <u>The Last Run</u>.

38.   Answering paragraph 38, the Defendants admit only that <u>The Last Run</u> says what it says, and refer the Court to the complete text of the book for a full and accurate description of its contents.  The Defendants deny that paragraph 38 accurately characterizes the content of <u>The Last Run</u>.

39.   Answering paragraph 39, the Defendants admit only that the quoted portion of <u>The Last Run</u> says what it says, and refer the Court to the complete text of the book for a full and accurate description of its contents.  The Defendants deny that paragraph 39 accurately characterizes the content of <u>The Last Run</u>.

40.   Denied.

41.   Denied.

42.   Answering paragraph 42, the Defendants admit only that <u>The Last Run</u> says what it says and refer the Court to the complete text of the book for a full and accurate

**Davis Wright Tremaine LLP**
LAW OFFICES
Suite 800 · 701 West 8th Avenue
Anchorage, Alaska 99501
(907) 257-5300 · Fax: (907) 257-5399

description of its contents.  The Defendants deny that the subject matter addressed in paragraph 42 appears anywhere other than on page 71 of <u>The Last Run</u>.

43.    Answering paragraph 43, the Defendants admit only that <u>The Last Run</u> says what it says, and refer the Court to the complete text of the book for a full and accurate description of its contents.

44.    Answering paragraph 44, the Defendants admit only that the quoted portion of <u>The Last Run</u> says what it says, and refer the Court to the complete text of the book for a full and accurate description of its contents.  The Defendants deny that the subject matter addressed in paragraph 44 appears anywhere other than on page 71 of <u>The Last Run</u>.

45.    Answering paragraph 45, the Defendants admit only that the quoted portion of <u>The Last Run</u> says what it says, and refer the Court to the complete text of the book for a full and accurate description of its contents.  The Defendants deny that paragraph 45 is an accurate characterization of the relevant portions of the book or that the book suggests the referenced drug overdose was a suicide attempt.

46.    Answering paragraph 46, the Defendants admit only that <u>The Last Run</u> says what it says, and refer the Court to the complete text of the book for a full and accurate description of its contents.  The Defendants deny that paragraph 46 accurately characterizes the content of <u>The Last Run</u>.

**Davis Wright Tremaine LLP**
LAW OFFICES
Suite 800 · 701 West 8th Avenue
Anchorage, Alaska 99501
(907) 257-5300 · Fax: (907) 257-5399

47.     Answering paragraph 47, the Defendants admit only that the quoted portion of The Last Run says what it says, and refer the Court to the complete text of the book for a full and accurate description of its contents.  The Defendants deny that the subject matter addressed in paragraph 47 appears anywhere other than on page 75 of The Last Run.

48.     Answering paragraph 48, the Defendants admit only that the referenced portions of The Last Run say what they say, and refer the Court to the complete text of the book for a full and accurate description of its contents.  The Defendants deny that paragraph 48 is an accurate characterization of the relevant portions of the book.

49.     Answering paragraph 49, the Defendants admit only that The Last Run says what it says, and refer the Court to the complete text of the book for a full and accurate description of its contents.  The Defendants deny that paragraph 49 is an accurate characterization of the relevant portions of the book, or that the subject matter addressed in paragraph 49 appears anywhere other than on page 75 of The Last Run.

50.     Answering paragraph 50, the Defendants admit only that the quoted portion of The Last Run says what it says, and refer the Court to the complete text of the book for a full and accurate description of its contents.

51.     Denied.

52.     Denied.

**Davis Wright Tremaine LLP**
LAW OFFICES
Suite 800 · 701 West 8th Avenue
Anchorage, Alaska 99501
(907) 257-5300 · Fax: (907) 257-5399

53.    Answering paragraph 53, the Defendants admit only that <u>The Last Run</u> says what it says, and refer the Court to the complete text of the book for a full and accurate description of its contents.

54.    Answering paragraph 54, the Defendants admit only that <u>The Last Run</u> says what it says, and refer the Court to the complete text of the book for a full and accurate description of its contents.  The Defendants deny that paragraph 54 accurately quotes the text of the book, or that paragraph 54 accurately characterizes the relevant portions of the book.

55.    Denied.

56.    Denied.

57.    The Defendants incorporate by reference their responses to paragraphs 1 though 56 above.

58.    Denied.

58a.    Answering paragraph 58a, the referenced paragraphs of the Plaintiff's Amended Complaint are not accurate statements of the content of <u>The Last Run</u>.  The facts alleged in paragraph 58a are denied.  In addition, paragraph 58a also states legal conclusions to which no response is required.

59.    Answering paragraph 59, paragraph 45 of the Plaintiff's Amended Complaint is not an accurate statement of the content of <u>The Last Run</u>.  The facts alleged

**Davis Wright Tremaine LLP**
LAW OFFICES
Suite 800 · 701 West 8th Avenue
Anchorage, Alaska 99501
(907) 257-5300 · Fax: (907) 257-5399

in paragraph 59 are denied.  In addition, paragraph 59 also states legal conclusions to which no response is required.

60.     Answering paragraph 60, the referenced paragraphs of the Plaintiff's Amended Complaint are not accurate statements of the content of <u>The Last Run</u>.  The facts alleged in paragraph 60 are denied.

61.     Answering paragraph 61, the Defendants admit only that the statements referenced in paragraph 24 are not defamatory.  The referenced paragraphs of the Plaintiff's Amended Complaint are not accurate statements of the content of <u>The Last Run</u>.  The Defendants deny all remaining facts alleged in paragraph 61.

62**.**     Denied.

63.     Denied.

64.     Denied.

65.     Denied.

66.     Denied.

67.     Denied.

68.     Denied.

69.     Denied.

70.     Denied.

71.     Denied.

72.     Denied.

**Davis Wright Tremaine LLP**
LAW OFFICES
Suite 800 · 701 West 8th Avenue
Anchorage, Alaska 99501
(907) 257-5300 · Fax: (907) 257-5399

73.    Denied.

74.    Answering paragraph 74, paragraph 74 states legal conclusions to which no response is required.  Insofar as paragraph 74 alleges facts that require a response, all such facts are denied.

75.    Denied.

76.    Denied.

77.    Denied.

78.    Denied.

79.    Denied.

80.    Denied.

81.    Denied.

82.    Denied.

83.    Denied.

84.    Denied.

85.    Denied.

86.    Denied.

87.    Denied.

88.    Answering paragraph 88, the Defendants deny that The Last Run contains any false or defamatory statements about the plaintiff.  The Defendants lack information

**Davis Wright Tremaine LLP**
LAW OFFICES
Suite 800 · 701 West 8th Avenue
Anchorage, Alaska 99501
(907) 257-5300 · Fax: (907) 257-5399

or knowledge sufficient to admit or deny the remaining facts alleged in paragraph 88 and therefore deny the same.

89.    Denied.

90.    Denied.

91.    Denied.

92.    Denied.

93.    Answering paragraph 93, the Defendants lack information or knowledge sufficient to admit or deny that The Last Run will remain in the "public stream" for decades or for the remainder of Plaintiff's life and therefore deny the same.  The Defendants deny that The Last Run contains any false or defamatory statements and deny all other facts alleged in paragraph 93.

94.    Denied.

95.    Denied.

96.    Denied.

97.    Answering paragraph 97, the Defendants admit only that The Last Run may continue to be sold in the near future, and that the book is available for purchase by the general public.  The remainder of paragraph 97 states legal conclusions to which no response is required.  Insofar as paragraph 97 alleges any additional facts that require a response, all such facts are denied.

98.    Denied.

**Davis Wright Tremaine LLP**
LAW OFFICES
Suite 800 · 701 West 8th Avenue
Anchorage, Alaska 99501
(907) 257-5300 · Fax: (907) 257-5399

99.    Answering paragraph 99, the paragraphs from Plaintiff's Amended Complaint that are referenced in paragraph 99 do not accurately characterize the content of The Last Run and all facts alleged related to those paragraphs are denied. The remainder of paragraph 99 states legal conclusions to which no response is required. Insofar as paragraph 99 alleges any additional facts that require a response, all such facts are denied.

100.    Answering paragraph 100, the Defendants admit only that Lewan wrote articles about the sinking of the La Conte prior to publication of The Last Run. The Defendants deny the remaining facts alleged in paragraph 100.

101.    Denied.

102.    Denied.

103.    Denied.

103a.  Denied.

104.    The Defendants incorporate by reference their responses to paragraphs 1 through 103a above.

104a.  Denied.

105.    Denied.

106.    Denied.

107.    Denied.

108.    Denied.

**Davis Wright Tremaine LLP**
LAW OFFICES
Suite 800 · 701 West 8th Avenue
Anchorage, Alaska 99501
(907) 257-5300 · Fax: (907) 257-5399

109.    The Defendants incorporate by reference their responses to paragraphs 1 through 108 above.

110.    Denied.

111.    Denied.  By way of further response to paragraph 111, the referenced quotation was not published by the Defendants.

112.    Denied.

113.    Denied.

114.    Denied.

115.    The Defendants incorporate by reference their responses to paragraphs 1 through 114 above.

116.    Answering paragraph 116, the Defendants admit only that The Last Run contains true facts about Plaintiff, and that The Last Run says what it says.  The Defendants refer the Court to the complete text of the book for a full and accurate description of its contents.  The Defendants deny the remaining facts alleged in paragraph 116, and specifically deny that the referenced facts were private facts within the meaning of the law.

116a.   Answering paragraph 116a, the Defendants admit only that The Last Run states that Doyle visited a brothel, and refer the Court to the complete text of the book for a full and accurate description of its contents.  The Defendants deny that paragraph 116a accurately characterizes the content of the book.

**Davis Wright Tremaine LLP**
LAW OFFICES
Suite 800 · 701 West 8th Avenue
Anchorage, Alaska 99501
(907) 257-5300 · Fax: (907) 257-5399

117.   Denied.

118.   Answering paragraph 118, paragraph 118 states legal conclusions to which no response is required.  Insofar as paragraph 118 alleges facts that require a response, all such facts are denied.

119.   Denied.

120.   Denied.

121.   Denied.

122.   Denied.

123.   Answering paragraph 123, the Defendants admit only that the facts about the Plaintiff that are stated in <u>The Last Run</u> are true facts.  The Defendants deny the remaining facts alleged in paragraph 123.

124.   Denied.

125.   Denied.

126.   Denied.

127.   Answering paragraph 127, the Defendants lack information or knowledge sufficient to admit or deny that <u>The Last Run</u> will remain in the "public stream" for decades or for the rest of Plaintiff's life and therefore deny the same.  All other facts alleged in paragraph 127 are denied with the exception that the Defendants admit that <u>The Last Run</u> states true facts about the Plaintiff.

128.   Denied.

Davis Wright Tremaine LLP
LAW OFFICES
Suite 800 · 701 West 8th Avenue
Anchorage, Alaska 99501
(907) 257-5300 · Fax: (907) 257-5399

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**Davis Wright Tremaine LLP**
LAW OFFICES
Suite 800 · 701 West 8th Avenue
Anchorage, Alaska 99501
(907) 257-5300 · Fax: (907) 257-5399

129.    Denied.

130.    Denied.

131.    Answering paragraph 131, the Defendants admit only that <u>The Last Run</u> states true facts about the Plaintiff, that it is available for purchase by the general public, and that it may be available for purchase in the near future.  The Defendants deny that they engaged in any wrongful conduct, and deny that any facts about Doyle that were stated in <u>The Last Run</u> constitute private facts within the meaning of the law.  The remainder of paragraph 131 states legal conclusions to which no response is required.  Insofar as any additional facts are alleged that require a response, all such facts are denied.

132.    Denied.

133.    Denied.

134.    Denied.

135.    Denied.

136.    The Defendants incorporate by reference their responses to paragraphs 1 through 135 above.

137.    Denied.

138.    Answering paragraph 138, the Defendants deny that they were required to obtain any "permission" from Plaintiff as alleged in paragraph 137 and therefore deny the facts alleged in paragraph 138.  By way of further answer to paragraph 138, Doyle

voluntarily provided information to Lewan without condition and with the understanding that it would be used in the book.

      139.   Denied.

      140.   Denied.

      141.   Denied.

      142.   Denied.

      143.   Denied.

      144.   Denied.

      145.   Denied.

      146.   Denied.

      147.   Denied.

      148.   Denied.

      149.   Denied.

      150.   Denied.

      151.   Denied.

      152.   Denied.

      153.   The Defendants incorporate by reference their responses to paragraphs 1 through 152 above.

      154.   Denied.

      155.   Denied.

**Davis Wright Tremaine LLP**
LAW OFFICES
Suite 800 · 701 West 8th Avenue
Anchorage, Alaska 99501
(907) 257-5300 · Fax: (907) 257-5399

156.    Denied.

157.    Denied.

158.    Denied.

159.    Denied.

160.    Denied.

All allegations not specifically admitted are denied.

<u>AFFIRMATIVE AND OTHER DEFENSES</u>

161.    Plaintiff's claims are barred in whole or in part by the statute of limitations or by laches.

162.    Plaintiff is estopped by his conduct from bringing any of the claims in his Complaint since, among other things, he helped promote the book and expressed his approval of it.

163.    Plaintiff has waived the right to bring any claims against the Defendants based on the conduct set forth in the foregoing paragraph 162.

164.    The Plaintiff's claims for defamation and invasion of privacy are barred by the First Amendment to the United States Constitution and by Article I, Section 5 of the Constitution of the State of Alaska.

165.    The statements complained of by Plaintiff in support of his defamation and false light claims constitute statements of opinion and/or rhetorical hyperbole rather than

**Davis Wright Tremaine LLP**
LAW OFFICES
Suite 800 · 701 West 8ᵗʰ Avenue
Anchorage, Alaska 99501
(907) 257-5300 · Fax: (907) 257-5399

statements of fact capable of being proved true or false.  Said matters therefore cannot provide a basis for any recovery by Plaintiff.

166.    Plaintiff will not be able to establish that any statements of fact about the Plaintiff in The Last Run are substantially false.

167.    The statements complained of by Plaintiff are not reasonably susceptible of a defamatory meaning and therefore cannot provide a basis for any recovery by Plaintiff.

168.    The Plaintiff will not be able to establish that any defamatory implication could arise from the statements complained of in The Last Run but, if such a defamatory implication could arise, the Plaintiff will not be able to establish that the Defendants intended the defamatory implication.

169.    The Plaintiff will not be able to establish that the statements complained of by Plaintiff were published with the requisite degree of fault required by the First and Fourteenth Amendments to the United States Constitution and Article I, Section 5 of the Alaska Constitution, and therefore cannot provide a basis for any recovery by Plaintiff.

170.    Plaintiff will not be able to establish that Defendants acted negligently in publishing the statements complained of.

171.    Plaintiff will not be able to establish by clear and convincing evidence that Defendants published the statements complained of with "actual malice" – that is, with knowledge that said matters were false or with serious doubts as to the truth.

**Davis Wright Tremaine LLP**
LAW OFFICES
Suite 800 – 701 West 8ᵗʰ Avenue
Anchorage, Alaska 99501
(907) 257-5300 · Fax: (907) 257-5399

172.    Plaintiff's claims are barred, in whole or in part, because the conduct of Defendants was reasonable, legally justified, and/or privileged.

173.    Plaintiff will not be able to establish that Defendants acted with actual malice and common law malice and therefore Plaintiff is not entitled to punitive damages.

174.    Punitive damages are barred by the First Amendment to the United States Constitution, by Article I, Section 5 of the Constitution of the State of Alaska, and by AS 09.17.020.

175.    Plaintiff will not be able to establish that he was falsely portrayed in the book.

176.    Plaintiff will not be able to establish that any false portrayal is highly offensive.

177.    Plaintiff will not be able to establish that any false portrayal was published by Defendants with actual malice.

178.    Any noneconomic damages sought by Doyle are limited as provided in AS 09.17.010.

179.    Plaintiff's tort claims against the Defendants are barred in whole or in part by Plaintiff's own fault, and the fault of Plaintiff and any other responsible parties must be apportioned under AS 09.17.080.

180.    Plaintiff's unjust enrichment claim is barred by the doctrine of unclean hands.

181.    Plaintiff is a public figure for purposes of the matters discussed in <u>The Last Run</u>, and such matters are of substantial public importance and of legitimate public concern.

182.    Although Plaintiff's consent was not required for use of the materials and information he provided to Lewan, Plaintiff consented to use of those materials and information in <u>The Last Run</u>.

183.    There was no agency relationship between the Defendants.

184.    The Plaintiff's Amended Complaint fails in whole or in part to state a claim upon which relief can be granted.

/

/

/

/

/

/

/

/

**Davis Wright Tremaine LLP**
LAW OFFICES
Suite 800 · 701 West 8th Avenue
Anchorage, Alaska 99501
(907) 257-5300 · Fax: (907) 257-5399

WHEREFORE, the Defendants pray for the following relief:

A.    That the Plaintiff's Amended Complaint be dismissed with prejudice and that the Plaintiff recover nothing;

B.    That the Defendants be awarded their costs and attorney's fees incurred in conjunction with this matter.

C.    For such other and further relief as this Court deems just and equitable.

Dated this 13th day of October, 2006.

DAVIS WRIGHT TREMAINE LLP
Attorneys for Defendants


By:___s/ Eric J. Jenkins_____
Jon S. Dawson, ABA # 8406022
Eric J. Jenkins, ABA# 0011078
701 W. 8th Ave., Suite 800
Anchorage, AK  99501
Phone: (907) 257-5300
Fax: (907) 257-5399
jondawson@dwt.com
ericjenkins@dwt.com

Certificate of Service:

I certify that on October 13, 2006, a true and correct copy of the foregoing Answer was served electronically on:

Michael Hough
3733 Ben Walters Lane #2
Homer, Alaska  99603

   s/ Janet Eastman
Janet Eastman

**Davis Wright Tremaine LLP**
LAW OFFICES
Suite 800 · 701 West 8th Avenue
Anchorage, Alaska  99501
(907) 257-5300 · Fax: (907) 257-5399

DEFENDANTS' ANSWER TO AMENDED COMPLAINT - 24
ANC 109471v1 3960028-7