## DEFENDANTS' LIST OF DISPUTED ISSUES OF FACT AND LAW

1. Whether the statements about Doyle in The Last Run which Doyle alleges are false are true.

2. Whether such statements are capable of being proven true or false.

3. Whether such statements are statements of opinion or rhetorical hyperbole.

4. Whether such statements lowered his reputation in the community.

5. Whether Doyle took cigarettes, beer or any other property from the U.S. Coast Guard without paying for it.

6. Whether Doyle has incurred debts that he has failed to pay.

7. Whether Doyle has suffered any special damages as a result of any allegedly false statements in The Last Run.

8. Whether Doyle has been prevented from obtaining managerial employment as a result of such statements.

9. Whether Doyle's employment record has prevented Doyle from obtaining managerial employment.

10. Whether any allegedly false statements made about Doyle in The Last Run are defamatory.

11. Whether any allegedly false statements made about Doyle in The Last Run are defamatory per se.

12. Whether Doyle had a good reputation in the community prior to publication of The Last Run.

13. Whether any allegedly false statements about Doyle in The Last Run are substantially false.

14. If any allegedly false statements about Doyle are shown to be substantially false, whether the defendants were negligent in publishing such false statements.

15. If any such statements are shown to be substantially false, whether the defendants acted with actual malice in publishing such statements.

16. In any such statements are shown to be substantially false, whether the true facts are more harmful than those stated in the book.



EXHIBIT A
Page 1 of 4

17. Whether a reader of <u>The Last Run</u> would conclude that the Defendants endorsed the defamatory implication, if any, of such statements.

18. Whether Doyle is a public figure or limited purpose public figure.

19. Whether <u>The Last Run</u> addresses a matter of public concern.

20. Whether Doyle suffered any economic or pecuniary damages as a result of allegedly false statements made about him in <u>The Last Run</u>.

21. Whether Doyle was portrayed in a false light by allegedly false statements in <u>The Last Run</u> and, if so, whether the false light in which Doyle was portrayed would be highly offensive to a reasonable person.

22. Whether Doyle has suffered any other damages as a result of alleged defamation or alleged false light in connection with publication of <u>The Last Run</u>.

23. Whether, with respect to Doyle's false light claim, the statements upon which he bases that claim convey substantially false facts about Doyle.

24. If Doyle demonstrates that he was portrayed in a false light by such statements, then whether the Defendants had knowledge of, or acted in reckless disregard as to, the falsity of the publicized matter and the false light in which Doyle would be placed.

25. If Doyle demonstrates that he was portrayed in a false light by such statements, then whether Doyle has suffered any emotional harm as a result of publication of <u>The Last Run</u>.

26. Whether any true facts about Doyle that were disclosed in <u>The Last Run</u> were private facts within the meaning of the tort of public disclosure of private facts.

27. Whether any private but true facts about Doyle that were disclosed in <u>The Last Run</u> would be highly embarrassing to a reasonable person.

28. Whether any private but true facts about Doyle that were disclosed in <u>The Last Run</u> were actually highly embarrassing to Doyle.

29. Whether Doyle can bring a claim for public disclosure of facts that are a matter of public record.

30. Whether Doyle can bring a claim for public disclosure of facts that he did not keep private.

31. Whether any private but true facts about Doyle that were disclosed in <u>The Last Run</u> are of legitimate concern to the public.

32. Whether Lewan intruded upon the seclusion of Doyle.

33. What is the place, conversation, or data source that Doyle alleges was intruded upon by Defendants.

34. Whether Doyle had an expectation of seclusion or solitude in the place, conversation, or data source that he alleges was intruded upon by the Defendants.

35. Whether Lewan promised that he would not use the material that Doyle provided in their various interviews without the permission of Doyle.

36. Whether any acts alleged by Doyle to constitute an intrusion upon his seclusion would be highly offensive to a reasonable person.

37. If Doyle proves that Lewan promised not to disclose certain material provided by Doyle, then whether Lewan obtained substantially the same information from other persons.

38. Whether Doyle suffered any damages as a result of the alleged intrusion upon his seclusion.

39. Whether Lewan made any promise to Doyle to induce Doyle to grant him interviews or provide personal information.

40. Whether, if Lewan made any promise to Doyle to induce Doyle to grant him interviews or provide personal information, Lewan broke that promise.

41. If Lewan made and then broke any promise to Doyle, then whether Lewan's broken promise was the cause of any damages Doyle claims to have suffered.

42. Whether any promise allegedly made by Lewan was sufficiently definite and certain to give rise to a contract.

43. Whether Lewan acted as the agent of HarperCollins.

44. Whether Doyle's claims are barred by the First Amendment to the United States Constitution and/or by Art. I, Sec. 5 of the Constitution of the State of Alaska.

45. Whether any statements about Doyle in <u>The Last Run</u> are protected by the neutral reporting privilege or other applicable privileges

46. Whether statements about Doyle that are shown to be false, if any, were published with the degree of fault required by the First and Fourteenth Amendments to the United States Constitution and Article I, Section 5 of the Alaska Constitution to sustain a claim against the Defendants.


EXHIBIT A
Page 3 of 4

47. Whether Doyle's claims are barred in whole or in part by laches or the applicable statute of limitations.

48. Whether Doyle is estopped to bring the claims he asserts in this action due to his expressions of approval for <u>The Last Run</u> and his efforts to promote sales of the book.

49. Whether Doyle's tort claims are barred in whole or in part by Plaintiff's own negligence or other fault.

50. Whether the doctrine of unclean hands bars Plaintiff's unjust enrichment claim.

51. Whether Lewan made any promises to compensate Doyle.

52. Whether Lewan promised to permit Doyle to review the book prior to publication.