**C. MICHAEL HOUGH**
Attorney at Law
3733 Ben Walters Lane, #2
Homer, Alaska 99603
Telephone: (907) 235-8184
Fax: (907) 235-2420
Attorney for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE STATE OF ALASKA

| | |
|---|---|
| ROBERT DOYLE,<br><br>                              Plaintiff, | DOYLE'S DISPUTED ISSUES OF FACT AND LAW |
| vs. | |
| HARPERCOLLINS PUBLISHERS, LLC. and TODD LEWAN,<br>                              Defendants. | Case No.: 3:05-cv-300 |

The following list of disputed facts are based on a review of Defendant's answer. They are lengthy and detailed because the denials by Defendants of Plaintiff Doyle's allegations are detailed. There are also several alternative claims:

1. Whether Defendant HarperCollins Publisher, LLC., together with author Defendant Todd Lewan, are responsible for and liable to Doyle for wrongful, libelous, defamatory, negligent, and/or reckless acts of Defendant Todd Lewan regarding to the claims made in this case by Doyle against Defendants, or either of them, regarding contents of *The Last Run*, as well as for the actions of its own employees, agents, and others acting at its direction or on its behalf regarding Doyle's claims, as well as for the actions of the agents, employees, representatives, distributors, promoters, advertisers, and book stores promoting *The Last Run* acting on behalf of or at the direction of Defendant HarperCollins and/or Defendant Todd Lewan.

C. MICHAEL HOUGH
Attorney at Law
3733 Ben Walters Lane, Ste 2
Homer, Alaska 99603
Tel: (907) 235-8184
Fax: (907) 235-2420

DOYLE'S DISPUTED ISSUES OF FACT
AND LAW

EXHIBIT B
Page 1 of

2. Whether Defendant publisher HCP and its author, Defendant Todd Lewan, indicated to the public in *The Last Run,* beyond only what is stated in *The Last Run* itself,

    a)  that four years of thorough research and writing *The Last Run* occurred prior to the publishing, promotion, marketing and distribution by Defendants of the book *The Last Run;*

    b)  that *The Last Run* was thoroughly researched prior to its writing, publication, marketing and distribution;

    c)  that *The Last Run* "... is a work of non-fiction – unlike a novel, none of the characters, situations and places described in (the) book is imaginary ... .";

    d)  that the contents of their non-fiction book, *The Last Run,* are completely accurate;

    e)  that efforts were made to accurately reconstruct the dialogue and events in *The Last Run;*

    f)  that all of the statements, dialog and contents of *The Last Run* are absolutely true;

    g)  that all efforts were made by Defendants in writing, editing, researching, publishing, distribution and marketing *The Last Run* to write an absolutely true book; that nothing beyond what was verifiable and documented was added;

    h)  that the dialogue in *The Last* Run was reconstructed as carefully and completely as possible, using official reports, court, (sic) papers, personal letters, diaries and audiotapes, and by cross-checking the recollections of people who took part in the conversations;

    i)  that Doyle, as an individual who boarded the La Conte for its last run or trip was an "end of the roader"; "misfit"; "unsavory, troubled man"; an alcoholic seeking redemption from his life;

C. MICHAEL HOUGH
Attorney at Law
3733 Ben Walters Lane, Ste 2
Homer, Alaska 99603
Tel: (907) 235-8184
Fax: (907) 235-2420

DOYLE'S DISPUTED ISSUES OF FACT
AND LAW

EXHIBIT __B__
Page __2__ of____

3. Whether the statement and representation by Defendants referenced in paragraph 2 are false and/or misleading statements;

4. Whether Defendants marketed, advertised and promoted *The Last Run* to the public by stating it was a non-fiction book about "the catch of a lifetime" that caused five down-on-their-luck fisherman on the La Conte, including Doyle, to risk one last run to extremely dangerous fishing grounds; that Doyle and the others on the La Conte had 'hit the motherload,' while fishing the La Conte, "an incredible haul, one that would bring huge profits and respect to them back in port, such an incredible catch that its weight helped to sink the boat."

5. Whether the statements made by Defendants describing Doyle as referenced in paragraphs 2(i) and 3 above were made to support or as a central part of Defendants' theme or storyline for *The Last Run.*

6. Whether statements by Defendants were intended by them to include Doyle in such descriptions of the characters in *The Last Run* as an "end of the roader", "misfit", "an unsavory, troubled man" and his motivation for fishing on the La Conte for the fateful trip.

7. Whether Defendants portrayed Doyle in *The Last Run*, beyond only what is stated in *The Last Run itself,*

   a) as a man who heard voices and rustlings and sobbings in his mind and had to tell himself not to turn around when he heard the sobbing, hoping for a day when the echoes would die;

   b) as a man who regularly drinks alcohol inappropriately in public, such as drinking warm beer alone from the town's (Sitka, Alaska) bridge;

   c) as a misfit in society;

C. MICHAEL HOUGH
Attorney at Law
3733 Ben Walters Lane, Ste 2
Homer, Alaska 99603
Tel: (907) 235-8184
Fax: (907) 235-2420

DOYLE'S DISPUTED ISSUES OF FACT AND LAW



d) as someone who "scuttles about the decks like a roach looking for broken pots to fix";

e) as a man who is a bum;

f) as a man who gazes like a human vegetable, such as by aimlessly and obsessively reading the same monument inscriptions repeatedly, and otherwise is a mentally and emotionally disturbed person;

g) as a man who is almost unemployable;

h) as a "crummy Catholic";

i) as a man to whom drinking alcohol was much more important than his religion and that Doyle never did think much of religion anyway;

j) as a man who was forced, required, and/or dishonorably discharged from the Coast Guard and that Doyle did not actually retire from the Coast Guard;

k) as an incompetent Coast Guard Officer;

l) as an undeserving Coast Guard Officer,

m) as a dishonest Coast Guard officer;

n) as a man who did not pay his debts even though Doyle agreed to pay such obligations;

o) as a man that the Coast Guard would not provide a job recommendation, "even if he applied for a ticket taker's job at the circus";

p) as a man who did not care about himself, and did not understand why others would care about him;

q) as a coward;

r) as a man who was unemployable or marginally employable;

C. MICHAEL HOUGH
Attorney at Law
3733 Ben Walters Lane, Ste 2
Homer, Alaska 99603
Tel: (907) 235-8184
Fax: (907) 235-2420

DOYLE'S DISPUTED ISSUES OF FACT
AND LAW

EXHIBIT B
Page 4 of

s)  as a man who had gotten so drunk he collapsed in a backyard;

t)  as a man whose wife had gone to bed/had extra-marital sexual encounters with a person known to Doyle;

u)  as a man who committed and thought about his own infidelities, including but not limited to "that leave in Valparaiso, when (Doyle) and the other officers on the icebreaker Polar Star had blown a month's pay in three nights at that brothel";

v)  as a man that the hospital in Sitka called at work and told him that his wife was having her stomach pumped, for what is suggested by Defendants as a suicide attempt;

w)  as a man who kept a flask of alcohol in his pocket;

x)  as a person who figured out all of his important decisions while he was having a whiskey;

y)  as a man whose wife was having an affair and had been for a lengthy period of time;

z)  as a man who beat or is accused of beating his wife;

aa) as a man who began skipping work to follow his wife around town, hoping to catch her and her boyfriend in a lustful act;

bb) by reference to numerous statements of specific information regarding his wife's infidelities;

cc) as a man who lived and worked where "everyone" in Sitka, except himself, seemed to know his wife was cheating on him and the specific facts regarding her infidelities to him;

dd) as a man who was a practicing alcoholic;

C. MICHAEL HOUGH
Attorney at Law
3733 Ben Walters Lane, Ste 2
Homer, Alaska 99603
Tel: (907) 235-8184
Fax: (907) 235-2420

DOYLE'S DISPUTED ISSUES OF FACT
AND LAW



ee) as a man who regularly stole valuable inventory from his employer, including stealing a couple of cases of beer and cigarettes and a bottle of hard liquor from the Coast Guard and "polish" them off at home, even as often as daily;

ff) as a man who drank on board the La Conte at sea, and who drank alcohol while actively commercial fishing;

gg) as an unfit, irresponsible and/or undependable father to his children;

hh) whose wife had her stomach pumped stating misleading reasons such event occurred;

ii) as a person who would take such a high risk for the stated purpose when, in fact, filling the La Conte with the targeted bottomfish on the trip would barely have covered expenses with a modest crew share, and whether Defendants knew that Doyle took the voyage on the La Conte in order to have a steady paying tendering job and halibut job on the La Conte later in the year;

jj) that Doyle stole significant and valuable inventory from his employer, a serious crime;

kk) that Doyle was not fit to perform as an officer in the Coast Guard or perform business related management functions, or do so honestly, reliably, competently, or without mental instability or personal defects;

ll) that Doyle commercially fished for black cod near Sitka, Alaska, on or about January 15, 1998, and caught 1,000 pounds of black cod;

8. Whether the commercial fishing by Doyle as represented by Defendants as true is a serious crime and, if so, whether such criminality is commonly and easily known to a large segment of the public, particularly those members of the public who live in Southeast Alaska, or

C. MICHAEL HOUGH
Attorney at Law
3733 Ben Walters Lane, Ste 2
Homer, Alaska 99603
Tel: (907) 235-8184
Fax: (907) 235-2420

DOYLE'S DISPUTED ISSUES OF FACT
AND LAW

EXHIBIT B
Page 6 of

who commercially fish in Alaska, or fish halibut or black cod in Federal waters off Alaska,

Washington, Oregon, or off the West coast of Canada, as well as consumers of black, cod,

particularly those in Japan and other markets for black cod.

9. Whether Defendants negligently constructed dialog and made statements that were false

and defamed Doyle regarding his employment abilities and practices, effects of his actions, both

business as well as personal.

10. Whether the published statements by Defendants regarding Doyle as referenced in

paragraphs 2(i) and 7 above were false, libelous and defamatory statements or if true private

highly embarrassing facts and made in breach of duties owed Doyle.

11. Whether the daughter and son of Doyle, as well as friends and associates of Doyle,

including fellow former or current Coast Guard members, neighbors, business contacts, potential

employers, relatives, family, and others who thought they knew Doyle well, and the public in

general, have read or heard, or will in the future read or hear, of *The Last Run* and of the false and

defamatory statements or if true private highly embarrassing facts made by Defendants regarding

Doyle.

12. Whether the daughter and son of Doyle, as well as the personal friends, fellow Coast

Guard members, potential employers, and business associates of Doyle, as well as residents of

Alaska, New Hampshire, Vermont, and the public in general now question or will in the future

question the honesty, business reputation, lawfulness, personal reputation, character, integrity,

actions, reliability, fidelity, freedom from sexually transmitted diseases, effects of his actions, and

the managerial reputation and abilities of Doyle because of the false and defamatory contents of

*The Last Run* regarding Doyle.

C. MICHAEL HOUGH
Attorney at Law
3733 Ben Watters Lane, Ste 2
Homer, Alaska 99603
Tel: (907) 235-8184
Fax: (907) 235-2420

DOYLE'S DISPUTED ISSUES OF FACT
AND LAW



EXHIBIT B
Page 7 of ____

13. Whether Defendants were or should have been aware of the seriousness and harm to Doyle of the statements, inferences and representations regarding Doyle set forth above when presented to the public as "absolutely" true, "completely" accurate, verifiable, and thoroughly researched and documented, and representing to the public that nothing is in *The Last Run* is imaginary, reconstructed or made up by Defendants.

14. Whether Defendants were or should have been aware of the seriousness of Defendants' presentation to the public of dialog and facts as true regarding the honesty, managerial skills, lawfulness, employability, personal reputation, and business reputation of Doyle, and the likeliness and foreseeability of harm caused Doyle by such actions by the false and defamatory statements or inferences by Defendants regarding Doyle.

15. Whether the untrue and defamatory statements by Defendants described above have harmed and will continue in the future to harm the business and personal reputation of Doyle and whether they have deterred and will in the future deter third persons from associating, hiring or dealing with Doyle.

16. Whether false and defamatory statements in *The Last Run* will remain in the public stream for decades and certainly the rest of Doyle's remaining life.

17. Whether *The Last Run* contains serious violations of the important public policy that individuals such as Doyle are entitled to their privacy and should be free to enjoy their reputations unimpaired by false or defamatory statements or suggestions of impropriety.

18. Whether Doyle believes he is now, and will in the future be, a shunned, discredited and emotionally troubled man due to the wrongful, negligent and/or reckless acts of Defendants as alleged, and whether such actions by Defendants have caused Doyle emotional harm, pain, suffering, worry, grief, losses, damages, expenses, concerns and fears.

C. MICHAEL HOUGH
Attorney at Law
3733 Ben Walters Lane, Ste 2
Homer, Alaska 99603
Tel: (907) 235-8184
Fax: (907) 235-2420

DOYLE'S DISPUTED ISSUES OF FACT                    Page 8 of 21
AND LAW

19. Whether the defamatory statements as alleged have created significant harm to Doyle's personal and business reputation and have caused him considerable difficulties obtaining managerial employment, which will continue to harm him in the future.

20. Whether Defendants knew or should have known that Doyle objected to Defendants making any of the false or misleading statements, inferences or representations set forth above, as well as objected to Defendants disclosing to the public any of the information, circumstances or facts set forth above if true.

21. Whether Defendant Todd Lewan had written various articles in publications regarding the sinking of the La Conte prior to publication of *The Last Run*, in which he made false statements regarding Doyle, including Defendant Lewan indicating falsely that he had talked to Doyle regarding such events and statements concerning Doyle.

22. Whether Defendant Todd Lewan was contacted by Doyle and informed and warned by Doyle that Defendant Todd Lewan and his publishers, identified at that time by Defendant Todd Lewan as Defendant HarperCollins, must not make any such false, defamatory, or misleading statements regarding Doyle in *The Last Run*; that Defendants must be very careful not to defame Doyle; and that if Doyle did provide Defendants with any interviews, information, photographs, or other items regarding Doyle, including background information in discussions between Defendant Todd Lewan and Doyle regarding Doyle, his family, employment, and other information of a personal, private embarrassing, humiliating, degrading, offensive, or potentially harmful nature, as requested by Defendant Todd Lewan for background information only and never to be made public or disclosed in *The Last Run*, then in return, for such interviews and information, Defendant Todd Lewan, for himself and on behalf of Defendant HarperCollins, the publisher for The Last Run story, promised, swore, agreed and guaranteed Doyle that nothing contained in *The Last Run*

C. MICHAEL HOUGH
Attorney at Law
3733 Ben Walters Lane, Ste 2
Homer, Alaska 99603
Tel: (907) 235-8184
Fax: (907) 235-2420

DOYLE'S DISPUTED ISSUES OF FACT
AND LAW

EXHIBIT B
Page 9 of

regarding Doyle, his family, employment or life would be untrue, inaccurate, or misleading, and specifically that absolutely nothing of a private, personal, embarrassing, humiliating, degrading, or offensive nature regarding Doyle, his former wife, his parents, or his children would be contained in *The Last Run*; and further, did Defendant Lewan agree and promise specifically that Defendants would provide Doyle an opportunity prior to publication of *The Last Run*, as the book came to be called, to review, correct, or delete objectionable information Defendants obtained from Doyle or as a result of the information Doyle provided Defendants.

23. Whether Defendants, by Defendant Todd Lewan for himself and on behalf of Defendant HarperCollins, assured Doyle that none of the information Defendants received from Doyle as a result of any interviews with Doyle would be used by Defendants in *The Last Run* without obtaining Doyle's release and permission to do so, release and permission which was never given Defendants by Doyle.

24. Whether Defendants, knowing of Doyle's objections, distributed the paperback version of *The Last Run* without making corrections of wrongful statements, in breach of duties owed Doyle.

25. Whether at the time Defendants released for sale, and marketed, advertised, promoted,, and distributed the paperback version of *The Last Run* in July of 2005, Defendants knew or should have known that the statements contained in *The Last Run* and referenced in Doyle's amended complaint were false and defamatory or invaded the privacy of Doyle as alleged in his amended complaint.

26. The extent and manner in which Doyle has been harmed and has suffered actual and special damages, and damages per se, and will continue to suffer such damages in the future, as a direct and proximate result of the negligent and false publication by Defendants to the public of

C. MICHAEL HOUGH
Attorney at Law
3733 Ben Walters Lane, Ste 2
Homer, Alaska 99603
Tel: (907) 235-8184
Fax: (907) 235-2420

DOYLE'S DISPUTED ISSUES OF FACT
AND LAW

Page 10 of 21

EXHIBIT  B
Page  10  of ____

the defamatory, libelous, untrue, non-privileged statements made and published to the public regarding Doyle in *The Last Run*.

27. The extent and amount to which Doyle is entitled to punitive damages and what amount.

28. Whether Defendants in *The Last Run* gave publicity to matters concerning Doyle that place him before the public in a false light.

29. Whether Defendants have portrayed Doyle to the public in a false light

30. Whether in breach of duties owed Doyle, the publicity given by Defendants in *The Last Run* regarding matters concerning Doyle placed Doyle before the public in a false light, even if not defamatory, was and is highly offensive to a reasonable person, including Doyle, his family, son, daughter, mother, friends, acquaintances and other reasonable people, proximately causing Doyle emotional, psychological and mental distress, worry, fright, embarrassment, as well as special damages, damages per se, loss of employment opportunities and all other losses, injuries and damages.

31. Whether Defendants had knowledge of and/or acted in reckless disregard as to the falsity of the publicized false statements, inferences, suggestions and inferences and to the false light in which Doyle is placed before others.

32. Whether Doyle has been harmed by and is entitled to receive payment from Defendants by Defendants portraying Doyle to the public in a false light, including Doyle's mental distresses suffered by Doyle which are of kinds that normally result from such invasions, and all special damages of which such invasion is a legal cause.

33. Whether the statements by Defendants set forth in Paragraphs 37,42 to 44, and 51 to 53, as well as paragraph 38 in Doyle's amended complaint except as to the knowledge or

C. MICHAEL HOUGH
Attorney at Law
3733 Ben Walters Lane, Ste 2
Homer, Alaska 99603
Tel: (907) 235-8164
Fax: (907) 235-2420

DOYLE'S DISPUTED ISSUES OF FACT                    Page 11 of 21
AND LAW

EXHIBIT __B__
Page __11__ of ____

involvement of Doyle, are private, humiliating and embarrassing facts and disclose to the public private, intimate details of Doyle's life, family, marriage, and alcoholism; made private facts regarding Doyle's use of alcohol; the difficulties Doyle experienced with the Coast Guard and his superior officer; the facts regarding the infidelities and other sexual activities of Doyle's former wife; Doyle's mental condition, stress and his mental and emotional difficulties and problems; his financial problems; his employment problems; his visit to a whore-house for three days, and other subjects of a personal private, humiliating, embarrassing and degrading nature regarding Doyle and contained in *The Last Run* or in the marketing of *The Last Run.*

34. Whether the actions of Defendants violated and invaded Doyle's rights of privacy by disclosing private though true facts regarding Doyle to the public concerning Doyle's business character; his personal and business integrity, honesty, sobriety, actions, occupational practices, lawfulness, religious beliefs, effects of his actions; his sexual relationships, conduct and practices; his marriage, and family and otherwise subject Doyle to ridicule, embarrassment, humiliation, worry, fright, mental anguish and scorn, when such depictions and inferences are true but private, injuring him personally and in his business enterprises and have caused Doyle to suffer severe emotional and mental distress and worry.

35. Whether in violation of duties owed Doyle, Defendants unreasonably and seriously interfered with Doyle's interests in not having true but highly offensive, humiliating, and embarrassing private facts known to others, including the public, by publishing such private facts regarding Doyle.

36. Whether the intrusions and disclosures to the public of such true but private facts were highly offensive to Doyle, his daughter, his son, his family, friends and other reasonable persons.

C. MICHAEL HOUGH
Attorney at Law
3733 Ben Walters Lane, Ste 2
Homer, Alaska 99603
Tel: (907) 235-8184
Fax: (907) 235-2420

DOYLE'S DISPUTED ISSUES OF FACT
AND LAW

EXHIBIT __B__
Page __12__ of _____

37. Whether intrusions, publications and disclosures to the public of the true but private facts were done in an unreasonable manner and/or for unwarranted and wrongful purposes.

38. Whether the intrusions, publications, and disclosures were legitimate concerns to the public.

39. Whether Defendants have wrongfully, and in breach of duties owed Doyle, intruded into the private life and activities of Doyle by wrongfully disclosing to the public and giving publicity to the life of Doyle regarding private true facts concerning the private life of Doyle in a manner that would be highly offensive to a reasonable person and outrage and offend a person of ordinary sensibilities and caused Doyle shame, humiliation and embarrassment.

40. Whether Defendants were or should have been aware of the seriousness of Defendants' presentation, publication, promotion, advertisements, interviews, trade releases and announcements and distribution to the public of dialog, statements, inferences, suggestions and facts as true regarding private facts of Doyle concerning the honesty, managerial skills, lawfulness, employability, personal reputation, sobriety, domestic facts, business reputation and sexual matters regarding Doyle and his family, and the likeliness and foresee ability of harm caused Doyle by such actions.

41. Whether the disclosures to the public of the true but private facts by Defendants have harmed and will continue in the future to harm the business and personal reputation of Doyle and deterred and in the future deter third persons from associating, hiring or dealing with Doyle, and cause Doyle humiliation, embarrassment, emotional and psychological injuries, together with worry, fright, depression and feelings of vulnerability and loss of control of Doyle's life.

C. MICHAEL HOUGH
Attorney at Law
3733 Ben Walters Lane, Ste 2
Homer, Alaska 99603
Tel: (907) 235-8184
Fax: (907) 235-2420

DOYLE'S DISPUTED ISSUES OF FACT
AND LAW

EXHIBIT __B__
Page __13__ of _____

42. Whether the publication and disclosure to the public by Defendants of true but private facts regarding Doyle were legitimate concerns to the public and, if not, would be highly offensive to a reasonable person.

43. Whether *The Last Run* contains serious violations of the important public policy that individuals such as Doyle are entitled to their privacy and should be free to enjoy their privacy unimpaired by the unauthorized publication and disclosure to the public of true but private, embarrassing and highly offensive information which is not a legitimate concern to the public.

44. Whether Doyle believes he is now, and will in the future be, a shunned, discredited and mentally troubled man due to the wrongful, negligent and/or reckless acts of Defendants regarding public disclosures of private true facts and whether such actions by Defendants have caused Doyle emotional harm, pain, suffering, worry, grief, losses, damages, expenses, concerns and fears.

45. Whether the wrongful disclosure of true but private facts by Defendants have created significant harm to Doyle's personal and business reputation and have caused him considerable difficulties obtaining managerial employment, which will continue to harm him in the future.

46. Whether the wrongful disclosure of true but private facts by Defendants were non-privileged publications to third parties, and in this case to the public in general, and whether such publication will continue in the future.

47. Whether Defendants knew or should have known that Doyle objected to Defendants making public or publishing any of the disclosures, inferences or representations regarding Doyle as referred to in this action.

48. The extent and manner in which Doyle has been harmed and has suffered actual and special damages, and damages per se, and will continue to suffer such damages in the future, as a

C. MICHAEL HOUGH
Attorney at Law
3733 Ben Watters Lane, Ste 2
Homer, Alaska 99603
Tel: (907) 235-8164
Fax: (907) 235-2420



EXHIBIT  B

Page  14  of _____

direct and proximate result of the publication to the public of the non-privileged, private but true statements of a highly offensive nature.

49. Whether Doyle is entitled to punitive damages, and the amount of such damages regarding public disclosure of private facts.

50. Whether Doyle gave Defendants or either of them permission.

51. Whether Defendant Todd Lewan informed Doyle that Defendant HarperCollins refused to wait for the required permission and release by Doyle referred to this in this case since Defendant significant profits were being lost by Defendants and that considerable expenses were being incurred by Defendants because of delay in publication and sale of *The Last Run* by Defendants.

52. Whether Defendant Todd Lewan, for himself and Defendant HarperCollins regarding *The Last Run*, promised Doyle that Doyle's photograph and any information Defendant Todd Lewan received from Doyle as a result of interviews, correspondence and discussions with Doyle regarding Doyle's personal life, information regarding Doyle's family, former wife, friends, employment, drinking, emotional difficulties, and any other information Defendant received from Doyle of any nature would not be used in *The Last Run* by Defendant Todd Lewan or by Defendant HarperCollins without Doyle's permission or to harm him.

53. Whether Defendants breached any promises to Doyle.

54. Whether Doyle contacted Defendant Todd Lewan following publication by Defendants of *The Last Run* and informed Defendant Todd Lewan that *The Last Run* contained defamatory material regarding Doyle, and that *The Last Run* contained highly personal and embarrassing information Doyle provided Defendant Todd Lewan which Defendant Todd Lewan swore to Doyle would never be used by Defendants in *The Last Run* and otherwise portrayed Doyle to the

C. MICHAEL HOUGH
Attorney at Law
3733 Ben Walters Lane, Ste 2
Homer, Alaska 99603
Tel: (907) 235-8184
Fax: (907) 235-2420

DOYLE'S DISPUTED ISSUES OF FACT                                    Page 15 of 21
AND LAW

EXHIBIT B
Page 15 of

public in a false light or in a humiliating, highly offensive manner, and that Defendants' actions were in breach of Defendants' promises to Doyle, did Defendant Todd Lewan then inform Doyle that Defendant HarperCollins refused to comply with Defendant Todd Lewan's promises to Doyle because Defendants' printing of *The Last Run* was behind schedule at the time of publication of *The Last Run* and that Defendant Todd Lewan was "in trouble" with Defendant HarperCollins and therefore Defendant HarperCollins published *The Last Run* without the required permission of Doyle, for which Defendant Todd Lewan apologized to Doyle and asked forgiveness for harming Doyle who had been so helpful to Defendant Todd Lewan regarding *The Last Run*.

55. The extent and manner in which Doyle has been damaged by the wrongful and unauthorized actions of Defendants, including lost income, lost income opportunities, and the medical and medically related costs associated with the emotional and mental damages Doyle has suffered, as well as worry, fright, embarrassment, depression, and other emotional and mental damages.

56. Whether Defendants intentionally invaded Doyle's privacy by intrusion upon his seclusion and solitude of Doyle and/or his private affairs or concerns , doing so by subterfuge, trickery, deception, untruthfulness , misrepresentations of intent and use of information received from Doyle or regarding Doyle of a highly personal, humiliating, and embarrassing nature, making the intrusion itself wrongful, in addition to the publication and use of such information in that Defendants improperly induced Doyle to provide such information and otherwise intrude upon his seclusion by deception, lying, misrepresentation, false promises, and assurances, which he would not have provided but for such promises of Defendants.

C. MICHAEL HOUGH
Attorney at Law
3733 Ben Walters Lane, Ste 2
Homer, Alaska 99603
Tel: (907) 235-8184
Fax: (907) 235-2420

DOYLE'S DISPUTED ISSUES OF FACT
AND LAW

Page 16 of 21



EXHIBIT  B
Page  16  of _____

57. Whether the wrongful actions of Defendants have intruded upon Doyle's physical and mental solitude and seclusion of Doyle and of his private affairs and concerns and were in violation of duties owed Doyle by Defendants.

58. Whether Defendants have intruded upon the solitude and seclusion of Doyle and his and his private affairs and concerns in that the interviews and other information voluntarily provided Defendants by Doyle were done contingent upon Defendants keeping their promises regarding such interviews, information and material.

59. The extent and manner in which Doyle has been harmed and has suffered actual and special damages, and damages per se, and will continue to suffer such damages in the future, as a direct and proximate result of the invasion of Doyle's rights of privacy by wrongful intrusion upon the seclusion and solitude of Doyle.

60. Whether the wrongful actions of Defendants were willful and in reckless disregard for the rights of Doyle, as well as in violation of the promises, guarantees and assurances by Defendant Todd Lewan, for himself and on behalf of Defendant HarperCollins, that Defendants would not do so without permission from Doyle, permission which was never given, for *The Last Run*, wrongfully using Doyle's name and likeness for the use and benefit of Defendants in their profitable and highly popular publication, thereby warranting an award of punitive damages in addition to the actual and compensation damages requested.

61. The extent and manner in which Doyle has been damaged by the wrongful and unauthorized actions of Defendants, including lost income, lost income opportunities, and the medical and medically related costs associated with the emotional and mental damages Doyle has suffered, as well as worry, fright, embarrassment, depression, and other emotional and mental damages.

C. MICHAEL HOUGH
Attorney at Law
3733 Ben Walters Lane, Ste 2
Homer, Alaska 99603
Tel: (907) 235-8184
Fax: (907) 235-2420

DOYLE'S DISPUTED ISSUES OF FACT                    Page 17 of 21
AND LAW


EXHIBIT  B
Page  17  of

62. Whether the wrongful actions of Defendants as alleged were willful and in reckless disregard for the rights of Doyle, thereby warranting an award of punitive damages.

63. The extent and manner in which Doyle has been harmed and has suffered actual and special damages, and damages per se, and will continue to suffer such damages in the future.

64. The manner and extent in which Doyle has been harmed and suffered actual and special damages, and damages per se, as a direct and proximate result of the willful misconduct and reckless disregard by Defendants for the rights of privacy of Doyle by Defendants as alleged, and whether Doyle is therefore entitled to punitive damages.

65. Whether Defendants breached their promises and assurances made to Doyle and used information he provided Defendants based on such promises and assurances in an effort to wrongfully obtain financial advantage and enhance their profits, income and opportunities from the sales of *The Last Run.*

66. Whether Defendants have been unjustly enriched by their wrongful actions as alleged, resulting in profits, income and opportunities in an amount unknown at the present time, but in an amount exceeding the net proceeds from the sale of *The Last Run.*

67. Whether Doyle is entitled to payment from Defendants for all profits, income and value of opportunities Defendants have received and will receive in the future because of the wrongful actions of Defendants as alleged in this complaint.

68. Whether Doyle has been harmed and has suffered actual and special damages, and damages per se, and will continue to suffer such damages in the future, as a direct and proximate result of the wrongful acts of Defendants, as a direct and proximate result of the invasion of Doyle's rights of privacy.

C. MICHAEL HOUGH
Attorney at Law
3733 Ben Walters Lane, Ste 2
Homer, Alaska 99603
Tel: (907) 235-8184
Fax: (907) 235-2420

DOYLE'S DISPUTED ISSUES OF FACT
AND LAW

EXHIBIT  B
Page  18  of  _____

69. Whether Doyle has been harmed and suffered actual and special damages, and damages per se, as a direct and proximate result of the willful misconduct and reckless disregard by Defendants for the rights of Doyle by Defendants, and whether Doyle therefore is entitled to punitive damages in an amount to be shown at the time of trial.

### Disputed Issues of Law

The following list of disputed law are based on a review of Defendant's answer:

70. Whether Commercially fishing for black cod as Defendants represented, stated or inferred as alleged above, is a serious crime and would be a particularly egregious crime because doing so on January 15th of a year, is so well-known as approximately two months after and two months before any possible legal fishing opening permitted at the time of publication, or before anywhere in Alaska or in federal waters of Alaska, Washington, Oregon or the West Coast of Canada.

71. Whether Doyle was entitled to freedom from the false statements and defamation by Defendants, or being portrayed to the public in a false light; intrusion upon his seclusion; publication of private but true facts of

        a)  his character;

        b)  his employability;

        c)  his honesty;

        d)  accusations of serious criminal activity when commercially fishing;

        e)  accusations of serious criminal activity, such as an officer, manager, and employee, as well as husband;

C. MICHAEL HOUGH
Attorney at Law
3733 Ben Walters Lane, Ste 2
Homer, Alaska 99603
Tel: (907) 235-8184
Fax: (907) 235-2420

DOYLE'S DISPUTED ISSUES OF FACT
AND LAW

EXHIBIT B
Page 19 of _____

f)  his business and personal reputation, and freedom from all other statements, inferences or representations made by Defendants in *The Last Run* regarding Doyle, true or untrue;

72. Which published statements and marketing statements by Defendants regarding Doyle were non-privileged publications to third parties, and in this case to the public in general.

73. Whether the actions of Defendants meet the level of wrongfulness, reckless disregard for the rights of Doyle, willfulness, and/or carelessness necessary for an award to Doyle for payment by Defendants of exemplary or punitive damages.

74. Whether the false and defamatory statements regarding Doyle by Defendants as set forth herein are in themselves defamations per se and actionable irrespective of special harm, though such special harms caused by such publication do exist, injuries entitling Doyle to recover damages from Defendants.

75. Whether the actions of Defendants are injuries in themselves without the requirement of actual damages, entitling Doyle to recover damages from Defendants.

76. To what extent and on what subjects contained in The Last Run is Doyle a private person or a public persona.

77. What privileges exist regarding the contents of The Last Run.

78. Whether any of the statements by Defendants were accusations or inferences of a serious crime.

Dated this ___14___ day of November, 2006.

MICHAEL HOUGH
Attorney for Doyle
3733 Ben Walters Lane, Suite 2
Homer, Alaska 99603
Phone: (907) 235-8184

C. MICHAEL HOUGH
Attorney at Law
3733 Ben Walters Lane, Ste 2
Homer, Alaska 99603
Tel: (907) 235-8184
Fax: (907) 235-2420

DOYLE'S DISPUTED ISSUES OF FACT
AND LAW

EXHIBIT __B__
Page __20__ of _____

Fax: (907) 235-2420
ABA #7405022

H:\Docs\Wiley\Doyle\doyledisputedfacts.doc

**C. MICHAEL HOUGH**
Attorney at Law
3733 Ben Walters Lane, Ste 2
Homer, Alaska 99603
Tel: (907) 235-6184
Fax: (907) 235-2420

DOYLE'S DISPUTED ISSUES OF FACT
AND LAW

EXHIBIT _B_
Page _21_ of _____